# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 15-255 PA | Date | May 19, 2015 |
|---|---|---|---|

| Present: The Honorable | PERCY ANDERSON, U.S. DISTRICT JUDGE |
|---|---|
| Interpreter | None |

| Stephen Montes Kerr | Not Reported | Brandon Fox, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| (1) Paul Tanaka | Not | | X | (1) Harry Dean Steward | Not | | X |
| (2) William Thomas Carey | Not | | X | (2) Thomas Peter O'Brien | Not | | X |

**Proceedings:**    IN CHAMBERS ORDER

Before the Court is a Motion to Return Case to Randomly Assigned District Judge Based Upon Improper Transfer filed by defendant Paul Tanaka ("Tanaka") (Docket No. 27). Tanaka challenges this Court's acceptance of this action as related to Case No. CR 13-819 PA pursuant to Sections II.I.1. and II.I.2. of General Order 14-03. The issues raised in Tanaka's Motion are so devoid of merit that no further briefing is required. The hearing calendared for June 15, 2015, is vacated.

Contrary to Tanaka's counsel's assertions, nothing in General Order 14-03 requires that the "low number" case be pending at the time of the later-filed action. In fact, Section II.I.2. of General Order 14-03 requires the Clerk to prepare a proposed order to transfer the later-assigned case "to the judge currently assigned the earliest-assigned case." Nothing in that language requires that the "earliest-assigned case" be pending at the time of the transfer of the later-filed action. This Court is "currently assigned the earliest-assigned case" and the acceptance of this action by this Court as a related case is fully consistent with General Order 14-03 and the Central District's related case procedures.

Tanaka's counsel's misreading of a provision of General Order 14-03 concerning circumstances in which a proposed transfer is declined because of the senior status of the proposed transferee judge is completely irrelevant to the transfer of this case. Specifically, that provision, which allows open cases still being handled by the senior judge to be transferred to the judge with the more recent related case, does not require that the "low number" case be pending at the time of the proposed transfer.

The Court therefore denies the Motion. The Court notifies the parties that it requires counsel in criminal actions to comply with Local Civil Rule 7-3's meet and confer requirement prior to the filing of all motions. See Local Criminal Rule 57-1 (applying the Local Civil rules to criminal proceedings when those Rules are "applicable directly or by analogy")

IT IS SO ORDERED.

---