**DECLARATION OF MARGARET L. CARTER**

I, Margaret L. Carter, declare and state as follows:

1.    I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of United States v. Paul Tanaka, et. al., No. CR 15-255-PA.  I am also assigned to the prosecution of a related case, United States v. Thompson, et al., No. CR 13-819-PA (the "Thompson case").  I make this declaration in support of the government's request for a judicial inquiry regarding conflicts of interest that may be posed by the concurrent representation by Paul Hastings LLP ("Paul Hastings") of both defendant William Thomas Carey ("defendant Carey") in this case and also James Sexton ("Sexton"), defendant Carey's alleged coconspirator and a convicted defendant in the related Thompson case.

2.    This case charges defendants Carey and Paul Tanaka with conspiracy to obstruct justice, in violation of 18 U.S.C. § 371, and with obstruction of justice in violation of 18 U.S.C. § 1503(a), in connection with an alleged conspiracy to obstruct a federal investigation into civil rights and public corruption violations by members of the Los Angeles Sheriff's Department.  (Tanaka Docket No. 1.)  The alleged conspiracy relates to the same facts at issue in the Thompson case, and defendants in this case are alleged to have conspired with the Thompson defendants, including Sexton.  (Compare id. with Thompson Docket No. 1)  In addition, defendant Carey is charged in this case with two counts of false declarations in violation of 18 U.S.C. § 1623, in connection with his testimony in two separate trials as a defense witness called by his alleged coconspirators.  (Tanaka Docket No. 1.)

3.   Defendant Carey was arraigned on the indictment in this case on May 14, 2015, at which time attorney Paul Hastings attorneys appeared as his retained counsel of record.  (Tanaka Docket No. 20.)

4.   A copy of the docket sheet for the Thompson case is attached hereto as Exhibit A.  The Thompson indictment is attached hereto as Exhibit B.  The Thompson case was indicted on November 20, 2013.  Sexton made his initial appearance in the case on December 16, 2013, at which time Paul Hastings attorneys appeared as his retained counsel of record.  (Thompson Docket No. 68.)

5.   Sexton's trial was severed from the trial of his six codefendants.  Sexton proceeded to trial on May 13, 2014.  (Thompson Docket No. 362.)  On May 22, 2014, the first Sexton trial ended in a mistrial.  (Thompson Docket No. 383.)  Sexton was retried beginning September 9, 2014 and was convicted on September 16, 2014. (Thompson Docket Nos. 558, 564.)

6.   Sexton's six codefendants were tried separately beginning on May 21, 2014, and were all convicted on July 1, 2014.  (Thompson Docket Nos. 381, 467.)

7.   During all three trials, defendant Carey was called as a defense witness.  During the first Sexton trial, a Paul Hastings attorney elicited one of the allegedly false declarations with which defendant Carey is charged in this case.  (Tanaka Docket No. 1, Count 4.)

8.   At both of Sexton's trials, Paul Hastings attorneys argued, among other things, that Sexton was a "junior deputy" following orders from superior officers, and without full information regarding the activities or knowledge of those superior officers.

9.   Paul Hastings also argued pretrial in the Thompson case that Sexton was following lawful orders from superior officers including defendant Carey.  (E.g., Thompson Docket No. 107 at 1 (Motion to Dismiss) (arguing that Sexton and others were "authorized and supervised by LASD Sheriff Leroy D. Baca, Undersheriff Paul Tanaka, and numerous other high ranking Sheriff's Department officials"), and at 5-17 (mentioning defendant Carey more than a dozen times in the Statement of Facts).)  I have attached as Exhibit C hereto a copy of the Motion to Dismiss (Thompson Docket No. 107) in which this argument is made on Sexton's behalf.

10.   Paul Hastings argued in Sexton's sentencing papers that it would be unfair for Sexton to receive a custodial sentence, in part because more culpable officers including defendant Carey would not be punished.  Paul Hastings noted in a sentencing response brief that the government's sentencing recommendation

> fail[ed] to acknowledge that numerous other LASD deputies engaged in exactly the same conduct as Deputy Sexton, admitted no wrongdoing, and were never charged with any crime," . . . .  Perhaps most significantly, Former Undersheriff Paul Tanaka and Captain Tom Carey both testified that orders given were lawful and they expected them to be followed.  None of these people have been indicted in the year following the instant case filing.

(Thompson Docket No. 689 at 4-5.)  A copy of this sentencing response brief is attached to this declaration as Exhibit D.

11.   Paul Hastings continues to represent Sexton in the Thompson case on appeal, and on issues related to Sexton's bond pending appeal.

12.   At trial in this case, the government will seek to admit coconspirator statements from Sexton, including email evidence.

13.   Before the indictment in this case was returned, Paul Hastings notified the government that he intended to represent defendant Carey if defendant Carey were indicted.  At that time and in subsequent conversations prior to indictment, the government notified Paul Hastings that it believed that it would be a conflict or potential conflict for Paul Hastings both to represent Sexton in the Thompson case and also to represent defendant Carey in any related case.  The government also notified Paul Hastings that it believed that Paul Hastings had a conflict because of the role of a Paul Hastings attorney in eliciting one of the statements that could result in a false declaration charge against defendant Carey.

14.   Paul Hastings attorneys have represented to the government that they have obtained conflict waivers from both defendant Carey and Sexton.  Attorneys for the government have not seen any written waivers from either defendant Carey or Sexton and have not been apprised of the circumstances under which any waivers were made.

15.   I spoke to Paul Hastings attorney Nicholas Begakis on May 19, 2015 and informed him of the government's intention to file a

//
//
//
//
//
//
//
//
//
//

4

request for judicial inquiry re: conflicts.  He informed me that Paul Hastings expected to file a brief regarding the conflict issues by May 27, 2015.  The parties request that the Court set a status conference or hearing on these issues at the earliest convenience of the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 19, 2015.

Margaret L. Carter