STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/7413
     Facsimile: (213) 894-6436
     E-mail:     Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>                  v.<br><br>PAUL TANAKA, and<br>WILLIAM TOM CAREY,<br><br>            Defendants. | No. CR 15-255<br><br>STIPULATION RE: PROTECTIVE ORDER |

## I.    GOVERNMENT'S FACTUAL STATEMENT

     The Indictment in this case alleges that defendants engaged in crimes of Conspiracy in violation of Title 18, United States Code, Section 371; Obstruction of Justice in violation of Title 18, United States Code, Section 1503(a); and False Declarations in violation of Title 18, United States Code, Section 1623.  The government's investigation in this case included an extensive grand jury investigation resulting in indictments in United States v. Thompson,

CR 13-819-PA, and concurrently and subsequently unsealed indictments, further extensive grand jury investigation into the facts alleged in this case, 404(b) evidence that the government may seek to use in this case.  The investigation included not just testimony, but also significant document production by the LASD as well as other individuals and entities.  Over the course of the government's investigation, the government obtained, often through grand jury subpoenas, numerous records including the following:

1.    Medical records from victims (including inmates), witnesses, defendants, and other LASD personnel.

2.    Personnel files of defendants and other LASD personnel, some of which include prior employment files.  Many of these documents include home addresses, spouses and children's names; Social Security numbers, and dates and places of birth.

3.    Employment records and personnel files of victims and witnesses

4.    Scholastic records for these defendants and other LASD personnel, as well as similar records of inmate/victims.

5.    Incident and arrest reports in this case as well as other cases involving these or other LASD personnel.  These reports also include personal information such as home addresses, spouses and children's names; Social Security numbers, and dates of birth of victims and witnesses.

6.    Documents relating to civil suits involving these victims, these defendants and other LASD personnel, or LASD.  Some of these documents were covered by a civil protective order in those cases.

7.    Documents relating to state criminal charges, some of which was produced pursuant to a state court protective order.

8.   Financial records of defendants and other LASD personnel.

9.   Criminal histories of victims, defendants, other LASD personnel, and other potential witnesses.

10.   Reports and findings of internal investigations for policy violations, use of force reviews and internal criminal investigations.

11.   Compelled statements from LASD personnel, including statements given during the course of administrative LASD Internal Affairs Bureau investigations.[1]

Additionally in its investigation, the government has obtained testimony from numerous witnesses.  This testimony was given both in the grand jury and by agreement of the parties in lieu of grand jury.  It is the government's desire to give such testimony to the defense at the earliest possible opportunity but to protect it from further disclosure.

## II.   THE GOVERNMENT'S INTENDED DISCOVERY PROCEDURES.

As part of its investigation, the government has commissioned an outside vendor to maintain a database of all the documents it has collected in relation to this investigation.  The database is called OMEGA.  The database is web-based and requires a password (which each user must make up) as well as a key fob, which every few seconds

---

[1]   The documents in this case have been subjected to screening process to prevent exposure of the AUSAs and agents prosecuting this case to any statements that were compelled from the defendants.  See Garrity v. New Jersey, 385 U.S. 493 (1967).  This Garrity team will later provide defendants and defense counsel with access for inspection and review to additional documents, including those that contain or may contain compelled statements.  The government expects to request, through the Garrity team, that production of documents by the Garrity team also be subject to a protective order including conditions regarding the handling and filing of any such documents, in order to avoid exposing the prosecution team to any compelled statements.

sends out a code that the user, after entering their password must enter.  The documents on the database are scanned for optical character recognition ("OCR"ed), meaning that by typing in a word, or a name, the user will be able to see all the documents with that name in them (even if the name is not on the index created for the database).  The parties are attempting to negotiate a user agreement between OMEGA and defense counsel.  Upon receipt of the user agreement and the order in this case, the government will have the vendor send each of the defense counsel fobs so that they may use the database.  The database includes all the documents (or, when the evidence is a video or audio, a copy of the disc, which the defendants may obtain) that the prosecution team has obtained in this investigation including the types listed above.

The government has also prepared an index and accompanying compact discs for this particular case and these particular defendants.  The index contains the documents and evidence that the government believes are most relevant to defendants in this case.  In this case the index includes: medical records; personnel files; financial documents; criminal histories; civil depositions and other proceedings; grand jury transcripts and transcripts of interviews as discussed above.  A copy of the index specific to this particular case and these specific defendants will be provided to the court upon request.

Finally, as the government intends to turn over grand jury testimony in this case as early as possible, the government has prepared and filed an ex parte application for disclosure of grand jury materials.  The proposed order filed at the same time as the ex parte application asks the Court to allow the disclosure of such

4

materials upon execution of the order proposed here.  At the time that the order based on this stipulation is signed, as well as the order based on the ex parte application, the government hopes to make the majority of grand jury testimony available.

The Garrity team will separately contact defense counsel regarding the provision of discovery materials that contain, or potentially contain compelled statements and evidence derived therefrom.

**III. AUTHORITY FOR PROTECTIVE ORDER**

Under the circumstances of this case, a protective order is appropriate for any discovery produced by the government to defendants.  Rule 16(d) of the Federal Rules of Criminal Procedure specifically provides that a court may, for good cause, issue protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  Fed. R. Crim. P. 16(d)(1).  Protective orders are commonly contemplated and entered to protect unnecessary dissemination of grand jury transcripts, or to protect privacy interests in the confidentiality of medical records, personnel records, criminal history records, and other documents analogous to the ones expected to be produced or made available in this case.  See, e.g., Fed. R. Crim. P. 16, notes to 1974 Amendment ("[I]t is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."); United States v. Budziak, 697 F.3d 1105, 1113 (9th Cir. 2012) ("We leave to the district court to determine in the first instance whether . . . a protective order . . . is necessary to accommodate any law enforcement confidentiality concerns" concerning discovery into FBI

software used to analyze computer evidence in child pornography case); United States v. Oaks, 508 F.2d 1403, 1405 (9th Cir. 1974) ("[T]he court can minimize the risk to the government [from disclosure of confidential IRS information] by holding proceedings in camera and issuing appropriate protective orders."); United States v. W.R. Grace, 401 F. Supp. 2d 1093, 1102—03 (D. Mont. 2005) (entering detailed protective order regarding copying and use of medical records disclosed by the government).

The protective order requested here is tailored to provide disclosure to defendants while also protecting important privacy interests of the victims, defendants, witnesses, and other third parties for whom the government has sensitive personal information in its possession.  Notably, if not subject to discovery as part of a criminal case, many of the documents at issue here are of the type that would be subject to restrictions on use pursuant to other generally applicable federal statutes.  See, e.g., 5 U.S.C. § 552a (Privacy Act provisions covering confidential health information); Fed. R. Crim. P. 6(e) (grand jury secrecy).  For all of these reasons, it is appropriate under Federal Rule of Criminal Procedure 16(d) to issue the protective order requested in this stipulation.

**IV.    THE PARTIES' STIPULATION**

The government, by and through its attorneys or record, Assistant United States Attorneys Brandon Fox, Lizabeth Rhodes and Margaret L. Carter; along with defendant Paul Tanaka, by and through his attorney of record H. Dean Steward; and defendant William Tom Carey, by and through his attorney of record Andrew D. Stolper, hereby stipulate to, and respectfully request that the Court enter, the following protective order in this case:

1.    The Indictment in this case alleges that defendants engaged in crimes of Conspiracy in violation of Title 18, United States Code, Section 371; Obstruction of Justice in violation of Title 18, United States Code, Section 1503(a); and False Declarations in violation of Title 18, United States Code, Section 1623.

2.    In the course of the government's investigation, it obtained numerous records including the following:

a.    Medical records from victims (including inmates), witnesses, defendants, and other LASD personnel.

b.    Personnel files of defendants and other LASD personnel, some of which include prior employment files.  Many of these documents include home addresses, spouses and children's names; Social Security numbers, and dates and places of birth.

c.    Employment records and personnel files of victims and witnesses.

d.    Scholastic records for these defendants and other LASD personnel, as well as similar records of inmate/victims.

e.    Incident and arrest reports in this case as well as other cases involving these or other LASD personnel.  These reports also include personal information such as home addresses, spouses and children's names; Social Security numbers, and dates of birth of victims and witnesses.

f.    Documents relating to civil suits involving alleged excessive force victims, these defendants and other LASD personnel, or LASD.  Some of these documents were covered by a civil protective order in those cases.

g.    Documents relating to state criminal charges, some of which was produced pursuant to a state court protective order.

7

h.   Financial records of defendants and other LASD personnel.

i.   Criminal histories of victims, defendants, other LASD personnel, and other potential witnesses.

j.   Reports and findings of internal investigations for policy violations, use of force reviews and internal criminal investigations.

k.   Compelled statements from LASD personnel, including statements given during the course of administrative LASD Internal Affairs Bureau investigations.

l.   Grand jury testimony or recorded statements in lieu of such testimony.

3.   The government intends to produce this material in discovery to the defense.  With the exception of information and documents that are in the public domain at the time the Protective Order is filed, all materials (including the material on the database) that the government produces to the defense are subject to this PROTECTIVE ORDER and are solely for the use of defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

4.   This PROTECTIVE ORDER applies to the government and government agents and employees as well as defendants, employees of defendants, attorneys for defendants, individuals hired by defendants or attorneys for defendants, including investigators and paralegals,

8

and to any individual who is assisting any defendant or defense attorney in any way in connection with this case.

5.    The discovery in this case which is all produced pursuant to the PROTECTIVE ORDER shall be kept in a secure place to which no person who does not have reason to know its contents has access.

6.    The discovery in this case which is all produced pursuant to the PROTECTIVE ORDER shall be viewed only by persons who, by reason of their participation in this case, have reason to know such information.

7.    Members of the defense team may review the content of any of the discovery in this case which is subject to the PROTECTIVE ORDER with a witness or potential witness in this case. Additionally, members of the defense team may send copies of any statements made by or referencing the witness or potential witness that are subject to the PROTECTIVE ORDER to counsel for the witness or potential witness.  Before being shown any item, however, any witness, potential witness or counsel for such witness must be informed of, and agree to be bound by, the requirements of this PROTECTIVE ORDER. That is, any witness or potential witness shall not disclose to any other person or entity any information covered by this PROTECTIVE ORDER.  Further, any witness or potential witness may not retain, documents or items, or any part of any document or item, or any reproduction or copy thereof, after his or her review of such document with members of the defense team or his/her counsel is complete. Further, counsel for any witness or potential witness may not retain documents or items, or any part of any document or item, or any reproduction or copy thereof, after his/her client's trial testimony in the instant matter (CR 15-522), and in no instance after

trial in this matter is complete.  Should either party believe there has been a breach of the PROTECTIVE ORDER, that party may request the court to order the party or parties believed to be involved in the breach to produce to the court the signed copies of those to whom discovery was provided.  Nothing in this PROTECTIVE ORDER prohibits the government from turning over what may be considered Brady, Giglio or Rule 16 materials to a person who is charged in another matter.

8.    Defense counsel may seek to have discovery which is subject to the PROTECTIVE ORDER at the time it is produced, exempted from the PROTECTIVE ORDER. If any defense counsel seeks to have such discovery exempted from the PROTECTIVE ORDER, he or she shall make the request to government counsel and attempt to reach an agreement as to whether and what discovery should be exempted. Defense counsel may make a request to the Court to have discovery that is subject to the PROTECTIVE ORDER at the time it is produced exempted from the PROTECTIVE ORDER on a showing of good cause, only if counsel has first made such a request to the government and been unable to reach agreement.

9.    Discovery produced in this case shall be viewed only for this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, none of the discovery obtained during the course of litigation in this matter may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, counsel for each defendant shall, within ten business days, (a) return to the government all copies of all the discovery,

in whatever form (e.g., printed or digital); and (b) certify in writing that he or she has complied with the terms of this provision.

10.    This Stipulation and the Court's Order shall bind defendants and their counsel of record, and present counsel-of-record shall insure that any successor counsel or co-counsel has been informed of, and has agreed to be bound by, the requirements of this PROTECTIVE ORDER before providing them with access to the discovery that is subject to the PROTECTIVE ORDER.

10.    Defendants and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.    A willful violation of this protective order by defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

IT IS SO STIPULATED.

Dated: _6/1/2015_____

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
BRANDON D. FOX
LIZABETH A. RHODES
MARGARET L. CARTER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: S-21-15 _____

_____
H. Dean Steward
Attorney for Defendant Paul Tanaka


Dated:

_____
Thomas P. O'Brien
Attorney for Defendant William
Thomas Carey

12

Dated: _____

H. Dean Steward
Attorney for Defendant Paul Tanaka

Dated: 6/3/2015

*Margaret J. Carter with email permission*
Andrew D. Stolper    *for Andrew D. Stolper*
Attorney for Defendant William
Thomas Carey

12