STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Deputy Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
MARGARET L. CARTER (Cal. Bar No.220637)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/7413
        Facsimile: (213) 894-6436
        E-mail:    Brandon.fox@usdoj.gov
                   Lizabeth.rhodes@usdoj.gov
                   Maggie.carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR AN ORDER ALLOWING EARLY DISCLOSURE OF GRAND JURY TESTIMONY SUBJECT TO A PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ASSISTANT UNITIED STATES ATTORNEY MARGARET L. CARTER |
| v. | |
| PAUL TANAKA and WILLIAM THOMAS CAREY, aka "Tom Carey," | |
| Defendants. | |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the Government to provide defendants' counsel of record with a copy of the grand jury testimony of witnesses whom the Government may call at trial.  The Government specifically requests

that the Court authorize the Government to provide such grand jury testimony pursuant to a protective order.[1]

The Government makes this application because of defendant's need to prepare his case (Fed R. Crim. P. 16(a)(1)(E)(i)) and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500.  In this case, although the defendants were just recently arraigned, the Government believes that early disclosure of grand jury testimony and documents responsive to grand jury subpoenas is necessary to allow for efficient preparation for trial and/or pre-trial disposition as much of the Government's evidence was obtained in a grand jury investigation.

This application is based on the attached Memorandum of Points and Authorities and Declaration of Margaret L. Carter, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: June 3, 2015                Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


                                   /s/
                                   _____
                                   MARGARET L. CARTER
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

---

[1]   The parties submitted a stipulation regarding a protective order and proposed protective order on June 3, 2015.  (Docket Nos. 45 & 46.)  The Court entered a protective order later the same day.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure –- at a time, in a manner, and subject to any other conditions that it directs –- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Assoc. Constr. Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

3

Douglas Oil Co. of Calif. v. Petrol Stops Northwest, 441 U.S. 211, 219 (1979), for the same proposition).  In United States Industries, Inc. v. United States District Court, 345 F.2d 18 (9th Cir. 1965) the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration."  345 F.2d at 21.  The court held:  "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need."  Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted.  See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted).  Moreover, disclosure grand jury testimony as well as documents received pursuant to grand jury subpoenas would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

The defendants in this case were indicted on May 13, 2015.  They were thereafter arrested and made their initial appearance on May 14, 2015.  This case is part of a larger investigation in which there was a substantial amount of grand jury work.  The Government would like to produce grand jury transcripts relevant to this case and provide counsel with access to transcripts in the larger case early on in the

discovery process.  While it is the general practice in this district to turn over grand jury transcripts two weeks before trial, in the instant case the Government believes that there is no reason to wait until two weeks before trial to turn over all of these transcripts, and doing so would not be an efficient use of time for the parties or the Court.  Thus, given the Court's "substantial discretion" the Government asks that in this case, the Court allow such disclosure early.

Federal Rule of Criminal Procedure 16(d)(1)(Protective and Modifying Orders) provides in relevant part: "At any time the court may, for good cause,. . . restrict . . . discovery."  Here, the Government is seeking to comply with its discovery obligations early, including in respect to its obligation to turn over grand jury testimony and documents and items received that were responsive to grand jury subpoenas.  However, there concerns that such information need not and should not be disseminated outside of the parties.  For that reason, the Government is requesting that the grand jury transcripts and other discovery produced be produced pursuant to a protective order.  The parties submitted a stipulation re: protective order and proposed protective order on June 3, 2015 (Docket Nos. 45 & 46), which was signed by the Court later that day.  The government is now applying for an order allowing it to make early disclosure of grand jury transcripts subject to that protective order.

For the foregoing reasons, the Government respectfully requests that this Court issue an order authorizing the Government to provide defense counsel, pursuant to the protective order, copies of the grand jury testimony of witnesses who testified before the grand

jury, as well as copies of the documents received by the Government that were responsive to grand jury subpoenas.

Dated: June 3, 2015                    Respectfully submitted,

                                       STEPHANIE YONEKURA
                                       Acting United States Attorney

                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                       _____/s/_____
                                       MARGARET L. CARTER
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

6

DECLARATION OF MARGARET L. CARTER

I, Margaret L. Carter, declare and state as follows:

1.    I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of United States v.  Paul Tanaka, et. al., CR No. 15-255-PA.  I make this declaration in support of the Government's *ex parte* application for an order permitting disclosure of grand jury transcripts.

2.    I expect that the Government may call at trial a witness or multiple witnesses who testified before the grand jury during the investigation of this case and related cases.  Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the Government is required to provide to the defendant.

3.    In addition, many witnesses who the Government may or may not call at trial testified before the grand jury.  The Government believes that these statements should be disclosed because they may constitute materials needed by the defendants to prepare their case for trial or pre-trial disposition. See Fed R. Crim. P. 16(a)(1)(E)(i)).

4.    On or about May 14, 2015, at defendants' initial appearance in this case, I spoke to Dean Steward, counsel for defendant Paul Tanaka.  At that time the Government informed defendant Tanaka's counsel that the Government would be filing the present ex parte application and asked for his position on this ex parte application. Defendant Tanaka's counsel informed the Government that he did not oppose and had no objection to the application.

4.    On or about May 29, 2015, I spoke to Andrew D. Stolper, counsel for defendant William Thomas Carey.  At that time the Government informed defendant Carey's counsel that the Government

7

would be filing the present ex parte application and asked for his position on this ex parte application.  Defendant Carey's counsel informed the Government that he did not oppose and had no objection to the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on June 3, 2015.

Margaret L. Carter