STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief, Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/7413
    Facsimile: (213) 894-6436
    E-mail:    Brandon.Fox@usdoj.gov
            Lizabeth.Rhodes@usdoj.gov
            Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | [PROPOSED] |
| v. | PROTECTIVE ORDER |
| PAUL TANAKA, et.al., | |
| Defendant. | |

IT IS ORDERED, for good cause shown, pursuant to Federal Rule of Criminal Procedure 16(d) and the Court's power to regulate discovery, and based upon the stipulation between and among the parties and the files and records in this matter, that the following protective order shall be issued:

1.    The Indictment in this case alleges that defendants engaged in crimes of Conspiracy in violation of Title 18, United States Code, Section 371; Obstruction of Justice in violation of Title 18, United States Code, Section 1503(a); and False Declarations in violation of

Title 18, United States Code, Section 1623.  In the course of the government's investigation, it obtained numerous records including the following:

     a.   Medical records from victims (including inmates), witnesses, defendants, and other LASD personnel.

     b.   Personnel files of defendants and other LASD personnel, some of which include prior employment files.  Many of these documents include home addresses, spouses and children's names; Social Security numbers, and dates and places of birth.

     c.   Employment records and personnel files of victims and witnesses

     d.   Scholastic records for these defendants and other LASD personnel, as well as similar records of inmate/victims.

     e.   Incident and arrest reports in this case as well as other cases involving these or other LASD personnel.  These reports also include personal information such as home addresses, spouses and children's names; Social Security numbers, and dates of birth of victims and witnesses.

     f.   Documents relating to civil suits involving these victims, these defendants and other LASD personnel, or LASD.  Some of these documents were covered by a civil protective order in those cases.

     g.   Documents relating to state criminal charges, some of which were produced pursuant to a state court protective order.

     h.   Financial records of defendants and other LASD personnel.

     i.   Criminal histories of victims, defendants, other LASD personnel, and other potential witnesses.

j.    Reports and findings of internal investigations for policy violations, use of force reviews and internal criminal investigations.

k.    Compelled statements from LASD personnel, including statements given during the course of administrative LASD Internal Affairs Bureau investigations.

l.    Grand jury transcripts and recordings and transcripts of interviews many of which were given in lieu of grand jury testimony.

2.    The government intends to produce this material in discovery to the defense.  With the exception of information and documents that are in the public domain at the time the Protective Order is filed, all materials (including the material on the database) that the government produces to the defense are subject to this PROTECTIVE ORDER and are solely for the use of defendants, their attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case. The purpose of this protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal information of others.

3.    This PROTECTIVE ORDER applies to the government and government agents and employees as well as defendants, employees of defendants, attorneys for defendants, individuals hired by defendants or attorneys for defendants, including investigators and paralegals, and to any individual who is assisting any defendant or defense attorney in any way in connection with this case.

4.    The discovery in this case which is subject to the PROTECTIVE ORDER shall be kept in a secure place to which no person who does not have reason to know its contents has access.

5.    The discovery in this case which is subject to the PROTECTIVE ORDER shall be viewed only by persons who, by reason of their participation in this case, have reason to know such information.  Prior to receiving any material subject to this PROTECTIVE ORDER, each person shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.  Each counsel is responsible for maintaining the original executed Nondisclosure Agreement until the final disposition of this litigation or further order of this Court.

6.    Members of the defense team may review the content of any of the discovery in this case which is subject to the PROTECTIVE ORDER with a witness or potential witness in this case. Additionally, members of the defense team may send copies of any statements made by or referencing the witness or potential witness that are subject to the PROTECTIVE ORDER to counsel for the witness or potential witness.  Before being shown any item, however, any witness, potential witness or counsel for such witness must be informed of, and agree to be bound by, the requirements of this PROTECTIVE ORDER. That is, any witness or potential witness shall not disclose to any other person or entity any information covered by this PROTECTIVE ORDER.  Further, any witness or potential witness may not retain, documents or items, or any part of any document or item, or any reproduction or copy thereof, after his or her review of such document with members of the defense team or his/her counsel is complete. Further, counsel for any witness or potential witness may

4

not retain documents or items, or any part of any document or item, or any reproduction or copy thereof, after his/her client's trial testimony in the instant matter (CR 15-255), and in no instance after trial in this matter is complete. Should either party believe there has been a breach of the PROTECTIVE ORDER, that party may request the court to order the party or parties believed to be involved in the breach to produce to the court the signed copies of those to whom discovery was provided. Nothing in this PROTECTIVE ORDER prohibits the government from turning over what may be considered Brady, Giglio or Rule 16 materials to a person who is charged in another matter.

7.    Defense counsel may seek to have discovery which is subject to the PROTECTIVE ORDER at the time it is produced, exempted from the PROTECTIVE ORDER. If any defense counsel seeks to have such discovery exempted from the PROTECTIVE ORDER, he or she shall make the request to government counsel and attempt to reach an agreement as to whether and what discovery should be exempted. Defense counsel may make a request to the Court to have discovery that is subject to the PROTECTIVE ORDER at the time it is produced exempted from the PROTECTIVE ORDER on a showing of good cause, only if counsel has first made such a request to the government and been unable to reach agreement.

8.    Discovery produced in this case that is subject to the PROTECTIVE ORDER shall be viewed only for this case.  Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, none of the discovery subject to the PROTECTIVE ORDER may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court.

9.   The Court's Order shall bind defendants and their counsel of record, and present counsel-of-record shall insure that any successor counsel or co-counsel has been informed of, and has agreed to be bound by, the requirements of this PROTECTIVE ORDER before providing them with access to the discovery that is subject to the PROTECTIVE ORDER.

10.   Defendants and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by defense counsel in preparation of the trial in this case.  A willful violation of this protective order by defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

DATED: __June 3, 2015_____      _____
                                     UNITED STATES DISTRICT COURT JUDGE

6

**<u>Nondisclosure Agreement</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidentiality entered in <u>United States of America v. Paul Tanaka, et al.</u>, United States District Court for the Central District of California, Criminal Action No. 15-255, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

Dated:                              _____
                                    [name of signatory typed]

ATTACHMENT A

7