STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief, Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0284/3541/7413
      Facsimile: (213) 894-6436
      E-mail:    Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| PAUL TANAKA and WILLIAM THOMAS CAREY, aka "Tom Carey," | **CURRENT TRIAL DATE:   07-07-2015** **[PROPOSED] TRIAL DATE: 02-02-2016** |
| Defendants. | CURRENT STATUS CONFERENCE:          06-11-2015                          3:00 p.m. |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorney Brandon D. Fox,

defendant PAUL TANAKA, both individually and by and through his

counsel of record, Dean Steward and Jerome Haig, and defendant

WILLIAM THOMAS CAREY, aka "Tom Carey," both individually and by and

through his counsel of record, Andrew Stolper, hereby stipulate as follows:

1.    Defendants TANAKA and CAREY were arrested and had their initial appearances and arraignment on May 14, 2015, the same day that the Indictment in this case was made public.  At the arraignment, the case was set for trial on July 7, 2015.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 22, 2015.

2.    Defendants are released on bond pending trial.  The government estimates that its presentation of evidence in this matter will last approximately 12-15 days.

3.    The defendants are joined for trial and a severance has not been granted.  By this stipulation, defendants move to continue the trial date to February 2, 2016.  This is the first request for a continuance.

4.    The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.    The defendants are charged in the Indictment as follows: (i) both defendants are charged in Count One with conspiring to obstruct justice, in violation of 18 U.S.C. § 371; (ii) defendant TANAKA is charged in Count Two with obstruction of justice, in violation of 18 U.S.C. § 1503(a); (iii) defendant CAREY is charged in Count Three with obstruction of justice, in violation of 18 U.S.C. § 1503(a); (iv) defendant CAREY is charged in Counts Four and Five with making false declarations, in violation of 18 U.S.C. § 1623.

b.    As discussed in Court, once the Court enters a protective order, the government's discovery plan includes: (i) producing multiple DVDs that will, the government believes, contain the most relevant documents; and (ii) allowing defense counsel to access a third-party database containing hundreds of thousands of documents.  The total collection of documents that the government has made available to defense counsel through the discs and the database includes hundreds of thousands of pages, in addition to numerous audio and video recordings.

c.    Counsel for defendants have conflicts that would prevent counsel from effectively representing defendants at a trial held on any date earlier than February 2, 2016.

Counsel for TANAKA:

d.    Lead counsel for TANAKA has a medical procedure scheduled for June 30, 2015, that will make him largely unavailable for approximately a month.

e.    People v. Ruiz, Los Angeles County Superior Court No. TA134696-03.  Co-counsel for TANAKA is trial counsel for this three-defendant drug trafficking, criminal threats, and attempted murder case that is expected to begin on July 28, 2015, and last approximately two weeks.

f.    United States v. Aubrey, SA CR 13-167-JVS.  Lead counsel for TANAKA is trial counsel for this three-defendant investment fraud trial that is expected to begin on September 8, 2015, and last approximately two weeks.

g.    United States v. Stubbs, CR 14-107-VAP.  Co-counsel for TANAKA is trial counsel for this multi-defendant conspiracy and

drug distribution trial that is expected to begin on September 8, 2015, and last as long as approximately four weeks.

h.   United States v. Alvarado, CR 13-830-AG.   Co-counsel for TANAKA is trial counsel for this two-defendant drug trafficking trial that is expected to begin on September 22, 2015, and last approximately four days.

i.   United States v. Metters, CR 13-832-ODW.   Co-counsel for TANAKA is trial counsel for this aggravated identity theft and tax fraud case that is expected to begin on October 13, 2015 and last approximately two weeks.

j.   United States v. Ciuchi, CR 13-793(A)-ODW.   Co-counsel for TANAKA is trial counsel for this bank fraud, aggravated identity theft, and possession of access device case that is expected to begin on November 17, 2015, and last approximately two weeks.

k.   United States v. Fiumano, CR 14-518-JFK.   Lead counsel for TANAKA is trial counsel for this three-defendant mortgage fraud trial in the Southern District of New York that is expected to begin on December 1, 2015, and last approximately three weeks.

l.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.   Defense counsel represent that failure to grant the continuance would deny them reasonable time

necessary for effective preparation, taking into account the exercise of due diligence.

m.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

n.    The government does not object to the continuance. Counsel for the government has the following trials scheduled:

i.    United States v. Gonzalez, CR 13-00574-GHK, Assistant United States Attorneys Lizabeth Rhodes and Brandon Fox are trial counsel for this three-defendant excessive use of force case that is expected to begin on June 16, 2015, and last approximately two weeks.

ii.    United States v. Itkowitz, CR 12-839-PSG, Assistant United States Attorney Margaret Carter is trial counsel, along with AUSA Lawrence Middleton, for this single-defendant civil rights homicide and obstruction of justice trial that is expected to begin on July 21, 2015, and last approximately two to three weeks.

iii. United States v. Brunsting, CR 13-00573-GW, Assistant United States Attorneys Lizabeth Rhodes and Brandon Fox are trial counsel for this two-defendant excessive use of force case that is expected to begin on September 28, 2015, and last approximately two weeks.

iv.    United States v. Aguiar, CR 14-00069-MMM, Assistant United States Attorney Margaret Carter is trial counsel for this two-defendant excessive use of force case that is expected to begin on January 16, 2016, and last approximately two weeks.

o.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

the attorneys for the government or the defense, or failure on the part of the attorneys for the Government to obtain available witnesses.

5.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 14, 2015 to February 1, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must

//
//
//
//
//
//
//

6

commence.   Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

     IT IS SO STIPULATED.

Dated: June 5, 2015                    STEPHANIE YONEKURA
                                       Acting United States Attorney

                                       ROBERT E. DUGDALE
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                         /s/ *Brandon D. Fox*
                                       BRANDON D. FOX
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

7

I am PAUL TANAKA's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 2, 2016, is an informed and voluntary one.

_____          6-3-15
DEAN STEWARD                              Date
JEROME HAIG
Attorney for Defendant
PAUL TANAKA

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 2, 2016. I understand that I will be ordered to appear in Courtroom 15 of the Federal Courthouse, 312 North Spring Street, Los Angeles, California on February 2, 2016, at 8:30 a.m.

_____          6-4-15
PAUL TANAKA                               Date
Defendant

I am WILLIAM THOMAS CAREY's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than February 2, 2016, is an informed and voluntary one.

_____          _____
ANDREW STOLPER                            Date
Attorney for Defendant
WILLIAM THOMAS CAREY

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than February 2, 2016.  I understand that I will be ordered to appear in Courtroom 15 of the Federal Courthouse, 312 North Spring Street, Los Angeles, California on February 2, 2016, at 8:30 a.m.

_____          _____
WILLIAM THOMAS CAREY                      Date
Defendant