STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Deputy Chief, Public Corruption and Civil Rights Section
LIZABETH A. RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/7413
        Facsimile: (213) 894-6436
        E-mail:     Brandon.Fox@usdoj.gov
                    Lizabeth.Rhodes@usdoj.gov
                    Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO PUBLIC AUTHORITY, REQUEST FOR WITNESS DISCLOSURE, and OBJECTION AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| PAUL TANAKA, et al., | |
| Defendants. | Trial Date:     November 3, 2015<br>Trial Time:      8:00 a.m |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Margaret L. Carter, hereby responds pursuant to Federal Rule of Criminal Procedure 12.3 to the Notices of Public Authority Defense provided by defendant Paul Tanaka on June 10, 2015. (Docket No. 54.)

1

Pursuant to Rule 12.3(a)(3), the government denies that defendant exercised public authority as identified in the notice. Moreover, as described in greater detail in the attached memorandum of points and authorities, the noticed public authority defense (and any other Rule 12.3 defenses that the notice could be construed to state) fail as a matter of law because no agent of the Los Angeles Sheriff's Department, not even then-Sheriff Leroy Baca, may authorize an individual to commit a federal crime.

Pursuant to Rule 12.3(a)(4)(A), the government also requests that defendant Paul Tanaka disclose the name, address, and telephone number of each witness upon which he intends to rely to establish the public authority defense listed in his notice.

The government also objects to the introduction by defendant Tanaka of any evidence and argument supporting any public authority or entrapment by estoppel defense on the grounds that each fails as a matter of law because it is premised on claims that local authorities authorized violations of <u>federal</u> law.

2

The government's response and objection are based upon the attached memorandum of points and authorities, the files and records in this case, and any other evidence and argument that the Court may wish to consider.

Dated: June 23, 2015

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/ *Brandon D. Fox*_____
Brandon D. Fox
Lizabeth A. Rhodes
Margaret L. Carter
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S**</u>
<u>**OJBECTION AS A MATTER OF LAW**</u>

**I.    INTRODUCTION**

Defendant Paul Tanaka filed a notice that he is going to assert a public authority defense to charges that he conspired to obstruct and obstructed a federal grand jury investigation under Federal Rule of Criminal Procedure 12.3(a)(1).  The government objects to and asks the Court to preclude any argument or evidence regarding any public authority or entrapment by estoppel defense based on the notion that defendant Paul Tanaka's conduct was authorized by the Los Angeles County Sheriff's Department through then-Los Angeles County Sheriff Leroy Baca.  Such a defense fails as a matter of law because controlling Ninth Circuit law requires that the agent who supposedly authorized a violation of federal law had the <u>actual</u> authority to do so.  Because the LASD is not a federal agency, neither it nor its officials – even its top official – may authorize Tanaka to violate federal law.

**II.   ARGUMENT**

**A.    Any defense premised on authorization by the LASD or an LASD official is legally deficient**

Defendant cannot establish a public authority or entrapment by estoppel defense by asserting that he was acting on behalf of the orders of Baca.  This claim fails at the outset because only a federal agent may authorize a violation of federal law.

Public authority and entrapment by estoppel are both affirmative defenses.  Accordingly, the Court can require a defendant to make a pretrial offer of proof on any such defenses to demonstrate that the evidence in support of those defenses is sufficient as a matter of

1

law to satisfy each defense's essential elements.  See United States v. Mack, 164 F.3d 467, 474 (9th Cir. 1999) (defenses of public authority and entrapment by estoppel ruled inadmissible prior to trial); United States v. Brebner, 951 F.2d 1017, 1027 (9th Cir. 1991) (same).  Cf. also United States v. Dorrell, 758 F.2d 427, 430–34 (9th Cir. 1985) (necessity defense).  When a defendant fails to make this prima facie showing, the defendant may be precluded from presenting argument or supporting evidence regarding the defense at trial.  See United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996) (evidence is not relevant if the defendant fails to present a prima facie case of the affirmative defense).

As the Ninth Circuit explained in United States v. Burrows, 36 F.3d 875 (9th Cir. 1994), to establish a public authority defense, a defendant must put forth evidence that "'he reasonably relied on the authority of a government official to engage him in a covert activity.'"  36 F.3d at 881–82 (quoting United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)).  For entrapment by estoppel, a defendant must put forth evidence that "'a government official tells a defendant that certain conduct is legal and the defendant commits what would otherwise be a crime in reasonable reliance on the official's representation.'"  Id. (quoting Baptista, 17 F.3d at 1368 n.18).  For each defense, the defendant's reliance must be both reasonable and sincere.  Id. at 862.

In interpreting these requirements, the Ninth Circuit has made clear that a defendant must show some evidence that the law enforcement officers who allegedly authorized the illegal activity had the actual legal authority to permit it.  See United States v.

2

Matta-Ballesteros, 71 F.3d 754, 770 n. 12, amended by 98 F.3d 1100 (9th Cir. 1995); Burrows, 36 F.3d at 881-82 ("'The validity of [a public authority] defense depends on whether the government agent in fact had the authority to empower the defendant to perform the acts in question.'") (quoting Baptista, 17 F.3d at 1368 n.18). Accordingly, the Ninth Circuit has held that to establish a public authority or entrapment by estoppel defense to a violation of federal law, the authorizing agency must be a federal agency. See, e.g., Mack, 164 F.3d at 474 (finding public authority and entrapment by estoppel defenses based on conversation with local law enforcement officers were "without merit because Mack did not rely on the advice or authority of federal officials or agents") (emphasis in original); United States v. Collins, 61 F.3d 1379, 1385 (9th Cir. 1995) (entrapment by estoppel against a federal statute must have relied on federal official's or agent's erroneous advice, and not that of a state official). See also Matta-Ballesteros, 71 F.3d at 770 n. 12 (indicating that where "a CIA agent could not lawfully authorize the violation of the federal drug laws," the public authority defense probably fails as a matter of law).

Here, defendant's public authority defense is premised on authorization by an LASD official. Because no LASD official may authorize anyone to obstruct a federal grand jury investigation, any public authority defense in this case must fail as a matter of law. See, e.g., Mack, 164 F.3d at 474; Brebner, 951 F.2d at 1027 ("[I]n asserting an entrapment by estoppel defense to charges of violating federal law, a defendant is required to show reliance either on a federal government official empowered to render the claimed erroneous advice . . . .") (citing United States v. Etheridge, 932 F.2d 318,

3

321 (4th Cir. 1991) (estoppel defense to federal firearms charge rejected because based on advice of state trial judge rather than official of federal government); United States v. Allen, 699 F.2d 453, 458 n. 1 (9th Cir. 1982) (entrapment defense based on alleged misrepresentations of state parole officer rejected because no claim that any federal officials induced unlawful act)).  Accordingly, the Court should preclude a public authority or entrapment by estoppel defense asserted as legally insufficient.[1]

---

[1] This result is consistent with "Nuremberg defense" cases that illustrate that federal defendants cannot defend their criminal behavior by claiming that they were just "following orders" given by those who likewise may not commit nor authorize the commission of federal crimes.  See, e.g., United States v. Cortes-Caban, 691 F.3d 1, 12 n.13 (1st Cir. 2012) (rejecting defense by four police officers that they could not be guilty of civil rights crimes because they were just "following orders"); United States v. Hill, 643 F.3d 807, 865 (11th Cir. 2011) (defendant's contention that he was only following orders "is no defense"); United States v. Funmaker, 10 F.3d 1327, 1331 (7th Cir. 1993) ("defendants cannot circumvent federal prosecution by claiming that they were merely following orders.").

4

## III. CONCLUSION

For the foregoing reasons, this Court should preclude any evidence and argument regarding public authority or entrapment by estoppel defenses that are based on the authorization of LASD or Baca on the grounds that they are legally insufficient defenses to the charged crimes.

Dated: June 23, 2015                    Respectfully submitted,

                                        STEPHANIE YONEKURA
                                        Acting United States Attorney

                                        ROBERT E. DUGDALE
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/ Brandon D. Fox_____
                                        BRANDON D. FOX
                                        LIZABETH A. RHODES
                                        MARGARET L. CARTER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

5