EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption and Civil Rights Section
LIZABETH A. RHODES (Cal. Bar. No. 155299)
MARGARET L. CARTER (Cal. Bar No. 220637)
Assistant United States Attorney
Public Corruption and Civil Rights Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/7413
        Facsimile: (213) 894-6436
        E-mail:    Brandon.Fox@usdoj.gov
                   Lizabeth.Rhodes@usdoj.gov
                   Maggie.Carter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT PAUL TANAKA'S FIRST AMENDED NOTICE OF A PUBLIC AUTHORITY DEFENSE, REQUEST FOR WITNESS DISCLOSURE, and OBJECTION AS A MATTER OF LAW; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| PAUL TANAKA, et al., | |
| Defendants. | |
| | Trial Date:    November 3, 2015 |
| | Trial Time:    8:00 a.m |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Margaret L. Carter, hereby responds pursuant to Federal Rule of Criminal Procedure 12.3 to the First Amended

1

Notice of A Public Authority Defense provided by defendant Paul Tanaka on July 23, 2015.  (Docket No. 59.)

Pursuant to Rule 12.3(a)(3), the government denies that defendant exercised public authority as identified in the notice. Moreover, as described in greater detail in the attached memorandum of points and authorities, the amended noticed public authority defense continues to fail as a matter of law because it is based, in part, on the purported public authority by the Los Angeles County Sheriff's Department and then-Sheriff Leroy Baca.  No agent of the Los Angeles Sheriff's Department, not even then-Sheriff Leroy Baca, may authorize an individual to commit a federal crime.

Pursuant to Rule 12.3(a)(4)(A), the government also requests that defendant Paul Tanaka disclose the name, address, and telephone number of each witness upon which he intends to rely to establish the public authority defense listed in his notice.

The government also objects to the introduction by defendant Tanaka of any evidence and argument supporting any public authority or entrapment by estoppel defense on the grounds that each fails as a matter of law because it is premised on claims that local authorities authorized violations of federal law.

The government asks that the public authority defense be excluded unless defendant produces evidence that a federal official authorized him to conspire to obstruct justice or to obstruct justice.

The government's response and objection are based upon the attached memorandum of points and authorities, the files and records in this case, and any other evidence and argument that the Court may wish to consider.

Dated: August 6, 2015

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____/s/ *Brandon D. Fox*_____
Brandon D. Fox
Lizabeth A. Rhodes
Margaret L. Carter
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S OJBECTION AS A MATTER OF LAW**</u>

**I.   INTRODUCTION**

On June 10, 2015, defendant Paul Tanaka filed a notice that he is going to assert a public authority defense to charges that he conspired to obstruct and obstructed a federal grand jury investigation under Federal Rule of Criminal Procedure 12.3(a)(1). (R. 54.)  On June 23, 2015, the government objected to that notice and asked the Court to preclude any argument or evidence regarding any public authority or entrapment by estoppel defense based on the notion that defendant Paul Tanaka's conduct was authorized by the Los Angeles County Sheriff's Department through then-Los Angeles County Sheriff Leroy Baca.  Such a defense fails as a matter of law because the LASD is not a federal agency.  Accordingly, neither it nor its officials – even its top official – may authorize Tanaka to violate federal law.  The government also requested that defendant Tanaka disclose the names of witnesses that he intended to rely on to establish the purported public authority defense.  Defendant did not do so within the necessary fourteen days.  See Fed. R. Evid. 12.3(a)(4).

Instead, one month later – well past the date when his witness disclosure was due – defendant filed an amended notice of a public authority defense, adding the Federal Bureau of Investigation, its then-Assistant Director in Charge, the United States Attorney's Office, and its then-United States Attorney as the entities and individuals who purportedly provided public authority to defendant to commit the charged crimes.

1

**II.    ARGUMENT**

    **A.    Any defense premised on authorization by the LASD or an LASD official is legally deficient**

As discussed in the government's previous opposition, defendant cannot establish a public authority or entrapment by estoppel defense by asserting that he was acting on behalf of the orders of the LASD or Baca.  This claim fails at the outset because only a federal agent may authorize a violation of federal law.  See United States v. Mack, 164 F.3d 467, 474 (9th Cir. 1999); United States v. Brebner, 951 F.2d 1017, 1027 (9th Cir. 1991); United States v. Dorrell, 758 F.2d 427, 430–34 (9th Cir. 1985).

A defendant must show some evidence that the law enforcement officers who allegedly authorized the illegal activity had the actual legal authority to permit it.  See United States v. Matta-Ballesteros, 71 F.3d 754, 770 n. 12, amended by 98 F.3d 1100 (9th Cir. 1995); United States v. Burrows, 36 F.3d 875, 881-82 (9th Cir. 1994); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1368 n.18 (11th Cir. 1994)).

Because no LASD official may authorize anyone to obstruct a federal grand jury investigation, any public authority defense in this case based on authority granted by the LASD must fail as a matter of law.  See, e.g., Mack, 164 F.3d at 474; Brebner, 951 F.2d at 1027; United States v. Allen, 699 F.2d 453, 458 n. 1 (9th Cir. 1982).  Accordingly, the Court should preclude a public authority or entrapment by estoppel defense asserted as legally insufficient.

**B.    Defendant Must Produce Evidence Showing He Received the Authority from a Federal Official to Obstruct Justice or Conspire to Obstruct Justice**

Defendant asserts that he was provided the authority to commit his acts by the FBI and USAO.  A bare allegation is not enough to make a prima facie showing of a public authority defense.  Unless defendant offers some evidence that the FBI or USAO authorized him to obstruct a grand jury investigation, he should be precluded from arguing this defense.  See United States v. Schafer, 625 F.3d 629, 637 (9th Cir. 2010); United States v. Moreno, 102 F.3d 994, 997 (9th Cir. 1996) (evidence is not relevant if the defendant fails to present a prima facie case of the affirmative defense).

Defendant does not explain any basis for the purported public authority given to him by the federal government.  Despite lengthy investigations and three related trials, the government is unaware of any evidence supporting the proposition that the FBI, U.S. Attorney's Office, or any of its officials authorized defendant to conspire to obstruct justice or to obstruct justice.  Specifically, the government is unaware of any member of the FBI or USAO asking defendant to: (a) have Inmate AB hidden from the FBI, the U.S. Marshal's Service, or a federal grand jury; (b) cause his officers to tamper with potential witnesses in the federal investigation; or (c) cause his officers to threaten to arrest an FBI agent because the agent was conducting an investigation into corrupt and abusive deputies working in the Los Angeles County jails.

3

**III.  GOVERNMENT'S RENEWED REQUEST FOR A DISCLOSURE OF WITNESSES**

Pursuant to Rule 12.3(a)(4), the government once again requests that defendant disclose the name, address, and telephone number of each witness the defendant intends to rely on to establish a public authority defense.

**IV.  CONCLUSION**

For the foregoing reasons, this Court should preclude any evidence and argument regarding public authority or entrapment by estoppel defenses that are based on the authorization of LASD or Baca on the grounds that they are legally insufficient defenses to the charged crimes.  This Court should also preclude any public authority defense unless defendant produces evidence that federal officials authorized him to commit the charged crimes.  Finally, defendant should provide notice of the witnesses

Dated: August 6, 2015                    Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


_____/s/ *Brandon D. Fox*_____
BRANDON D. FOX
LIZABETH A. RHODES
MARGARET L. CARTER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4