H. DEAN STEWARD, Attorney at Law
State Bar No. 85317
107 Avenida Miramar, Suite C
San Clemente, CA 92672
Telephone:  (949) 481-4900
Fax:          (949) 496-6753
Email:        deansteward@fea.net


LAW OFFICE OF JEROME J. HAIG
JEROME J. HAIG, Attorney at Law
State Bar No. 131903
21143 Hawthorne Boulevard, Suite 454
Torrance, California 90503
Telephone:  (424) 488-0686
Fax:          (424) 271-5990
E-mail:       jerome@jeromehaiglaw.com


Attorneys for Defendant
Paul Tanaka

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>PAUL TANAKA, et al,<br><br>Defendants. | Case No: CR 15-255-PA<br><br>**NOTICE OF MOTION AND MOTION REQUESTING COURT-ORDERED IMMUNITY FOR DEFENSE WITNESS LEROY BACA**<br><br>**Date: September 28, 2015**<br>**Time: 3:00 pm** |

1

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

TO EILEEN M. DECKER, UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ASSISTANT UNITED STATES ATTORNEYS BRANDON D. FOX AND LIZABETH A. RHODES:

PLEASE TAKE NOTICE that on the 28th day of September, 2015, at 3:00 pm or as soon thereafter as the matter may be heard in Courtroom 15 of the above-entitled Court, Defendant Paul Tanaka will move the Court for an order that prospective defense witness Leroy Baca be granted immunity so that he can testify as a trial witness.

The Motion is made on the grounds that former Sheriff Leroy Baca has not been granted immunity by the Government, and, if he testifies truthfully, will provide evidence that will contradict the government's evidence and provide a basis for his acquittal of the charges.

The motion is based upon this notice, the attached Memorandum of Points and Authorities, the Declaration of H. Dean Steward attached hereto, exhibits attached hereto, the files and records of this case, and any further evidence that may be adduced at argument on the matters presented.

Dated this 14th day of August, 2015.

Respectfully submitted,


/s/ H. Dean Steward
H. Dean Steward


/s/ Jerome J. Haig
Jerome J. Haig
Attorneys for Defendant Paul Tanaka

2

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

**INTRODUCTION**

The government has discretion to determine who should and should not be prosecuted for crimes. However, criminal defendants have a Due Process right to a fair trial, and the two interests must be balanced.

This motion seeks something very simple.  The opportunity for Mr. Tanaka to present all of the relevant facts to the trier of fact. In order for all the evidence to be considered, former Sheriff Leroy Baca must testify. However, if called as a witness, he will likely be advised by counsel to invoke his 5th Amendment right against self-incrimination. The defense believes that, unlike Mr. Tanaka when he was called as a witness at 3 criminal trials last year, Mr. Baca will heed the advice of counsel and not subject himself to the rigors and uncertainty of public trial testimony.

The government may refuse to immunize defense witnesses it legitimately intends to prosecute, but it may not selectively apply its immunity authority to skew the evidence. *See. e.g .. Autry v. Estelle*, 706 F.2d 1394, 1402 (5th Cir. 1983) (court can order defense witness immunity if defendant  "show[ s] that the state had no legitimate purpose for refusing immunity and did so to deprive the defense of essential exculpatory testimony"); *United States v. Thevis*, 665 F.2d 616, 640-41 (5th Cir. 1982) (suggesting courts may order immunity "when it finds government abuse"), *superseded by statute on other grounds; accord United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir. 1991).

Unfortunately, that is exactly what is happening here. Leroy Baca is a crucial piece of evidence in this case. His words, actions, and orders all combined to set into motion the events that now form the basis for the charges against Mr. Tanaka. Indeed, absent his actions on and between August 18, 2011, and December 2, 2011, Mr. Tanaka would not be standing accused of any criminal

3

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

offense. Moreover, the prior prosecution of LASD deputy sheriffs by these same prosecutors in this same courtroom would never had occurred but for the actions of then Sheriff Leroy Baca.[1]

But the Court and jury will never hear from Mr. Baca unless this Court intervenes.  That is not because his testimony is not relevant. That is not because his testimony is not exculpatory. That *is only because* the government refuses to bestow the same inoculation against criminal prosecution that it has used with such vengeance to enable it to charge Mr. Tanaka.

As a result of the government's inaction and refusal to immunize an exculpatory witness, Mr. Tanaka will be prevented from presenting a valid and relevant defense unless this Court intervenes. In order to enable the defendant to present the complete events and not rely on the incomplete version from the prosecution, this Court should grant this motion and order the government to give Leroy Baca use immunity for any testimony he may provide at trial.[2]

The government cannot, at this late hour, argue that it has not had the opportunity to investigate the matter and determine who should be prosecuted. Logically, there's only one person for whom prosecution is still possible: Leroy Baca. The events in this case occurred nearly 4 years ago. Multiple grand juries have been convened. The government and F.B.I. have interviewed hundreds of witnesses. Hundreds of thousands of pages of documents, exhibits, and recordings have been generated. To say the government does not have enough before it to

---

[1]See *United States v. Thompson, et al*, CR 13-819-PA.

[2]The government clearly has the authority to seek an indictment of Mr. Baca if, within its sound judgment, it believes he has committed a federal crime. If that occurs, then Mr. Tanaka cannot further pursue the immunity request in this instant motion. But by allowing the government to slowly climb the ladder of management, as it has obviously chosen to do with the related prosecutions, it deprives Mr. Tanaka of his right to present a full defense to the charges, and deprives the trier of fact of learning all the relevant evidence in this case.

4

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

choose whether to prosecute Mr. Baca makes no sense. The motion herein is not meant to force the government's hand. But it is meant to force them to let Mr. Baca have his day in Court: either as a witness in Mr. Tanaka's trial or as a co-defendant in this prosecution.

The government, by refusing to charge Mr. Baca or grant him immunity to testify in Mr. Tanaka's trial, is exercising its immunity power not for legitimate prosecutorial purposes but to deny Mr. Tanaka a level playing field of evidence.

## 1. FACTUAL BACKGROUND

Defendant Paul Tanaka requests immunity for defense witness Leroy Baca. The defense believes Mr. Baca will provide exculpatory testimony. We have contacted his counsel. He has not decided whether he will assert his 5th Amendment right not to testify. We have asked the government to bestow immunity on Mr. Baca. The government has refused.[3]

The government's case-in-chief will include testimony and evidence purporting to establish that the defendant and other police officers in the Los Angeles County Sheriff's Department (LASD), either individually and as members of a criminal conspiracy, obstructed and interfered with a federal investigation into civil rights abuses in the Los Angeles County Jail.[4] At all times relevant to this case, Leroy Baca was the Sheriff of Los Angeles County. As such, he was the ranking member of LASD. Defendant Paul Tanaka was LASD's Undersheriff, and was the 2nd ranking member of the organization. If granted use immunity, Mr.

[3]See Attached declaration of H. Dean Steward.

[4]The LASD administers, runs, and operates the Men's Central Jail.

5

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

Baca will provide exculpatory evidence directly contradicting the government's theory, and will also provide evidence supporting the defenses of public authority and legal authority.[5] Indeed, Mr. Baca, and he alone, directly and consistently confronted federal law enforcement about his belief that the FBI and the U.S. Attorney's Office had violated California criminal law in smuggling a cell phone and narcotics to inmate turned FBI informant Anthony Brown.[6] And because LASD deputy sheriff Gilbert Michel was responsible for getting the phone to the inmate, Mr. Baca rightly believed that the LASD had the right and the obligation to investigate the following:

1.      How Deputy Michel got the phone;

2.      How Deputy Michel supplied the phone to Anthony Brown;

3.      How the FBI was involved in the incident. Because of the recklessness of providing a sociopath with an unregulated and unmonitored cell phone, Mr. Baca and others in the LASD understandably thought such an operation should never be authorized,

---

[5] Mr. Baca was interviewed by federal law enforcement (FBI agents and AUSAs) on April 12, 2013. A copy of the transcript of this interview is attached as Exhibit A.

[6] Anthony Brown had been sentenced to 423 years to life in California State prison for a string of armed robberies. His sentence was enhanced pursuant to California's 3-strikes law. At the time he was furnished the unregulated and untapped cell phone, he had been sentenced and was awaiting transfer from the men's central jail to the California Department of Corrections & Rehabilitation to begin serving his sentence. Mr. Brown will not be eligible for parole until he serves 85% of his sentence. (*See* Cal. Penal Code §§ 667.5(c) and 2933.1)

6

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

and certainly not without the express knowledge and cooperation of the LASD. Mr. Baca believed that a rogue FBI agent was involved and that FBI ADIC Steven Martinez was potentially covering up unauthorized criminal conduct.

4.    Anthony Brown's involvement with Deputy Michel and with federal law enforcement.

While reasonable minds can differ as to the logic and lucidity of Mr. Baca's orders to those below him in the chain of command, his edicts were clear: investigate how the phone got into Anthony Brown's hands and protect that inmate from coercion, intimidation, and harm. Those orders were deemed appropriate by members of law enforcement with hundreds of years of combined experience, as well as learned counsel vested with providing competent and trustworthy legal advice to LASD management.

## MEMORANDUM OF POINTS AND AUTHORITIES

## A.    This Court May Order The Government To Offer Use Immunity.

The Ninth Circuit has recognized that in general, "immunity is an executive, not a judicial, function," and the sixth amendment does not automatically provide a defendant with a right to demand use immunity for defense witnesses who invoke their privilege against self-incrimination. *United States v. Baker*, 10 F.3d 1374, 1414 (9th Cir. 1993).  The Ninth Circuit has "recognized an exception,

7

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

however, when the defense witness's testimony would have been relevant, and the prosecutor's denial of immunity intentionally distorted the fact-finding process." *United States v. Croft*, 124 F.3d 1109, 1116 (9th Cir. 1997).

"Although this exception generally requires the prosecutor affirmatively to induce the witness to invoke the Fifth Amendment privilege, we may also find intentional distortion of the fact-finding process where the government grants immunity to a witness in order to obtain his testimony, while denying immunity to a defense witness whose testimony would directly contradict that of the government witness." *United States v. Baker*, 10 F.3d 1374, 1414 (9th Cir. 1993) (internal citations and quotations omitted.)

In *Williams v. Woodford*, 384 F.3d 567 (9th Cir. 2004), the Ninth Circuit set forth the test for when due process requires the district court to compel the government to grant use immunity to a defense witness:

> [T]he prosecution's refusal to grant use immunity to a defense witness denies the defendant a fair trial only when (1) the witness's testimony would have been relevant, and (2) the prosecution refused to grant the witness use immunity with the deliberate intention of *distorting the fact-finding process*. . . . To demonstrate the prosecutorial misconduct of the second prong, [the defendant] must show that the prosecution intentionally caused a defense witness to invoke the Fifth Amendment right against self-incrimination, or that the prosecution granted

8

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness. 384 F.3d at 600 (citations omitted and emphases added).

The first prong under the *Williams* test is that "the witness's testimony would have been relevant." *Id.* The Ninth Circuit has described the relevance requirement for purposes of the *Williams* test as "minimal." *Id.* The defendant "need not show that the testimony sought was either clearly exculpatory or essential to the defense." *United States v. Westerdahl*, 945 F.2d 1083, 1086 (9th Cir. 1991) (internal quotation marks omitted).

Mr. Baca's testimony is relevant and essential to Mr. Tanaka's defense. If Mr. Baca receives use immunity and is permitted to testify, his testimony will undermine the government's theory of what occurred, who was involved in making decisions and carrying out orders, and whether any *mens rea* existed in the minds of the accused. The second prong under the *Williams* test is that "the prosecution refused to grant the witness use immunity with the deliberate intention of distorting the fact-finding process." *Williams*, 384 F.3d at 600. The defense may satisfy this prong in one of two ways.

Under *Williams*, Mr. Tanaka may show "that the prosecution intentionally caused a defense witness to invoke the Fifth Amendment right against self incrimination." *See id.* The use of the word "intentionally" suggests that the defendant must demonstrate something more than the government's intention to

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

cross-examine the witness that amounts to something akin to prosecutorial misconduct. *United States v. Straub*, 538 F.3d 1147(9th Cir. 2008) (reversing the district court's denial of defendant's request to compel use immunity and remanding with a direction to the district to either enter a judgment of acquittal unless the prosecution grants use immunity to the defense witness at a new trial, or tries the case without the government's immunized testimony). In *Williams*, the court stated that resolution of this claim "turns on whether the prosecution took affirmative steps to prevent Williams's witnesses from testifying." 384 F.3d at 601.

The defendant can satisfy the second prong of the *Williams* test by showing that "that the prosecution granted immunity to a government witness in order to obtain that witness's testimony, but denied immunity to a defense witness whose testimony would have directly contradicted that of the government witness." 384 F.3d at 600. This "selective denial of immunity" may have the effect of distorting the fact-finding process, but does not necessarily demonstrate that the prosecution had the "deliberate intention of distorting the fact-finding process." *Id.* "Even where the government has not denied a defense witness immunity for the very purpose of distorting the fact-finding process, the government may have stacked the deck against the defendant in a way that has severely distorted the fact-finding process at trial." Straub, 538 F.3d at 1157; *see also Westerdahl*, 945 F.2d at 1087 ("Previously, we noted in dicta that where two eyewitnesses tell conflicting stories, and only the witness testifying for the government is granted immunity, the defendant would be denied 'any semblance of a fair trial.'") (internal citations omitted).

10

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

"Misconduct is not confined solely to situations in which the government affirmatively induces a witness not to testify in favor of a defendant." *Westerdahl*, 945 F.2d at 1087. Where the government liberally has used its discretion to grant immunity to numerous witnesses, and the defendant's witness could offer relevant testimony that would directly contradict that of an immunized government witness, the trial may become so fundamentally unfair that the defendant's due process rights are implicated. *Straub*, 538 F.3d at 1160.

As further support for the Ninth Circuit's application of the "effects test" and its applicability to this case, the remedy sought by Mr. Tanaka acts not as a sanction on the government, but acts to preserve the defendant's right to a fair trial. The court's decision to compel use immunity is not a sanction for prosecutorial misconduct; it is a vindication of the defendant's Fifth Amendment due process right to a trial in which the fact-finding process has not been distorted. See *United States v. Lord*, 711 F.2d 887, 892 (9th Cir. 1983) ("[T]he key issue in the analysis of defense use immunity is whether the defendant was denied a fair trial."). As such, Mr. Tanaka need not prove that the government acted intentionally to distort the fact-finding process where the other elements of the Williams test are met. *See Straub*, 538 F.3d at 1160-61.

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

**B.**    **The Fact Finding Process Will Be Distorted without A Grant of Use Immunity to former Sheriff Leroy Baca.**

The Government has not yet provided all of the discovery in this case, however, there is some indication that other government witnesses have been granted immunity – or at least been made promises – in exchange for their agreeing to testify against the defendants.  Others, including Mickey Manzo,  have simply been granted immunity and will be forced to testify for the government.[7] Mr. Manzo will be testifying to matters in which Mr. Baca was a percipient witness. The defense believes that without the contradictory testimony of Mr. Baca, Mr. Manzo's testimony will not be properly contradicted.

**B.**    **The fact-finding mission of the Court will be subverted if Mr. Baca is not allowed to testify at trial.**

The government has no "legitimate purpose" for refusing to immunize Mr. Baca. We seek immunity for a witness who is not under indictment and who can provide relevant and exculpatory evidence. The government has had every opportunity to indict Mr. Baca if had a good faith basis to do so. They have the proposed witness' personnel file, have interviewed him, have extensively

---

[7]Mr. Manzo was one of the defendants in the earlier related trial, *U.S. v. Thompson, et al*, CR 13-819-PA-4. Mr. Manzo was sentenced to prison but is on bond pending appeal. The status of his conviction and sentence is pending on appeal (*United States v. Mickey Manzo*, 9th Circuit Court of Appeals Case No. 14-50446). After all 7 defendants in *U.S. v. Thompson, et al*, were convicted, the government granted immunity to each defendant, compelling them to testify before the grand jury that eventually returned an indictment against defendants Paul Tanaka and William Carey.

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

investigated every person who had any contact with him germane to the incidents that have given rise to this prosecution. Despite such an intensive investigation, he has not been charged. Unless there is some hidden strategy, there seems no good reason for the government to wait if they indeed want to charge him.

## D.    Deprivation of Exculpatory Testimony

Mr. Baca's testimony about the matters surrounding the FBI's smuggling of a cell phone to inmate Anthony Brown, and the subsequent actions by subservient deputy sheriffs upon his lawful orders will directly contradict the government's evidence in several crucial respects. First, it will show Mr. Baca to be intimately and aggressively involved in the matter, both because he felt slighted by the FBI and because he wanted to forcefully but legally investigate what he believed was an unauthorized and criminal act.  Second, it will show that Mr. Baca acted at the behest of the FBI to protect and isolate Anthony Brown. Third, it will show that Mr. Baca did not have substantial contact or coordination with Mr. Tanaka regarding the Anthony Brown investigation, other than advising Mr. Tanaka and seeking his assistance in coordinating lawful investigative activities. Fourth, and of most significance, it will contradict other government evidence and testimony of Mr. Tanaka's culpability for obstruction of justice and conspiracy.

////////

////////

13

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

This is a sufficient "contradictory" nexus under the "effects test." "The fact that the proffered testimony need only support (as opposed to compel) a finding by the jury that it was "directly contradictory" is implied by the rest of the *Williams* test." *Straub*, 538 F.3d at 1163. The Ninth Circuit has stated:

It would narrow the due process right significantly if the test allows a low showing of relevance to pass the first prong, only to require that the same evidence must compel the jury to find that it is "directly contradictory" for the second prong. A brick, of course, is not a wall, and it would contravene the holdings of *Williams, Westerdahl*, and *Lord* to require that a defendant proffer a wall in order to compel use immunity for his brick. *Id.*

14

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA

# CONCLUSION

Having established the required nexus, this Court should compel the government to grant former Sheriff Leroy Baca use immunity so that he can testify in this case. Failure to provide Mr. Baca use immunity deprives defendant Paul Tanaka of exculpatory testimony directly contradictory to the government's immunized witnesses and other evidence supportive of its theory of the case. To deprive Mr. Tanaka of Mr. Baca's testimony will result in a trial so fundamentally unfair that it will deprive him of his due process rights.

Dated this 14th day of August, 2015.

Respectfully submitted,


*/s/ H. Dean Steward*
H. Dean Steward



*/s/ Jerome J. Haig*
Jerome J. Haig
Attorneys for Defendant Paul Tanaka

15

MOTION REQUESTING COURT-ORDERED IMMUNITY FOR LEROY BACA