H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753

Jerome J. Haig SBN 131903
21143 Hawthorne Bl. #454
Torrance, CA 90503
(424) 488-0686
Fax: (424) 271-5990
Jerome@jeromehaiglaw.com

Attorneys for Defendant
Paul Tanaka

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES, | Case No. CR-15-255-PA |
|---|---|
| Plaintiff, | NOTICE OF MOTION; MOTION TO STRIKE SURPLUSAGE; POINTS AND AUTHORITIES |
| vs. | |
| PAUL TANAKA, | Hearing Date: Sept. 28, 2015 |
| Defendant. | Time: 3:00 PM |

NOTICE: To United States Attorney Eileen Decker and Asst. U.S. Attorneys Brandon Fox and Lizabeth Rhodes, please take notice that on Sept. 28, 2015 at 3:00 PM, defendant Tanaka and counsel will bring the below motion to strike surplusage in the courtroom of the Honorable Percy Anderson, 312 N. Spring St, Los Angeles, California, courtroom 15.

Dated: Aug. 21, 2015          H. Dean Steward
                                              H. Dean Steward
                                              Jerome Haig
                                              Counsel for Defendant
                                              Paul Tanaka

- 1 -

MOTION

Comes now defendant Paul Tanaka, together with counsel, and moves this honorable Court for an order striking certain portions of the indictment herein, as further detailed below, pursuant to 7(d) of the Federal Rules of Criminal Procedure. The motion is based upon the attached points and authorities and such other material as may be adduced at the hearing on the motion herein.

Dated: Aug. 21, 2015          s./ H. Dean Steward

                                         H. Dean Steward

                                         Jerome Haig

                                         Counsel for Defendant

                                         Paul Tanaka

*POINTS AND AUTHORITIES*

**I. INTRODUCTION**

As set out in the indictment at numerous places, the alleged actions in this matter took place from August 18, 2011 to December 20, 2011. See Indictment, p. 10, lines 4-6. The indictment, however, sets out several pages of "Introductory Allegations" that are not part of "...a plain, concise and definite written statement of the essential facts constituting the offense charged…". Rule 7(c)(1), Federal Rules of Criminal procedure.

The irrelevant and/or prejudicial portions begin at p. 3, line 6 through and including p. 5, line 23. These passages purport to tell the history of alleged abuses at the Men's Central Jail in Los Angeles, operated by the Los Angeles County Sheriff's Department. These passages detail issues at the jail from 2005 to 2011. Almost all of these allegations are well before the relevant time period for the indictment.

They are also the classic definition of surplusage, in that they smear the Los Angeles County Sheriff's Department, and by inference, the leadership,  including Mr. Tanaka. Mr. Tanaka ends up taking blame, according to the indictment and the proof the government intends to try to introduce, for years of problems at the Jail.

For example, at p. 5, lines 21 to 23, the paragraph reads: "By no later than July of 2011, a chaplain informed LASD leadership that he witnessed deputy abuse of an inmate at MCJ [Men's Central Jail]." This paragraph adds nothing to the indictment and is not directly connected to defendant Tanaka. Defendant Tanaka is not charged with abuse of prisoners. The government may argue that the allegation  shows knowledge of problems at the MCJ. However, common sense would indicate that *all* jails and prisons across the country have problems and issues. The 3 pages identified add nothing to the indictment and are highly prejudicial.

The charge as to Mr. Tanaka is obstruction of justice and conspiracy. The obstruction charged also has nothing to do with prisoner abuse or anything like it. The government has repeatedly characterized this investigation as a public corruption

investigation. The essence of the obstruction charge in the indictment is moving a witness around to block an FBI investigation. The  paragraph above and the others set out here are surplusage.

Another example is at page 3, lines 13-21. The indictment discusses a report that was issued in 2005 (6 years before the events otherwise detailed in this indictment), by Special Counsel to the Los Angeles County Board of Supervisors. That report[1] appears to generally discuss misconduct by Los Angeles County Sheriff's deputies at the Jail. Again, Mr. Tanaka is not charged with this type of misconduct, nor conspiracy involving such conduct. The paragraph is surplusage.

**II. THE LAW**

A motion to strike surplusage is designed to "protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges. *U.S. v. Terrigno* 838 F.2d 371, 373 (9th Cir. 1988). Such a motion is proper to redact extraneous allegations which the government included in the indictment merely to prejudice the jury or to reinforce its broad theory of the case to the jury in writing. *U.S. v. Williams* 445 F.3d 724, 733 (4th Cir 2006); *U.S. v. Hedgepeth* 434 F.3d 609, 612 (3rd Cir. 2006); *U.S. v. Bissell* 866 F.2d 1343, 1355-57 (11th Cir. 1989); *U.S. v. Hughes* 766 F.2d 875, 879 (5th Cir. 1985).

Under Rule 7 of the Federal Rules of Criminal Procedure, an indictment "…shall be a plain, concise and definite written statement of the essential facts constituting the offense charged…". In addition, under Rule 7(d), "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The language here sought to be struck adds nothing to the indictment and is prejudicial and argumentative. Language in an indictment that is prejudicial may be removed by the district court. As Professor Wright has pointed out:

---

[1]   The report itself is hearsay and inadmissible at trial. Federal Rules of Evidence 802

- 4 -

"The purpose of [Rule 7(d)] is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts. Prosecutors have been known to insert unnecessary allegations for "color" or "background" hoping these will stimulate the interest of the jurors."

C. Wright, Federal Practice and Procedure §127 at 277 (1969). Accord: *U.S. v. Hernandez* 85 F.3d 1023, 1030 (2nd Cir. 1996); *U.S. v. Ramirez* 710 F.2d 535, 544-45 (9th Cir. 1983)

Even if the Court finds that the passages above are proper, they are still highly prejudicial, and any value they may have is outweighed by the unfair prejudice under Federal Rules of Evidence 403. Such evidence is not proper in any trial. If the evidence has only slight probative value, it must be excluded even if there is only "a modest likelihood of unfair prejudice or a small risk of misleading the jury." *U.S. v. Hitt* 981 F.2d 422, 424 (9th Cir. 1992).

## III. CONCLUSION

Because the challenged passages above are unfairly prejudicial, argumentative and add nothing to the indictment,  they must be removed.

Dated: Aug. 21, 2015                    s./ H. Dean Steward

H. Dean Steward

Jerome Haig

Counsel for Defendant

Paul Tanaka

- 5 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Aug. 21, 2015, service of the defendant's:

**NOTICE AND MOTION TO STRIKE SURPLUSAGE**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA BRANDON FOX AND LIZABETH RHODES**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on AUG. 21, 2015

s/ H. Dean Steward

H. Dean Steward