H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

LAW OFFICE OF JEROME J. HAIG
Jerome Haig, Attorney at Law
SBN 131903
21143 Hawthorne Bl., Ste. 454
Torrance, CA90503
(424) 488-0686
fax- (424) 271-5990
jerome@jeromehaiglaw.com

Attorneys for Defendant
Paul Tanaka

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                     Plaintiff,<br><br>        vs.<br><br>PAUL TANAKA<br><br>             Defendant. | Case No.  CR-15-255-PA<br><br>NOTICE OF MOTION; MOTION TO CONTINUE TRIAL DATE; DECLARATION OF COUNSEL<br><br>Date: Sept. 28, 2015<br>Time: 3:00 PM |

Comes now defendant, through counsel, and moves this Honorable Court for an order continuing the now set trial date of Nov. 3, 2015 to Feb. 2, 2016, for the reasons set out below.

Dated: 8-22-15          s./ H. Dean Steward

                            H. Dean Steward

                            Jerome Haig

                            Counsel for Defendant

                            Paul Tanaka

- 1 -

## I. INTRODUCTION

The Tanaka defense seeks a continuance of the trial date to February 2, 2016, in order to fully prepare for trial. In June of this year, the parties submitted a stipulation to continue the trial to that date, which was denied. However, the defense did not know the full scope and volume of material in discovery when the joint stipulation to continue was filed in early June. It is now apparent that there is far more than anticipated (please see below), and this case was rightfully deemed a complex case on May 13, 2015 [docket #9].

## II. DISCOVERY AND ISSUES THE TANAKA DEFFENSE TEAM MUST DEAL WITH

### A. DISCOVERY RELEASED TO THE DEFENSE, MOTION PREPARATION, IN LIMINE MOTION PREPARATION

1. *OMEGA*- this is a data base that contains more than 1 million documents, most of which are relevant in some way to this matter, including inmate force complaint files, LASD personnel files, phone records, witness statements, grand jury transcripts (100+ witnesses), trial transcripts, governments reports (i.e. those reports named in the first 6 pages of the indictment), thousands of pages of e-mail, audio and video tapes of various interviews

2. In addition, the government has released 16 discovery disks with added material of the type set out above, including audio recordings

### B. ALL ISSUES FROM THE FIRST THREE TRIALS: *U.S. v. SEXTON* (Tried twice) and *U.S. v. THOMPSON* CR-13-819-PA

This also includes reviewing witness testimony from all 3 trials and fulfilling the defense's obligation under the 6th Amendment to interview all relevant witnesses and fully prepare for trial.

### C. ALL ISSUES NOW PRESENTED TO THE 9TH CIRCUIT FROM THE SEXTON/THOMPSON TRIALS- #14-50441

Half a dozen different issues are now pending in the 9th Circuit, most of which apply to defendant Tanaka.

C. FORMER DEPUTYS' TESTIMONY AT THIS TRIAL

    1. Carey guilty plea: Changes the landscape of the case- Intense investigation of this former co-d is now necessary

        -Don't have any recent grand jury or statements

        -Only statement defense has is the factual basis of the plea agreement

        -Need to interview Mr. Carey

        -Need to review/comb the discovery (including OMEGA) for relevant material as to Carey

    2. Manzo's testimony - the defense has been informed that former deputy and defendant Mickey Manzo will testify at the Tanaka trial

        -Need to interview Mr. Manzo

        - Need to review/comb the discovery (including OMEGA) for relevant material as to Manzo

D. INVESTIGATION

    1. Interview dozens of witnesses, 91 on government's potential witness list

    2. Identify witnesses helpful to the defense

    3. Background investigation on each witness who will testify, both defense and prosecution

E. POSSIBLE EXPERTS

    1. Identify issues that may require expert testimony

    2. Locate potential experts

    3. Work with experts, if needed, to submit CV's and summarize testimony

F. JURY INSTRUCTIONS

    1. Begin process to craft jury instructions

    2. Review those given in prior 3 trials

G. ATTORNEY STEWARD'S HEALTH

    Please see attached declaration

### III. THE LAW

Four factors guide courts in this Circuit on a request for a continuance by a defendant:

1) a defendant's diligence in preparing his defense prior to the trial date;

2) whether the continuance would satisfy his needs;

3) the inconvenience a continuance will cause the court and the government; and

- 3 -

4) "the extent to which a defendant might have suffered harm as a result of the district court's denial."

*U.S. v. Zamora-Hernandez* 222 F.3d 1046 (9th Cir. 2000), citing *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), amended by 764 F.2d 675 (9th Cir.1985); *U.S. v. Noe*, 821 F.2d 604, 607 (11th Cir. 1987)

Taking each of these factors in turn, a continuance is necessary and proper:

- DEFENDANT'S DILIGENCE- The Tanaka defense team has been very diligent in reading discovery, interviewing witnesses and generally preparing for trial. Defense counsel are  bound to make reasonable efforts to obtain and review relevant discovery material.  *Rompila v. Beard* 545 U.S. 374 (2005). Given the volume of discovery, it's next to impossible for the defense to review all documents and be fully prepared until the requested trial date of  Feb. 2, 2016. Importantly, discovery review has and will continue to take counsel's time away from traditional, basic trial preparation: investigate witnesses, legal theories, jury instructions, in limine motions, pre-trial motions, etc.

- CONTINUANCE IS SUFFICIENT TO SATISFY NEEDS- the defense believes that if the Court allows the continued trial date requested, full defense preparation will be accomplished.

- INCONVENIENCE TO COURT AND GOVERNMENT- The government may well join in this motion to continue. Government counsel told the defense that they may take such a position.  They joined the stipulation to continue back in June. The defense asks the Court not to rule on this motion until the government has responded to it. The defense understands that the government may join the motion, and may have one or more grounds compelling a continuance that are not presented here.

As to the Court's schedule, counsel is unaware of inconvenience or the Court's schedule.

- HARM TO DEFENDANT- Again, given the enormous bulk of discovery and many witnesses and issues, the current trial date will not allow for adequate preparation for trial. The harm is clear.

**IV. CONCLUSION**

For the above reasons, the defense request a continuance of the trial date to Feb. 2, 2016

Dated: 8-22-15                    s./ H. Dean Steward

                                                    H. Dean Steward

                                                    Jerome Haig

                                                    Counsel for Defendant

                                                    Paul Tanaka

**Declaration of Counsel**

I, H. Dean Steward, declare:

1. I, along with attorney Jerome Haig, represent Paul Tanaka in this matter.  We are retained counsel. I make this declaration in support of the attached motion to continue the trial date.

2. I need a total hip replacement for my right hip, due to significant arthritis. I have been in pain in that area for more than 6 months. I tried a cortisone injection into the hip, but it did not relieve the pain.

3. My surgeon scheduled me for the operation in June of 2015. However, that was postponed due to dental issues that had to be resolved prior to any surgery. I was cleared for hip surgery on August 11, 2015, with  a minimum 30 day wait period  prior to the operation.

4. Post-operative, I will be restricted from all work activity for 2 weeks, and cannot drive a car for 2 months. I reside in South Orange County.

5. I am in daily pain and take over the counter pain relievers several times daily. It is difficult for me to walk more than 2-3 blocks. I take prescription pain relievers on occasion.

6. As the trial is currently scheduled, I do not want to have the surgery until early 2016. I do not want to miss the preparation time for the Tanaka trial. If the Court were to grant the motion to continue, I would plan on having the surgery mid-October, giving me  sufficient time to prepare further for trial, after the  surgery.

Dated: 8-22-15

I declare under penalty of perjury that the fore going is true and correct.


s./ H. Dean Steward

-6-

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on Aug. 22, 2015, service of the defendant's:

**Notice of Motion; Motion to Continue Trial Date**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Brandon Fox & Lizabeth Rhodes**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Aug. 22, 2015

s/ H. Dean Steward

H. Dean Steward