EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar. No. 155299)
Assistant United States Attorney
Public Corruption and Civil Rights Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:     Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE SURPLUSAGE |
| v. | |
| PAUL TANAKA, | Hearing date: 9-28-2015 |
| Defendant. | Hearing time: 3:00 P.M. Location:    Courtroom of the Honorable Percy Anderson |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files its opposition to defendant Paul Tanaka's motion to strike surplusage.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 8, 2015                    Respectfully submitted,

                                           EILEEN M. DECKER
                                           United States Attorney

                                           LAWRENCE S. MIDDLETON
                                           Assistant United States Attorney
                                           Chief, Criminal Division


                                           */s/ Brandon D. Fox*
                                           BRANDON D. FOX
                                           LIZABETH A. RHODES
                                           EDDIE A. JAUREGUI
                                           Assistant United States Attorney

                                           Attorneys for Plaintiff
                                           UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant Paul Tanaka has moved to strike several allegations from the indictment charging him with obstruction of justice and conspiracy to obstruct justice.  Specifically, defendant moved to strike Introductory Allegation 8, and all of its subparagraphs, claiming that the allegations contained therein are either irrelevant or prejudicial.  The Court should deny defendant's motion because the allegations at issue are relevant and material to the charges against him and are not inflammatory or prejudicial.

**II.   STATEMENT OF FACTS**

Defendant, the former Los Angeles Sheriff's Department Undersheriff, was indicted by a federal grand jury on May 13, 2015, for conspiring to obstruct justice, in violation of 18 U.S.C. § 371, and obstruction of justice, in violation of 18 U.S.C. § 1503(a).  The charges relate to actions defendant took after learning that the federal government was conducting a grand jury investigation into inmate abuse and public corruption violations by LASD deputies working in two Los Angeles County Jails.  In summary, defendant and his co-conspirators conspired to hide an informant from the federal government, tamper with witnesses, and threatened to charge and arrest an FBI case agent assigned to the federal investigation.

**III. ARGUMENT**

Under Federal Rule of Criminal Procedure 7(d), a motion to strike allegations from an indictment should be granted only when the challenged allegations are irrelevant to the charges and contain inflammatory and prejudicial material.  United States v. Laurienti, 611 F.3d 530, 546-47 (9th Cir. 2010) ("The purpose of a motion to

strike under Fed. R. Crim. P. 7(d) is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges.") (quoting United States v. Terrigno, 838 F.2d 371, 373 (9th Cir. 1988)).

As several courts have noted, "[t]he standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Watt, 911 F. Supp. 538, 554 (D.D.C. 1995) (quoting United States v. Jordan, 626 F.2d 928, 930 n.1 (D.C. Cir. 1980); see also United States v. DePalma, 461 F. Supp. 778, 797 (S.D.N.Y. 1978) (standard for striking allegations as surplusage is "exacting"). Accordingly, "[m]otions to strike surplusage are rarely granted." United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006); C. Wright, Federal Practice and Procedure § 128 (4th ed.) ("[N]o matter how framed, it is an exacting standard, and courts are often slow to grant a motion to strike surplusage.").

Because all of the allegations put at issue by the defendant here are relevant to the charges against defendant, and are neither inflammatory nor prejudicial, the Court should deny defendant's motion to strike surplusage.

**A.    Defendant's Knowledge of Inmate Abuse and Deputy Misconduct, and Criticisms of Internal LASD Investigations, Are Relevant to the Charges and Are Not Inflammatory or Prejudicial**

Defendant asserts that the introductory allegations contained in the indictment, beginning on page three at line six and continuing through page five at line twenty-three, are "irrelevant and/or prejudicial" and meet the "classic definition of surplusage."  Mot. at 3.  Those pages detail defendant's and former co-defendant William Thomas Carey's knowledge of allegations of inmate abuse at Los

Angeles County jails and of insufficient internal investigations and enforcement of deputy misconduct by the LASD.  Defendant argues that these allegations are irrelevant because most of the allegations relate to conduct occurring before the relevant time period in the indictment and because they detail inmate abuse and defendant is not charged with inmate abuse.  Id.  Defendant further argues that the allegations are "highly prejudicial" because the allegations "smear" the LASD leadership and, by implication, defendant.

Defendant is wrong.  With the exception of Introductory Allegation 8(j) — which the government will agree to strike because it relates solely to co-defendant Carey, who has pleaded guilty — all of the challenged allegations are relevant, not inflammatory, and not prejudicial.

Defendant is charged with conspiring to obstruct a federal investigation into corruption and inmate abuse by deputy sheriffs. He is also charged with the substantive crime of obstruction of justice.  To prove the conspiracy count, the government must prove, among other things, that defendant knew of the object of the conspiracy — in this case, to prevent the grand jury from conducting an investigation into inmate abuse and corruption within the LASD — and intended to help accomplish it.  Similarly, to prove the obstruction count, the government must prove, among other things, that the defendant "acted corruptly" to obstruct the investigation, that is, "with the purpose of obstructing justice."  United States v. Laurins, 857 F.2d 529, 536-37 (9th Cir. 1988).  The challenged

allegations in the indictment are directly relevant to these charges.[1]

In large part, the challenged paragraphs pertain to defendant's prior knowledge of allegations of inmate abuse and corruption within LASD jails. (See Indictment at p. 3-4, ¶¶ 8(a)-(b),(d)-(e),(g)-(h),(i),(k)-(n).) Additionally, some of the challenged paragraphs describe defendant's beliefs and statements regarding internal efforts to rein in deputy misconduct. (Id. at ¶¶ 8(c),(f).) For example, paragraph 8(c) of the indictment alleges:

> In approximately June 2007, defendant TANAKA informed deputies that defendant TANAKA would be checking to see which LASD captains were putting the most cases on deputies so that he could put a case on those captains.

Similarly, paragraph 8(f) states:

> In approximately 2009, defendant TANAKA informed LASD supervisors: (a) they should allow deputies to work in the "gray area"; (b) defendant TANAKA wanted the Internal Affairs Bureau to have approximately 44 fewer investigators than the approximate 45 investigators it then had.

---

[1] Defendant asserts that "the obstruction charged has nothing to do with prisoner abuse or anything like it." Mot. at 3. This is simply untrue. As detailed in the indictment, the government asserts that defendant and his co-conspirators attempted to prevent the grand jury from conducting an investigation that would "uncover the culture of deputy abuse of inmates and corruption within [Men's Central Jail and the Twin Towers Correctional Facility]." See Indictment, Dkt. 1, Count 1(B)(1). Similarly, the indictment charges that defendant attempted to learn the manner and extent of the FBI investigation and sought to determine "which inmates the FBI was in contact with regarding civil rights abuses." Id., Count 1(B)(4)(d), Count 1(C)(6)(noting that defendant met with LASD deputies "assigned to pose as cellmates of Inmate AB so they could obtain information about Inmate AB's allegations of deputy abuse within the MCJ").

4

All of these allegations are directly relevant to the charges because they show defendant's <u>knowledge</u> of a culture of abuse and corruption within the LASD, <u>intent</u> to keep that culture of abuse and corruption from coming to light, and <u>motive</u> to obstruct the federal investigation.  The fact that defendant expressed his desire that deputies be allowed to operate in a "gray area"; to bring down to 1 from 45 the number of investigators looking into police abuse; and to "put a case" on any captain seeking to police deputy misconduct, at the very least, tends to show defendant's knowledge, intent, and motive for obstructing and impeding the federal investigation into LASD abuse and corruption.  Similarly, the fact that defendant had long ago been apprised of allegations of inmate abuse, "problem deputies," and insufficient and inadequate internal investigations, and that defendant wished to gut the very unit that conducted such investigations within the LASD, provides a motive for defendant to obstruct the FBI's investigation.  Given defendant's high rank within the LASD, and his role in overseeing internal investigations, (Indictment at p. 2, ¶¶ 3-4), it is likely that defendant feared being held responsible if those allegations came to light (in fact, a citizen's commission investigation into jail violence found him culpable for the widespread problems within the jails).[2]  Accordingly, the

---

[2] Indeed, after defendant learned that inmate AB was working as an informant for the FBI, defendant assigned deputies to isolate, guard, and monitor AB, and even go undercover as AB's cellmates, telling deputies that their investigation into AB, and what he was telling the FBI, was "one of the most important investigations in the history of the LASD."  (Indictment at p. 16, ¶¶ 1-10.)

challenged paragraphs are far from being irrelevant; they are directly relevant and material to the charges against defendant.

Finally, the challenged allegations are neither inflammatory, nor prejudicial.  As described above, the allegations, and their corresponding evidence, are directly relevant to the charges in the indictment and are important to the government's proof of defendant's criminal intent.  See Laurienti, 611 F.3d at 547 (characterization of sales practices as "unlawful" was relevant where "government sought to prove that . . . the practices were indeed unlawful").  And even if the challenged paragraphs could be deemed "prejudicial," they may not be stricken as surplusage because evidence of the allegations would be relevant and admissible at trial.  See United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) ("[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken.") (internal quotation and citation omitted); see also United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir. 1998) ("[A] motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial."); United States v. Hedgepeth, 434 F.3d 609, 612 (3d Cir. 2006) ("[I]nformation that is prejudicial, yet relevant to the indictment, must be included for any future conviction to stand and information that is irrelevant need not be struck if there is no evidence that the defendant was prejudiced by its inclusion.").

Defendant's contrary assertion that evidence of these allegations would be inadmissible under Rule 403 is incorrect.  To be inadmissible under Rule 403, the evidence must be more than

prejudicial, it must be "unfairly" prejudicial.  See Fed. R. Evid. 403; see also United States v. Mende, 43 F.3d 1298, 1302 (9th Cir. 1995) ("[u]nder the terms of the rule, the danger of unfair prejudice must not merely outweigh the probative value of the evidence, but substantially outweigh it.").  As the Ninth Circuit has stated, "[r]elevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (internal quotations and citation omitted); see also United States v. Starnes, 583 F.3d 196, 215 (3d Cir. 2009) ("[U]nfair prejudice does not simply mean damage to the opponent's case. If it did, most relevant evidence would be deemed unfairly prejudicial.").

The term "unfair prejudice" "speaks to the capacity of some concededly relevant evidence to lure the fact finder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180 (1997).  In other words, it "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (quoting Advisory Committee Notes to Fed. R. Evid. 403).  Here, although evidence of the allegations contained in the challenged paragraphs would "damage" defendant's case, in that it would tend to show defendant's knowledge of inmate abuse and misconduct within the jails, and improper motive and intent to obstruct the federal investigation (making the evidence relevant and highly probative), it would not be unfairly prejudicial because it does not "lure the factfinder from declaring guilt on a ground different from proof specific to the offense charged." Id.

**IV.    CONCLUSION**

The government agrees to strike Introductory Allegation 8(j) from the indictment because it relates solely to co-defendant Carey.  The remaining introductory allegations challenged by defendant are relevant to the charges and are not inflammatory or prejudicial.  Accordingly, this Court should deny defendant's motion to strike surplusage.