EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Chief, Public Corruption and Civil Rights
LIZABETH ANN RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Public Corruption and Civil Rights Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
     1300/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:     Brandon.Fox@usdoj.gov
                 Lizabeth.Rhodes@usdoj.gov
                 Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S OPPOSITION TO MOTION TO DISMISS INDICTMENT BASED ON QUALIFIED IMMUNITY AND FAIR NOTICE |
| PAUL TANAKA, | |
| Defendant. | Hearing Date: September 28, 2015 |
| | Hearing Time: 3:00 p.m. |
| | Location:   Courtroom of the Hon. Percy Anderson |

     Plaintiff United States of America, by and through its counsel
of record, the United States Attorney for the Central District of
California and Assistant United States Attorneys Brandon D. Fox,
Lizabeth A. Rhodes, and Eddie A. Jauregui, hereby files its
Opposition to defendant Paul Tanaka's Motion to Dismiss Indictment
Based Upon Qualified Immunity and Fair Notice (R. 66).

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 8, 2015          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


          /s/ *Brandon D. Fox*
Brandon D. Fox
Lizabeth A. Rhodes
Eddie Jauregui
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                                    PAGE

TABLE OF AUTHORITIES...............................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...............................1

I.     INTRODUCTION................................................1

II.    STATEMENT OF FACTS..........................................1

       A.    The Court Should Not Consider Defendant's "Facts"........1

       B.    The Indictment's Allegations............................2

       C.    The Defendant and his Co-Conspirators...................2

       D.    Defendant and His Co-Conspirators Hide Inmate AB from
             the Federal Government and the Grand Jury...............2

       E.    Defendant's Co-Conspirators Tamper with Witnesses.......3

       F.    Defendants Threaten to Arrest Special Agent LM..........3

III.   ARGUMENT....................................................4

       A.    Dismissal of the Indictment Based on a Claim of
             Immunity or Fair Notice Is Improper.....................4

       B.    The Tenth Amendment Provides Defendant with No
             Protection..............................................8

       C.    Defendant Is Not Entitled to Qualified Immunity.........10

       D.    The Supremacy Clause and a Federal Removal Statute in
             No Way Provide Defendant with Any Rights or Immunities...11

       E.    Defendant Had Fair Warning that His Conduct was
             Illegal.................................................11

IV.    CONCLUSION..................................................15

i

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

**FEDERAL CASES**

Academy of Our Lady of Peace v. City of San Diego,
    09 CV 0962 WQH (MDD), 2011 WL 6826636,
    *8 (S.D. Cal. Dec. 28, 2011)...................................10

Badders v. United States,
    240 U.S. 391, 394 (1916).......................................7

Carson v. United States,
    310 F.2d 558, 561 (9th Cir. 1962)...........................4, 5

Catrino v. United States,
    176 F.2d 884, 887 (9th Cir. 1949)............................12

Doe v. Pittsylvania County, Va.,
    842 F. Supp. 2d 906, 921 (W.D. Va. 2012).....................10

Gravel v. United States,
    408 U.S. 606, 627 (1972).....................................10

Hobart v. City of Stafford,
    784 F. Suppl. 2d 732, 765 (S.D. Tex. 2011)...................10

Hodel v. Va. Surface Mining & Reclamation Ass'n,
    452 U.S. 264, 291 (1981)..................................8, 10

Imbler v. Pachtman,
    424 U.S. 409, 429 (1976).....................................10

In re Grand Jury,
    640 F.3d 385, 388 (1st Cir. 2011).............................9

In re Special Proceedings,
    291 F. Supp. 2d 44, 56 (D.R.I. 2003)..........................9

Kuromiya v. United States,
    37 F. Supp. 2d 717, 725 (E.D. Pa. 1999).......................9

Mitchum v. Foster,
    407 U.S. 225, 242 (1972).....................................10

O'Shea v. Littleton,
    414 U.S. 488, 503 (1972)..................................4, 10

Standefer v. United States,
    447 U.S. 10, 24 (1980)........................................8

United States v. Andaverde,
    64 F.3d 1305, 1310 (9th Cir. 1995)............................9

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                          PAGE

United States v. Benson,
941 F.2d 598, 614 (7th Cir. 1991), mandate amended by 957
F.2d 301 (7th Cir. 1992).........................................7

United States v. Boren,
278 F.3d 911, 914 (9th Cir. 2002).........................1, 7, 8

United States v. Cueto,
151 F.3d 620, 630 (7th Cir. 1998).........................12, 14

United States v. Fleming,
215 F.3d 930, 933 (9th Cir. 2000).............................14

United States v. Freeman,
208 F.3d 332, 338 (1st Cir. 2000).............................13

United States v. Friedman,
445 F.2d 1076, 1078-1081 (9th Cir. 1971)......................14

United States v. Griffin,
589 F.2d 200, 206 (5th Cir. 1979).............................12

United States v. Harriss,
347 U.S. 612, 617 (1954)......................................11

United States v. Hornsby,
666 F.3d 296, 312 (4th Cir. 2012).............................13

United States v. Howard,
569 F.2d 1331, 1336-37 (5th Cir. 1978)....................12, 14

United States v. Jensen,
93 F.3d 667, 669 (9th Cir. 1996)............................7, 8

United States v. Lanier,
520 U.S. 259 (1997)......................................5, 6, 12

United States v. Lester,
749 F.2d 1288, 1295 (9th Cir. 1984)...........................13

United States v. Lewis,
368 F.3d 1102, 1105-06 (9th Cir. 2004)....................passim

United States v. Mann,
517 F.2d 259, 267 (5th Cir. 1975)..............................7

United States v. Metcalf,
435 F.2d 754, 756 (9th Cir. 1970).............................12

United States v. Murray,
751 F.2d 1528, 1535 (9th Cir. 1985)...........................13

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                      PAGE

United States v. Nukida,
        8 F.3d 665, 670 (9th Cir. 1993)...............................5

United States v. Ramirez,
        2004 WL 203034 (S.D.N.Y. 2004)..............................14

United States v. Shortt Accountancy Corp,
        785 F.2d 1448, 1452 (9th Cir. 1986)...........................5

United States v. Shotts,
        145 F.3d 1289, 1301 (11th Cir. 1998)........................13

United States v. Thompson,
        76 F.3d 442 (2d Cir. 1996)..................................12

United States v. Triumph Capital Group, Inc.,
        260 F. Supp. 2d 470, 476 (D. Conn. 2003)....................12

**FEDERAL STATUTES**

18 U.S.C. § 1503.........................................................passim

18 U.S.C. § 1503(a)........................................................7, 14

18 U.S.C. § 371..............................................................2

28 U.S.C. § 1442(a).........................................................11

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I.    INTRODUCTION**

Defendant asks this Court to improperly dismiss charges against him before trial by considering selected facts outside of the four corners of the indictment.  Defendant asserts that his conduct, and that of his co-conspirators, was "not inherently unreasonable." (Mot. at 4:21-22.)  But a grand jury found that his actions were corrupt (as did two juries with respect to seven of his co-conspirators).  Defendant's motion is meritless and should be denied.

**II.   STATEMENT OF FACTS**

**A.    The Court Should Not Consider Defendant's "Facts"**

In support of his motion, defendant provides factual assertions that go outside of the four corners of the indictment.  (Mot. at 5-6, 11-12.)  These assertions are irrelevant to the outcome of the motion because defendant cannot use extrinsic evidence to attack the sufficiency of the allegations, <u>United States v. Boren</u>, 278 F.3d 911, 914 (9th Cir. 2002).  Defendant claims it is proper for the Court to consider these issues pretrial, (Mot. at 7), but cites only to cases in which courts have determined whether <u>federal</u> officials charged with <u>local</u> crimes are entitled to immunity.  Defendant does not provide any examples of cases in which courts have determined whether a <u>local</u> official is entitled to immunity from <u>federal</u> prosecution because extrinsic facts show he purportedly acted within the scope of his duties.  Indeed, the opposite is true: defendant cannot base immunity arguments on "the same evidence that the Government will introduce at trial to support the underlying charge." <u>United States v. Lewis</u>, 368 F.3d 1102, 1106 (9th Cir. 2004).  Accordingly, the Court should disregard the defendant's factual assertions entirety.

**B.    The Indictment's Allegations**

The indictment charges defendant Paul Tanaka with: (1) conspiring to obstruct justice, in violation of 18 U.S.C. § 371; and (2) obstruction of justice, in violation of 18 U.S.C. § 1503. The charged conduct relates to the actions that defendant and his co-conspirators took after learning that the federal government was conducting a grand jury investigation of civil rights and public corruption violations by deputies working in the LASD's jails.  As detailed below, the indictment alleges that the conspiracy included hiding an informant from the federal government, tampering with several witnesses, and attempting to intimidate an FBI agent assigned to the investigation by threatening to charge and arrest her.

**C.    The Defendant and his Co-Conspirators**

According to the indictment: Defendant Tanaka was the Undersheriff of the Los Angeles County Sheriff's Department, serving as its second-in-command.  (Indictment p. 2, ¶ 3.)  As is relevant to this motion, his co-conspirators performed the following functions: Captain William Thomas Carey and Lieutenant Stephen Leavins oversaw the LASD's Internal Criminal Investigations Bureau ("ICIB") and (b) Sergeants Scott Craig and Maricela Long served under Carey and Leavins within ICIB. (Id. at ¶¶ 4-6.)

**D.    Defendant and His Co-Conspirators Hide Inmate AB from the Federal Government and the Grand Jury**

By no later than August 2011, defendant knew that a federal grand jury was conducting an investigation of the LASD's employees within the Los Angeles County Jails.  (Indictment p. 8, ¶ 18.) Defendant and others attempted to corruptly influence, obstruct, and impede the investigation.  (Id. at p. 10, lines 4-15.)

As part of their obstructive conduct, defendant and his co-conspirators attempted to prevent the federal government and grand jury from interviewing, contacting, or locating Inmate AB, who was an informant in the federal investigation, by falsifying Inmate AB's records and hiding Inmate AB.  (Id. at p. 10-11, ¶¶ 2-3.) Defendant's co-conspirators attempted to find out what information Inmate AB had given to the federal government through interviews of Inmate AB and an undercover operation.  (Id. at p. 11-12, ¶ 4.)  At the same time, defendant's co-conspirators attempted to make Inmate AB feel as though the FBI had abandoned him.  (Id. at p. 11, ¶ 5.)

**E.    Defendant's Co-Conspirators Tamper with Witnesses**

Defendant oversaw his co-conspirators' interviews of LASD deputies believed to be connected to the federal investigation.  (Id. at 12, ¶ 6.)  During these interviews, the co-conspirators: (a) attempted to convince deputies not to cooperate with the federal investigation; (b) informed them and suggested to them that the FBI was manipulating, blackmailing, threatening, and lying to them; and (c) ordered them not to speak to the FBI and to report all contact by the FBI to the co-conspirators.  (Id. at p. 12-13, ¶ 6.)

**F.    Defendant's Coconspirators Threaten to Arrest Special Agent LM**

Sergeant Craig unsuccessfully tried to obtain a court order to require the FBI to turn over its investigative records of the LASD, and the true identity of any agent involved in any investigation within the Los Angeles County Jail system in the previous two years. (Id. at p. 13, ¶ 7.)  On September 26, 2011, Craig and Long confronted Special Agent LM outside of her home, where Craig falsely informed her that: (a) Special Agent LM was a named suspect in a

3

felony complaint; and (b) defendant Craig was in the process of swearing out a declaration for a warrant for her arrest. (Id. at p. 20, ¶ 30.)  Long then falsely informed Special Agent LM's supervisor that there was going to be a warrant for Special Agent LM's arrest, and that the arrest warrant could be issued as soon as the next day.  (Id. at p. 20, ¶ 32.)

**III. ARGUMENT**

Defendant argues that this Court should take this case away from the jury and dismiss the charges against him before trial pursuant to Federal Rule of Criminal Procedure 12(b) because, he claims, the charges are barred on qualified immunity and fair warning grounds. The United States Constitution, binding precedent from the Supreme Court and the Ninth Circuit Court of Appeals, and federal statutes and rules all show that defendant is not entitled to the relief he requests.

First, contrary to defendant's assertion, he is not entitled to a pretrial determination of or an evidentiary hearing on the issues. Carson v. United States, 310 F.2d 558, 561 (9th Cir. 1962); Lewis, 368 F.3d at 1105-06.  Second, the fair warning doctrine is inapplicable because defendant could reasonably understand that the obstruction of justice statute covered his conduct.  Third, local law enforcement officers are not entitled to immunity from federal criminal prosecution.  O'Shea v. Littleton, 414 U.S. 488, 503 (1972).

> **A.   Dismissal of the Indictment Based on a Claim of Immunity or Fair Notice Is Improper**

The Ninth Circuit has forbidden these very challenges in pretrial filings because "[c]onstitutional questions are not entertained in federal court in advance of the strictest necessity."

Carson, 310 F.2d at 561.  In Carson, the Ninth Circuit reversed and remanded a defendant's conviction based on faulty jury instructions. During his appeal, defendant asked the Court to consider his Tenth Amendment challenge to his prosecution as applied to the evidence introduced at his first trial.  The Court refused to consider the issue because the facts relevant to the Tenth Amendment challenge depended on the evidence at trial, which might have been substantially different on retrial than it was during defendant's initial trial.  Id.  Accordingly, the Ninth Circuit determined that a pretrial ruling on the Tenth Amendment issue was inappropriate.  Id.

Defendant contends that the Court has the authority to dismiss the charges against him on immunity and fair warning grounds pursuant to Rule 12(b).  Dismissal pursuant to Rule 12, however, is "unavailabil[e] . . . in determination of general issues of guilt or innocence."  United States v. Nukida, 8 F.3d 665, 670 (9th Cir. 1993).  This "helps ensure that the respective provinces of the judge and jury are respected."  Id.  Accordingly, a court cannot dismiss a criminal indictment unless the issue is "entirely segregable" from the evidence presented at trial.  United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986).

A fair warning defense or claim of immunity that is based on "the same evidence that the Government will introduce at trial to support the underlying charge" is not "entirely segregable."  Lewis, 368 F.3d at 1106 (citation omitted) (dismissing a state correctional officer's interlocutory appeal of an order denying a pre-trial motion to dismiss on fair warning grounds).  Accordingly, a pretrial ruling on the merits is inappropriate.  Id.  Relying on the Supreme Court's decision in United States v. Lanier, 520 U.S. 259 (1997), the Ninth

Circuit explained in Lewis that the criminal doctrine of fair warning, while analogous in other respects to civil qualified immunity, does not entitle a defendant to dismissal of charges pre-trial:

> [T]he Court in Lanier did not hold that the fair warning requirement insulates a criminal defendant from standing trial, as qualified immunity does for a civil defendant. Rather, the Court held that qualified immunity provides officials "the same protection form civil liability that individuals have traditionally possessed in the face of vague criminal statutes."  Without express authority, we will not expand the scope of immunity to criminal prosecution, "regardless of whether in some circumstance [that immunity] may provide a bar to conviction."  Lewis cites no case, nor can we find any, that has extended fair warning to include a protection from standing trial.

Lewis, 368 F.3d at 1105 (citations omitted) (emphasis in original). Thus, where, as here, an asserted fair warning defense is not "entirely segregable from the evidence to be presented at trial," "the motion falls within the province of the ultimate finder of fact and must be deferred [to the jury]."  Id. at 1106 (citations and internal quotation marks omitted).  As a result, it would be inappropriate for the Court to dismiss the indictment based on defendant's fair warning or immunity claim.

     As discussed in the next section, defendant has no support for the immunity he seeks.  He instead argues his version of the facts in an attempt to have this Court believe he did no wrong.  For example, defendant contends that he "participat[ed] in an authorized law enforcement investigation that was . . . tacitly approved by United States governmental law enforcement agencies," his conduct was "not inherently unreasonable," he "acted in good faith in carrying out orders" that defendant refers to as "facially lawful," and he "lacked the mens rea required for criminal conduct."  (Mot. at 4:3-8, 6:10-

16, 6:19-24.)  These statements show that defendant really is contending that he is innocent of the charges because he did not have the requisite criminal intent.  The indictment, however, alleges that defendant did have a corrupt intent to obstruct justice.  "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence."  United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (quoting United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975)).  Defendant is free to argue at trial that he was not endeavoring to obstruct a federal grand jury investigation, but was instead simply following lawful orders.  At this stage, however, the Court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.  Id. at 669; see also United States v. Sampson, 371 U.S. 75, 78-79 (1962); Boren, 278 F.3d at 914.

Similarly, defendant argues that his case should be dismissed because his actions were purportedly "reasonable" or "not inherently unreasonable."  (Mot. at 2:14, 4:22, 11:21.)  Defendant cites to no "reasonable" standard written into conspiracy or obstruction of justice case law.  Indeed, it does not exist.  18 U.S.C. § 1503(a); Ninth Circuit Model Criminal Jury Instruction 8.131; Badders v. United States, 240 U.S. 391, 394 (1916) ("Intent may take an otherwise innocent act criminal, if it is a step in a plot."); United States v. Benson, 941 F.2d 598, 614 (7th Cir. 1991), mandate amended by 957 F.2d 301 (7th Cir. 1992) (whether or not defendant's belief was "objectively reasonable was irrelevant" to issue of defendant's criminal intent).

Even if these ultimately are viable defenses, the Court should not conduct its own fact-finding on the issue at this stage.  Jensen, 93 F.3d at 669 (district court committed error by considering documents provided by the defendants in connection with their motion to dismiss).  "The indictment either states an offense or it doesn't.  There is no reason to conduct an evidentiary hearing."  Boren, 278 F.3d at 914; Lewis, 368 F.3d at 1106.  Defendant does not contest the sufficiency of the indictment's allegations.  His motion should therefore be denied.

**B.    The Tenth Amendment Provides Defendant with No Protection**

Even if the defendant's arguments were available pretrial, the claims still fail as a matter of law.  Defendant argues that his status as a local law enforcement officer means he is entitled to constitutional defenses that ordinary citizens are not entitled to.  The Supreme Court disagrees.  "[S]tate officials, like all other persons, [are] subject to federal criminal sanctions."  United States v. Gillock, 445 U.S. 361, 374 (1980) (refusing to grant Speech or Debate protection to state legislator).  This is because "where important federal interests are at stake, as in the enforcement of federal criminal statutes, comity yields."  Id. at 373; Standefer v. United States, 447 U.S. 10, 24 (1980).

Defendant claims there is a tension between the Supremacy Clause and the LASD's ability to investigate state offenses.  But the Supreme Court "long ago rejected the suggestion that Congress invades areas reserved to the States by the Tenth Amendment simply because it exercises its authority . . . in a manner that displaces the States' exercise of their police powers."  Hodel v. Va. Surface Mining & Reclamation Ass'n, 452 U.S. 264, 291 (1981).  Accordingly, the Tenth

Amendment does not bar the federal government from enforcing federal criminal laws, even in areas traditionally left for local law enforcement. United States v. Andaverde, 64 F.3d 1305, 1310 (9th Cir. 1995). "[S]o long as the passage of a federal criminal statute is a valid exercise of congressional commerce power, no violation of the Tenth Amendment occurs." Kuromiya v. United States, 37 F. Supp. 2d 717, 725 (E.D. Pa. 1999)

There is no Tenth Amendment issue as applied to the allegations here because the federal interest in the integrity of a federal grand jury investigation is strong. United States v. Veal, 153 F.3d 1233, 1250 (11th Cir. 1998). Accordingly, the federal government may protect "federal investigations by ensuring that transfers of information to federal law enforcement officers and judges . . . be truthful and unimpeded." Id. Similarly, there is a strong federal interest in ensuring that witnesses ordered to testify before grand juries are allowed to be present and testify. In re Grand Jury, 640 F.3d 385, 388 (1st Cir. 2011) (in the "context of federal contempt power, the federal interest will almost always be considerable"). There is also a strong federal interest in "enforcing court orders" and "preserving grand jury secrecy." In re Special Proceedings, 291 F. Supp. 2d 44, 56 (D.R.I. 2003).

Moreover, in addition to its interest in the enforcement of its criminal statutes, the federal government has a strong interest in enforcing federal civil rights laws and protecting citizens from constitutional abuses by local law enforcement officers. In the context of civil liability pursuant to 42 U.S.C. § 1983, the Supreme Court stated:

> The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative, or judicial.

Mitchum v. Foster, 407 U.S. 225, 242 (1972) (internal quotation and citation omitted); see also Doe v. Pittsylvania County, Va., 842 F. Supp. 2d 906, 921 (W.D. Va. 2012) (calling the federal interest in civil rights enforcement "very strong"); Academy of Our Lady of Peace v. City of San Diego, 09 CV 0962 WQH (MDD), 2011 WL 6826636, *8 (S.D. Cal. Dec. 28, 2011); Hobart v. City of Stafford, 784 F. Supp. 2d 732, 765 (S.D. Tex. 2011).

Defendants' Tenth Amendment challenge is meritless given the strong federal interest in enforcing federal criminal laws, in protecting the integrity of federal grand jury investigations, and in enforcing federal civil rights law.  Gillock, 445 U.S. at 374; Hodel, 452 U.S. at 291.

### C.   Defendant Is Not Entitled to Qualified Immunity

Defendant argues that he is entitled to qualified immunity similar to that available as a defense to a civil action pursuant to 42 U.S.C. § 1983.  But the Supreme Court has rejected this argument: "This Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law."  Imbler v. Pachtman, 424 U.S. 409, 429 (1976) (local prosecutor could be charged under federal law for crimes committed during course of his duties).  "On the contrary, the judicially fashioned doctrine of official immunity does not reach 'so far as to immunize criminal conduct proscribed by an Act of Congress . . . .'"  O'Shea v. Littleton, 414 U.S. 488, 503 (1972) (quoting Gravel v. United States, 408 U.S. 606, 627 (1972)).

10

**D.   The Supremacy Clause and a Federal Removal Statute in No Way Provide Defendant with Any Rights or Immunities**

In an attempt to make his motion appear meritorious, defendant cites to cases in which local prosecutions of <u>federal</u> officials were removed to federal court.  The basis of this removal is the Supremacy Clause and a statute, 28 U.S.C. § 1442(a), which specifically authorizes the federal government and its officers to remove any locally-filed civil and criminal actions to federal court.  There is no similar provision that allows for local officials to remand their federal prosecutions to local courts.  Indeed, as shown above, the federal prosecution of local law enforcement officers for violating federal law is entirely appropriate.  Additionally, Federal Rule 12(b)(2) mandates that the trial proceed and not be disposed of at this stage, unlike to provisions of Section 1442(a).  <u>Lewis</u>, 368 F.3d at 1105-06.

**E.   Defendant Had Fair Warning that His Conduct was Illegal**

Defendant contends that the Court should dismiss the indictment based on the fair warning doctrine, which protects defendants from being "held criminally responsible for conduct which [they] could not reasonably understand to be proscribed." <u>United States v. Harriss</u>, 347 U.S. 612, 617 (1954).  But, again, whether defendant had fair warning that his conduct was criminal is not to be decided at this stage.  The fair warning doctrine does not protect a defendant from standing trial.  <u>Lewis</u>, 368 F.3d at 1105.  As a result, defendant's motion has not merit.

Additionally, the fair warning doctrine is inapplicable to the charges against defendant because the plain language of § 1503 and cases construing it make reasonably clear that defendant's conduct

11

was criminal. Lanier, 520 U.S. at 266. Defendant is charged with violating the omnibus clause of 18 U.S.C. § 1503(a). Under this provision, it is a crime to "corruptly . . . influence[], obstruct[], or impede[], or endeavor[] to influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503(a). Because this clause "quite clearly proclaims that all obstructions of justice are prohibited, . . . section 1503 gives fair notice of the offending conduct." United States v. Howard, 569 F.2d 1331, 1336-37 (5th Cir. 1978) (internal quotation and citation omitted).

Obstructive conduct can be anything within "the imagination of the criminally inclined." United States v. Cueto, 151 F.3d 620, 630 (7th Cir. 1998); United States v. Griffin, 589 F.2d 200, 206 (5th Cir. 1979). Section 1503, was designed in part with the specific goal of "protecting the participants in a specific federal proceeding." United States v. Metcalf, 435 F.2d 754, 756 (9th Cir. 1970) (citing Catrino v. United States, 176 F.2d 884, 887 (9th Cir. 1949)). Here, defendant's obstructive conduct was geared toward corrupting a federal informant, prospective grand jury witnesses, and the FBI case agent acting as an arm of the grand jury investigation. Accordingly, a prosecution based on these allegations is consistent with the statutory intent.

The statute is not vague as written or as applied to the facts of this case. The statute's requirement that defendants act "corruptly" provides adequate notice of the proscribed conduct. United States v. Thompson, 76 F.3d 442 (2d Cir. 1996); United States v. Triumph Capital Group, Inc., 260 F. Supp. 2d 470, 476 (D. Conn. 2003).

12

Defendant cites to the concurring opinion in United States v. Bonds, 784 F.3d 582 (9th Cir. 2015) (Kozinski, J. concurring), to support his argument that § 1503 is unconstitutionally vague.  But this opinion simply recognized that case law has added a materiality requirement to limit the application of the statute.  Id. at 585. The indictment here appropriately alleges that the obstructive acts were material, and defendant has not suggested otherwise.

As applied to the allegations in the indictment, defendant's violation of the statute is apparent.  The hiding of Inmate AB from federal law enforcement "to prevent his testimony . . . . falls precisely within the residual omnibus clause of section 1503." United States v. Lester, 749 F.2d 1288, 1295 (9th Cir. 1984). Further, the efforts to convince witnesses not to cooperate with the federal investigation are also covered by § 1503.  United States v. Hornsby, 666 F.3d 296, 312 (4th Cir. 2012) (conduct that included attempting to persuade witness not to cooperate during grand jury testimony amounted to obstruction of justice); United States v. Freeman, 208 F.3d 332, 338 (1st Cir. 2000) (statement that witness should "keep the lips zip" amounted to obstruction of justice); United States v. Shotts, 145 F.3d 1289, 1301 (11th Cir. 1998) (instruction to "not say anything [to the FBI] and I wasn't going to be bothered" was obstructive); United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985) (directions not to testify or cooperate in investigation among facts that amounted to obstruction of justice).

The attempt to gain information from the FBI about its investigation through an ex parte and unnoticed court order and through the threatened arrest of the FBI case agent also are the types of obstructive behavior that violate the statute.  In United

13

States v. Cueto, 151 F.3d 620 (7th Cir. 1998), an attorney was convicted of obstruction of justice after he sought a state court injunction barring an undercover federal investigator from interfering with the illegal gambling operations of defendant's client.  In the course of the hearing, the defendant convinced the state court judge to force the undercover officer to admit the fact of the FBI's investigation.  The defendant also asked the state attorney's office to criminally prosecute the undercover agent.

Here, through their corrupt endeavor, defendant's co-conspirators sought to force the FBI to disclose information about its investigation of the LASD to the LASD.  The interference with the performance of duties "necessarily disrupts the processes of the criminal justice system."  United States v. Howard, 569 F.2d 1331, 1333-34 (5th Cir. 1978); see also United States v. Friedman, 445 F.2d 1076, 1078-1081 (9th Cir. 1971).  Additionally, the false charges threatened against an FBI case agent are similar to cases in which litigants have been convicted of § 1503(a) offenses for filing false liens on judges and prosecutors.  In United States v. Fleming, 215 F.3d 930, 933 (9th Cir. 2000), the defendant was convicted of obstruction of justice after filing a $10,000,000 lien on real property owned by a federal district court judge who ruled against the defendant in a civil matter.  In United States v. Ramirez, 2004 WL 203034 (S.D.N.Y. 2004), the court found that a defendant who filed frivolous liens against a federal prosecutor could be indicted for obstruction of justice under § 1503.  If threatening economic harm to a judge for ruling against a defendant or to an Assistant United States Attorney for prosecuting a case is obstruction of justice,

14

threatening to arrest an agent for performing her duties as part of a grand jury investigation also amounts to obstruction of justice.

**IV.   CONCLUSION**

The defendant's motion seeks relief that is unavailable at this pretrial stage.  It also has no merit, as defendant does not enjoy immunity from federal criminal prosecution and certainly could have reasonably understood that his conduct amounted to obstruction of justice.  The government, therefore, asks this Court to deny defendant's motion (R. 66).

Dated: September 8, 2015          Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                       /s/ *Brandon D. Fox*
                                  Brandon D. Fox
                                  Lizabeth A. Rhodes
                                  Eddie A. Jauregui
                                  Assistant United States Attorneys

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

15