EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1300/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541/4849
     Facsimile: (213) 894-6436
     E-mail:    Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT TANAKA'S MOTION TO CONTINUE THE TRIAL DATE |
| v. | |
| PAUL TANAKA, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes and Eddie A. Jauregui, hereby files its response to defendant's request for a continuance.

///

///

The government's request is supported by the attached memorandum of points and authorities, the concurrently-filed under seal Declaration of Lizabeth A. Rhodes, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 8, 2015          Respectfully submitted,

EILEEN M. DECKER
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


            /s/
BRANDON D. FOX
LIZABETH A. RHODES
EDDIE A. JAUREGUI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant Tanaka has filed a request for a continuance to a trial date of February 2, 2016 based on defense counsels' need to review the discovery as well as Mr. Steward's health conditions.  At this juncture, the government's position is that it does not oppose a continuance based on the grounds raised in defendant Tanaka's position papers, but, based on the government's trial schedule the government believes that a trial date of March 22, 2016 would be appropriate.

**II.    DISCUSSION**

**A.    The Government Does Not Oppose a Continuance**

In defendant Tanaka's motion, he outlines seven issues which his defense counsel must deal with in order to be prepared for trial. Essentially, defendant Tanaka needs more time to prepare his defense based both on the volume and type of discovery and type of case as well as the his lead counsel's health.  The government is unable to fully comment on such issues other than to say that:

1.    There is a substantial amount of discovery and the government continues to produce any additional discovery it obtains;

2.    It appears, based on communication from the defense team that they are diligently reviewing that discovery in anticipation of trial;

3.    Based on the plea of co-defendant Carey, the government is in the process of producing additional discovery, although it is not extensive at this point;

4.    The government would not be prejudiced by a continuance to March 2016.

**B.    Based on the Government's Now Revised Trial Schedule, the Government Requests a March 2016 Trial Date**

As stated above, government does not oppose a continuance based on the grounds raised in defendant Tanaka's position papers.  The government believes that defense counsel chose February 2, 2016, because it was a date the parties had previously discussed and agreed upon.  However, the government's schedule has changed since that time period.  Currently, the government's trial schedule includes the trial of United States v. Aguiar et. al., CR 14-69-MMM, which has a trial date of January 12, 2016, and United States v. Brunsting et. al., CR 13-573(A)-GW, which has a current trial date of February 9, 2016.  As a matter of public record, both Mr. Fox and Ms. Rhodes are currently assigned to both of the above cases as well as the instant matter.  Moreover, the same FBI agents are assigned to all three cases and some of them will be called as witnesses in at least the instant case.  The government estimates the Aguiar and the Brunsting trials will each take approximately five court days to try.  Thus, while the government does not oppose a continuance generally, based on the government's new trial calendar, the government believes that a trial date of March 22, 2016, or as soon thereafter as would be practicable for the Court and counsel would be appropriate to assure continuity of counsel.

**C.    Other Reasons to Continue the Trial Date**

The attached declaration of Assistant United States Attorney Lizabeth A. Rhodes provides additional reasons why, in the interests of justice, the trial should take in March 2016 or thereafter.

2

**III. CONCLUSION**

Based on the above and the facts set forth in Mr. Steward's declaration and the attached declaration, the government does not object to a continuance of the trial in this matter.  Based on the government counsel's trial schedule, the government asks that the continuance be until at least March 22, 2016.


Dated: September 8, 2015          Respectfully submitted,

                                  EILEEN M. DECKER
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        /s/
                                  BRANDON D. FOX
                                  LIZABETH A. RHODES
                                  EDDIE A. JAUREGUI
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

3