H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Jerome Haig  SBN 131903
21143 Hawthorne Blvd Ste 454
Torrance, CA 90503
 (424) 488-0686
Fax(424) 271-5990
jerome@jeromehaiglaw.com

Attorneys for Defendant
Paul Tanaka

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>             Plaintiff,<br><br>     vs.<br><br>PAUL TANAKA, ET. AL.<br><br>       Defendants. | Case No.  CR-15-255-PA<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO THE DEFENSE MOTION TO STRIKE SURPLUSAGE<br><br>DATE: SEPT. 28, 2015<br>TIME: 3:00 PM |

Comes now defendant Paul Tanaka, together with counsel, and submits the below

response to the government's opposition to his motion to strike surplusage.

Dated: 9-11-15                    s./ H. Dean Steward

                                            H. Dean Steward

                                            Jerome Haig

                                            Counsel for Defendant

                                            Paul Tanaka

- 1 -

In reviewing the defense motion and government response, the defense asks the Court to consider the following:

**I. Irrelevant Material at the Beginning of the Indictment**

The defendant's knowledge of prior allegations of inmate abuse and corruption in the LASD jails is flatly irrelevant.  Virtually all jails of any size have these problems. In the last six weeks, media reports on investigations of problems   at the Kansas City Jail[1], the Philadelphia City Jail[2] and the  Jackson County Jail (Missouri)[3] have surfaced.  Across the nation, keeping people in custody has proven to be a difficult, frustrating and dangerous undertaking.

It does not make it more likely that the defendant here committed obstruction of justice because the jails had problems. Any responsible person in a leadership role of an organization like the Los Angeles County Sheriff's Department would be aware of such issues, but parading the problems before a jury in the manner laid out in the indictment does not increase relevance, and does also dovetail into exclusion in the 403 analysis.

Importantly, in the three previous trials on related cases [*U.S. v Thompson et. al.* CR-13-819-PA], no such introductory paragraphs were added to that indictment.  The sum and substance of the allegations were the same as here, but no inflammatory preface was alleged.

The government may argue that the other Thompson/Sexton defendants were not at the highest rungs of the organizational ladder, and therefore their knowledge of past events was not relevant. However, a critical fact is that Paul Tanaka was not the head of the department. He served at the pleasure of the then Sheriff  Leroy Baca. Mr. Tanaka, like the Thompson/Sexton defendants, took orders from above. He was an

[1] Kansas City Star newspaper, 8-24-15
[2] WSAU Radio, 9- 9, 2015
[3] The Examiner newspaper (Kansas City Missouri) 8-24-15

employee. His ability to make policy was limited to what the Sheriff would allow and/or approve. In that regard, he was positioned like the Thompson/Sexton defendants.

## II. FRE 403 Prohibited Material

The problems and allegations in the beginning of the indictment, as specified in the original motion, imply that defendant Paul Tanaka is somehow responsible for those problems. Mr. Tanaka has never held the office of Sheriff, but as a hard-working executive law enforcement officer, he's done his best to improve all facets of the Department, including the jails.

The extensive recitation of jail problems appears to be nothing more than an effort by the government to tarnish and smear  Mr. Tanaka, and make it appear to jurors that he's allowed the problems outlined in the indictment. Even if there were some relevance to the allegations (which the defense maintains there is not), the prejudicial effect of laying the problems at the feet of Mr. Tanaka is extremely unfair, and a violation of 403 of the Federal Rules of Evidence. *U.S. v. Gonzalez–Flores*, 418 F.3d 1093, 1098 (9th Cir.2005) (holding that moderately prejudicial evidence should not be admitted when it "does not go to an element of the charge").

## III. Conclusion

The defense asks the Court to strike the offending passages in the indictment, as set out in the original motion.

Dated- 9-11-15                    s./ H. Dean Steward

                                 H. Dean Steward

                                 Jerome Haig

                                 Counsel for Defendant

                                 Paul Tanaka

- 3 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 9-11-15, service

of the defendant's:

**Reply to Government Opposition to Strike Surplusage**

On the following parties electronically by filing the foregoing with the Clerk of the

District Court using its ECF system, which electronically notifies counsel for that

party.

**AUSA Brandon Fox & Lizbeth Rhodes**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 9-11-15

s/ H. Dean Steward

H. Dean Steward

- 4 -