EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0284/3541
     Facsimile: (213) 894-6436
     E-mail:    Brandon.fox@usdoj.gov
                Lizabeth.rhodes@usdoj.gov
                Eddie.jauregui@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| PAUL TANAKA, | |
| Defendant. | **CURRENT TRIAL DATE:    11-03-2015** |
| | **STIPULATED TRIAL DATE:             03-22-2016** |

     Plaintiff United States of America, by and through its counsel

of record, Assistant United States Attorneys Brandon D. Fox, Lizabeth

A. Rhodes and Eddie A. Jauregui, and defendant Paul Tanaka, both

individually and by and through his counsel of record, H. Dean Steward and Jerome Haig, hereby stipulate as follows:

1.    Defendants TANAKA and CAREY were arrested and had their initial appearances and arraignment on May 14, 2015, the same day that the Indictment in this case was made public.  At the arraignment, the case was set for trial on July 7, 2015.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 22, 2015.

2.    On June 4, 2015, the parties filed a stipulation to continue the trial date until February 2, 2016. (CR 52.)

3.    On June 5, 2015, this Court, having read and considered the parties' stipulation, agreed to continue the trial date to November 3, 2015, not February 2, 2016.  (CR 53.)

4.    On August 19, 2015 Defendant Carey pleaded guilty to Count Four of the Indictment in this case.  (CR 74.)

5.    On August 22, 2015, defendant Tanaka filed a motion to continue the trial date.  (CR 77.)  In that motion, defendant Tanaka, and his counsel asserted numerous reasons, including the health of lead defense counsel, Dean Steward, in support of a continuance of trial.  The government did not oppose the motion (CR 86.)

6.    Defendant Tanaka is released on bond pending trial.

7.    In their motion for continuance and in this stipulation, defendant Tanaka, individually and by and through his counsel of record, represents that additional time is necessary to conduct attorney client conferences, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for additional potential pre-trial motions, review

2

the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Defendant Tanaka believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

9.    The government does not object to the continuance and, in response to the defendant's request provided additional reasons for a continuance in an *in camera* under seal filing.

10.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the Government to obtain available witnesses.

11.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 14, 2015 to March 22, 2016, (which includes the time period from the first stipulation, the Court's original order and the most recent motion and hearing on that motion) inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of

3

the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 29, 2015

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


   */s/ Lizabeth A. Rhodes*
LIZABETH A. RHODES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

I am PAUL TANAKA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 22, 2016, is an informed and voluntary one.

_____          ___9/29/2015___
DEAN STEWARD                              Date
JEROME HAIG
Attorney for Defendant
PAUL TANAKA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 22, 2016. I understand that I will be ordered to appear in Courtroom 15 of the Federal Courthouse, 312 North Spring Street, Los Angeles, California on March 22, 2016, at 8:30 a.m.

_____          ___9-29-15___
PAUL TANAKA                               Date
Defendant

5