EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
        1300/1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0284/3541/4849
        Facsimile: (213) 894-6436
        E-mail:    Brandon.Fox@usdoj.gov
                   Lizabeth.Rhodes@usdoj.gov
                   Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | JOINT JURY INSTRUCTIONS |
| v. | Trial Date:  March 22, 2014 |
| PAUL TANAKA, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes and Eddie A. Jauregui, defendant Paul Tanaka, both individual and through his counsel of record, Dean Steward and Jerome Haig, submit the attached joint jury instructions.

Dated: March 14, 2016                    Respectfully submitted,

                                         EILEEN M. DECKER
                                         Acting United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                                  /s/
                                         _____
                                         BRANDON D. FOX
                                         LIZABETH A. RHODES
                                         EDDIE A. JAUREGUI
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

2

**TABLE OF CONTENTS**

| No. | Title | Source | Page |
|---|---|---|---|
| 1 | DUTY OF JURY | 9th Cir. Model Instruction 1.1 | 2 |
| 2 | THE CHARGE – PRESUMPTION OF INNOCENCE | 9th Cir. Model Instruction 1.2 | 3 |
| 3 | WHAT IS EVIDENCE | 9th Cir. Model Instruction 1.3 | 4 |
| 4 | WHAT IS NOT EVIDENCE | 9th Cir. Model Instruction 1.4 | 5 |
| 5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Model Instruction 1.5 | 6 |
| 6 | RULING ON OBJECTIONS | 9th Cir. Model Instruction 1.6 | 7 |
| 7 | CREDIBILITY | 9th Cir. Model Instruction 1.7 | 8 |
| 8 | CONDUCT OF THE JURY | 9th Cir. Model Instruction 1.8 | 10 |
| 9 | TAKING NOTES | 9th Cir. Model Instruction 1.10 | 11 |
| 10 | OUTLINE OF TRIAL | 9th Cir. Model Instruction 1.11 | 12 |
| 11 | CAUTIONARY INSTRUCTION– FIRST RECESS | 9th Cir. Model Instruction 2.1 | 14 |
| 12 | BENCH CONFERENCES | 9th Cir. Model Instruction 2.2 | 15 |
| 13 | STIPULATED TESTIMONY | 9th Cir. Model Instruction 2.3 | 16 |
| 14 | STIPULATION OF FACT | 9th Cir. Model Instruction 2.4 | 17 |
| 15 | JUDICIAL NOTICE | 9th Cir. Model Instruction 2.5 | 18 |
| 16 | TRANSCRIPT OF RECORDING IN ENGLISH | 9th Cir. Model Instruction 2.7 | 19 |
| 17 | OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT | 9th Cir. Model Instruction 2.10 | 20 |

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION

PAGE

| 18 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW | 9th Cir. Model Instruction 3.1 | 22 |
|---|---|---|---|
| 19 | CHARGE AGAINST DEFENDANT NOT EVIDENCE PRESUMPTION OF INNOCENCE-BURDEN OF PROOF | 9th Cir. Model Instruction 3.2 | 23 |
| 20 | DEFENDANT'S DECISION NOT TO TESTIFY | 9th Cir. Model Instruction 3.3 | 24 |
| 21 | DEFENDANT'S DECISION TO TESTIFY | 9th Cir. Model Instruction 3.4 | 25 |
| 22 | REASONABLE DOUBT DEFINDED | 9th Cir. Model Instruction 3.5 | 26 |
| 23 | WHAT IS EVIDENCE | 9th Cir. Model Instruction 3.6 | 27 |
| 24 | WHAT IS NOT EVIDENCE | 9th Cir. Model Instruction 3.7 | 28 |
| 25 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Model Instruction 3.8 | 29 |
| 26 | CREDIBILITY OF WITNESSES | 9th Cir. Model Instruction 3.9 | 30 |
| 27 | ACTIVITIES NOT CHARGED | 9th Cir. Model Instruction 3.10 | 31 |
| 28 | SEPARATE CONSIDERATION OF COUNTS – SINGLE DEFENDANT | 9th Cir. Model Instruction 3.11 | 32 |
| 29 | STATEMENTS BY DEFENDANT | 9th Cir. Model Instruction 4.1 | 33 |
| 30 | OTHER CRIMES, WRONGS, OR ACTS | 9th Cir. Model Instruction 4.3 | 34 |
| 31 | IMPEACHMENT | 9th Cir. Model Instruction 4.8 | 35 |
| 32 | TESTIMONEY OF WITNESSES INVOLVING SPECIAL CIRCUMSTANCES-IMMUNITY, BENEFITS, ACCOMPLICE, PLEA | 9th Cir. Model Instruction 4.9 | 36 |

**TABLE OF AUTHORITIES (CONTINUED)**

| | DESCRIPTION | | PAGE |
|---|---|---|---|
| 33 | GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS | 9th Cir. Model Instruction 4.10 | 38 |
| 34 | OPINION EVIDENCE, EXPERT WITNESSES | 9th Cir. Model Instruction 4.14 | 39 |
| 35 | SUMMARIES NOT RECEIVED AS EVIDENCE | 9th Cir. Model Instruction 4.15 | 40 |
| 36 | CHARTS AND SUMMARIES IN EVIDENCE | 9th Cir. Model Instruction 4.16 | 41 |
| 37 | CONSPIRACY-ELEMENTS | 9th Cir. Model Instruction 8.20 | 42 |
| 38 | OBSTRUCTION OF JUSTICE-ELEMENTS | 9th Cir. Model Instruction 8.131 | 44 |
| 39 | NEXUS | United States v. Aguilar, 515 U.S. 593, 599; United States v. Washington Water Power Co., 793 F.2d 1079, 1085 (9th Cir. 1986). | 45 |
| 40 | GOOD FAITH RELIANCE | United States v. Thompson, CR No. 13-819-PA | 46 |
| 41 | DUTY TO DELIBERATE | 9th Cir. Model Instruction 7.1 | 48 |
| 42 | CONSIDERATION OF EVIDENCE CONDUCT OF THE JURY | 9th Cir. Model Instruction 7.2 | 49 |
| 43 | USE OF NOTES | 9th Cir. Model Instruction 7.3 | 51 |
| 44 | PUNISHMENT | 9th Cir. Model Instruction 7.4 | 52 |
| 45 | VERDICT FORM | 9th Cir. Model Instruction 7.5 | 53 |
| 46 | COMMUNICATION WITH COURT | 9th Cir. Model Instruction 7.6 | 54 |
| 47 | RE-READING OF TESTIMONY | Order re Criminal Trial (Anderson, J.) | 55 |

**PRELIMINARY INSTRUCTIONS**

**JOINT INSTRUCTION NO. 1 - DUTY OF JURY**

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be — that is entirely up to you.

Source
9th Circuit Model Instruction 1.1

2

**JOINT INSTRUCTION NO. 2 - THE CHARGE — PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges defendant with conspiring to obstruct justice and with obstruction of justice.  [The charges against the defendant[s] are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.]  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right not to testify and is not required to present any evidence or prove that he is not guilty.

Source

9th Circuit Model Instruction 1.2 (modified to indicate the crimes charged and to alter when presumption ends to be after trial and deliberations.  Also modified to change defendant's "right to remain silent" to be "right not to testify" and "never have to prove innocence or present any evidence" to be "not required to present any evidence or prove that he is guilty")

**JOINT INSTRUCTION NO. 3 - WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.


Source

9th Circuit Model Instruction 1.3

4

**JOINT INSTRUCTION NO. 4 - WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Source

9th Circuit Model Instruction 1.4

**JOINT INSTRUCTION NO. 5 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source
9th Circuit Model Instruction 1.5

6

**JOINT INSTRUCTION NO. 6 – RULING ON OBJECTIONS**

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source
9th Circuit Model Instruction 1.6

7

**JOINT INSTRUCTION NO. 7 – CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source
9th Circuit Model Instruction 1.7

8

**<u>JOINT INSTRUCTION NO. 8 – CONDUCT OF THE JURY</u>**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, social media, or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive in the courtroom all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source

9th Circuit Model Instruction 1.8 (modified to provide clarity in first sentence, add social media, second paragraph of block quote)

10

**JOINT INSTRUCTION NO. 9 – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source
9th Circuit Model Instruction 1.10

**JOINT INSTRUCTION NO. 10 – OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine. Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Source

9th Circuit Model Instruction 1.11

12

**<u>INSTRUCTIONS IN THE COURSE OF TRIAL</u>**

13

**JOINT INSTRUCTION NO. 11 – CAUTIONARY INSTRUCTION — FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in Internet chat rooms or through Internet blogs, message boards, social media, emails or text messaging. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [clerk] to give to me.

Source

9th Circuit Model Instruction 2.1 (modified to add social media)

14

**JOINT INSTRUCTION NO. 12 – BENCH CONFERENCES**

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

Source
9th Circuit Model Instruction 2.2

15

**JOINT INSTRUCTION NO. 13 – STIPULATED TESTIMONY**

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Source
9th Circuit Model Instruction 2.3

16

**JOINT INSTRUCTION NO. 14 – STIPULATION OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

Source

9th Circuit Model Instruction 2.4

**JOINT INSTRUCTION NO. 15 – JUDICIAL NOTICE**

The court has decided it is not necessary to receive evidence of the fact that [insert fact noticed] [because this fact is of such common knowledge]. You may, but are not required to, accept this fact as true.

<u>Source</u>
9th Circuit Model Instruction 2.5

**JOINT INSTRUCTION NO. 16 – TRANSCRIPT OF RECORDING IN ENGLISH**

You are about to hear excerpts of a recording that has been received in evidence. A transcript of the recording is being provided to help you identify speakers and to help you decide what the speakers say. Remember that the recording is the evidence, not the transcript. If you hear something different in the recording from what appears in the transcript, what you heard is controlling.

Source

9th Circuit Model Instruction 2.7 (modified to indicate that jury will hear excerpts of recording and not whole recording.  Also modified to strike instruction that the jury should "listen carefully; the transcript will not be available during your deliberations.")

**JOINT INSTRUCTION NO. 17 – OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT**

 You are about to hear evidence that the defendant may have committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent or knowledge and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Source
9th Circuit Model Instruction 2.10

**INSTRUCTIONS AT END OF CASE**

21

**<u>JOINT INSTRUCTION NO. 18 – DUTIES OF JURY</u>**

**<u>TO FIND FACTS AND FOLLOW LAW</u>**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

<u>Source</u>
9th Circuit Model Instruction 3.1

22

**JOINT INSTRUCTION NO. 19 – CHARGE AGAINST DEFENDANT**

**NOT EVIDENCE PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until you find, at the end of the trial, after deliberations, that the government proved the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Source
9th Circuit Model Instruction 3.2 (modified in a similar fashion to Joint Instruction No. 2)

23

**JOINT INSTRUCTION NO. 20 – DEFENDANT'S DECISION NOT TO TESTIFY**

[A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the defendant did not testify.]


Source
9th Circuit Model Instruction 3.3

24

**JOINT INSTRUCTION NO. 21 – DEFENDANT'S DECISION TO TESTIFY**

[You should treat the testimony of the defendant just as you would the testimony of any other witness.]


Source

9th Circuit Model Instruction 3.4

25

**JOINT INSTRUCTION NO. 22 – REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that a defendant is guilty. It is not required that the government prove guilt beyond all possible doubt. A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Source
9th Circuit Model Instruction 3.5

26

**JOINT INSTRUCTION NO. 23 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Source

9th Circuit Model Instruction 3.6

27

**JOINT INSTRUCTION NO. 24 – WHAT IS NOT EVIDENCE**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Source

9th Circuit Model Instruction 3.7

**JOINT INSTRUCTION NO. 25 – DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Source
9th Circuit Model Instruction 3.8

**JOINT INSTRUCTION NO. 26 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Source

9th Circuit Model Instruction 3.9

30

**JOINT INSTRUCTION NO. 27 – ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

Source
9th Circuit Model Instruction 3.10

**JOINT INSTRUCTION NO. 28**

**SEPARATE CONSIDERATION OF COUNTS – SINGLE DEFENDANT**

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

SOURCE

9th Circuit Model Instruction 3.11

**JOINT INSTRUCTION NO. 29 – STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant provided testimony [under oath][,] [in a grand jury proceeding[,] [and] [in a trial involving other individuals].  It is for you to decide how much weight to give to that testimony. In making this decision, you should consider all the evidence about the testimony, including the circumstances under which the defendant may have made it.

Source

9th Circuit Model Instruction 4.1 (modified to strike the language indicating it was for the jury to decide "whether the defendant made the statement" since the jury will be hearing grand jury testimony and it is not disputed whether the defendants made those statements)

33

**JOINT INSTRUCTION NO. 30 – OTHER CRIMES, WRONGS, OR ACTS**

You have heard evidence that the defendant may have committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent and knowledge, and for no other purpose.

Source
9th Circuit Model Instruction 4.3

34

**JOINT INSTRUCTION NO. 31 – IMPEACHMENT**

You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Source

9th Circuit Model Instruction 4.8

(This is a placeholder the parties propose.  The parties will submit an additional instruction when the bases for impeachment of witnesses are known at trial).

35

**JOINT INSTRUCTION NO. 32 – TESTIMONY OF WITNESSES INVOLVING**

**SPECIAL CIRCUMSTANCES — IMMUNITY, BENEFITS, ACCOMPLICE, PLEA**

You have heard testimony from:

- [Mickey Manzo, a witness who: (a) was convicted of a crime arising out of the same events for which the defendant is on trial; and (b) received court ordered immunity for his testimony in this case.  The fact that Mr. Manzo was convicted is not evidence against the defendant, and you may consider it only in determining Mr. Manzo's believability. Based on the court ordered immunity, the government will not be allowed to use his testimony in any case against him;]

- [William Tom Carey, a witness who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability;]

- [Gilbert Michel, a witness who received a promise of favorable treatment at sentencing from the government in connection with this case.]

- [name of witness and reason for instruction for this witness],

For [this] [these] reason[s], in evaluating the testimony of [names of witnesses], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

36

Source

9th Circuit Model Instruction 4.9 (modified to indicate that these factors may apply to multiple witnesses) (This is a placeholder the parties propose.  The parties will submit an additional instruction when the bases for the special circumstances of witnesses are known at trial).

Case 2:15-cr-00255-PA   Document 113   Filed 03/14/16   Page 43 of 61   Page ID #:970

**JOINT INSTRUCTION NO. 33**

**GOVERNMENT'S USE OF UNDERCOVER AGENTS AND INFORMANTS**

You have heard [testimony from] an informant who was involved in the government's investigation in this case. You have also heard that the government used an undercover agent in its investigation.  Law enforcement officials may use informants and undercover agents in order to investigate criminal activities.

Source

9th Circuit Model Instruction 4.10 (Modified to clarify roles of undercover and informant in this case)

38

**JOINT INSTRUCTION NO. 34 – OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source
9th Circuit Model Instruction 4.14

**JOINT INSTRUCTION NO. 35 – SUMMARIES NOT RECEIVED AS EVIDENCE**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source
9th Circuit Model Instruction 4.15

40

**JOINT INSTRUCTION NO. 36 – CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

Source

9th Circuit Model Instruction 4.16

**<u>JOINT INSTRUCTION NO. 37 – CONSPIRACY – ELEMENTS</u>**

The defendant is charged in Count One of the indictment with conspiring to obstruct justice. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about August 18, 2011, and ending on or about September 26, 2011, there was an agreement between two or more persons to commit the crime of obstruction of justice;

Second, the defendant became a member of the conspiracy knowing its object and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

A conspiracy is a kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit the crime of obstruction of justice.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.

Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers the purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Source
9th Circuit Model Instruction 8.20 (modified to show there was only one object)

43

**JOINT INSTRUCTION NO. 38 - OBSTRUCTION OF JUSTICE – ELEMENTS**

The defendant is charged in Count Two of the indictment with obstruction of justice in violation of Section 1503 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede a federal grand jury investigation; and

Second, the defendant acted corruptly, with knowledge of a pending federal grand jury investigation.

As used in Section 1503, "corruptly" means that the act must be done with the purpose of obstructing justice.

The government does not need to prove that defendant's conduct had the actual effect of obstruction; however, the government must prove that the defendant's actions would have had the natural and probable effect of interfering with the grand jury investigation.

Source
9th Circuit Model Instruction 8.131 (modified to take out "by threats of force or by any threatening communication;" also modified to define "corruptly"; also modified to explain that there need not be actual obstruction, so long as defendant endeavored to obstruct justice). See United States v. Rasheed, 663 F. 2d 843, 851 (9th Cir. 1981).

44

**JOINT INSTRUCTION NO. 39 - NEXUS**

For the charges of conspiracy and obstruction of justice in Count One and Count Two, the government does not need to prove that actual obstruction of the pending grand jury investigation occurred, so long as you find that the defendant acted with the purpose of obstructing the pending grand jury investigation and knowing that the defendant's actions had the natural and probable effect of interfering with the pending grand jury investigation, and the government proves the elements of the offense beyond a reasonable doubt.

Source

United States v. Aguilar, 515 U.S. 593, 599; United States v. Washington Water Power Co., 793 F.2d 1079, 1085 (9th Cir. 1986).

**JOINT INSTRUCTION NO. 40 – GOOD FAITH RELIANCE**

Evidence that the defendant relied, in good faith, on the orders of [Leroy Baca] [or the requests of federal law enforcement officers], and that the defendant reasonably and objectively believed those orders to be lawful is inconsistent with an unlawful intent and is evidence you may consider in determining if the government has proven beyond a reasonable doubt that the defendant had the required unlawful intent.

Source

United States v. Thompson, CR No. 13-819-PA.

46

**JURY DELIBERATIONS**

**JOINT INSTRUCTION NO. 41 – DUTY TO DELIBERATE**

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source
9th Circuit Model Instruction 7.1

**JOINT INSTRUCTION NO. 42 - CONSIDERATION OF EVIDENCE**

**CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, social media, or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result that would require the entire trial process to start over]. If

49

any juror is exposed to any outside information, please notify the court immediately.

Source

9th Circuit Model Instruction 7.2

**JOINT INSTRUCTION NO. 43 – USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Source

9th Circuit Model Instruction 7.3

51

**JOINT INSTRUCTION NO. 44 – PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Source
9th Circuit Model Instruction 7.4

**JOINT INSTRUCTION NO. 45 – VERDICT FORM**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the Court Security Officer that you are ready to return to the courtroom.

Source

9th Circuit Model Instruction 7.5

53

**JOINT INSTRUCTION NO. 46 – COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court Security Officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Source
9th Circuit Model Instruction 7.6

54

**JOINT INSTRUCTION NO. 47 – RE-READING OF TESTIMONY**

Re-reading of testimony is possible, but I must review all of what is to be re-read -- there is no transcript made up. And, even if there were, I would have to have it re-read due to objections, side-bars, and other proceedings outside the jury's presence. Moreover, I or the attorneys might feel that other matters should be included in the same read-back. Preparing for a re-read of testimony takes time. Please understand that, so that if a request is made, we will gladly arrange to do so, but the jury should keep deliberating until we are able to make sure that we have everything ready.

Source

Order re Criminal Trial (Anderson, J.)

55

**JOINT VERDICT FORM**

**Count One – Conspiracy to Obstruct Justice**

We, the jury, unanimously find defendant PAUL TANAKA:

_____    Guilty

_____    Not Guilty

of conspiracy to obstruct justice as charged in Count One of the Indictment.

**Count Two – Obstruction of Justice**

We, the jury, unanimously find defendant PAUL TANAKA:

_____    Guilty

_____    Not Guilty

of obstruction of justice as charged in Count Two of the Indictment.

Please have the foreperson sign and date the form.

DATED: _____    at Los Angeles, California.

_____
FOREPERSON OF THE JURY

56