EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No.290409)
Chief, Public Corruption & Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorneys
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorneys
General Crimes Section
    1500/1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0284/3541/4849
    Facsimile: (213) 894-6436
    E-mail:    Brandon.Fox@usdoj.gov
             Lizabeth.Rhodes@usdoj.gov
             Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
| Plaintiff, | DISPUTED JURY INSTRUCTIONS |
| v. | Trial Date:  March 22, 2014 |
| PAUL TANAKA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Brandon D. Fox, Lizabeth A. Rhodes and Eddie A. Jauregui, defendant Paul Tanaka, both individually and through his counsel of record, Dean Steward and Jerome Haig, submit the attached joint jury instructions.

Dated: March 14, 2016                Respectfully submitted,

                                     EILEEN M. DECKER
                                     Acting United States Attorney

                                     LAWRENCE S. MIDDLETON
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     _____
                                     BRANDON D. FOX
                                     LIZABETH A. RHODES
                                     EDDIE A. JAUREGUI
                                     Assistant United States Attorney

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | DISPUTED INSTRUCTION 1 MULTIPLE PURPOSES<br><br>GOVERNMENT'S PROPOSED INSTRUCTION | Anderson v. United States, 417 U.S. 211, 226 (1974); Ingram v. United States, 360 U.S. 672, 679-80 (1959); United States v. Giese, 597 F.2d 1170, 1179 (9th Cir. 1979); Unites States v. Machi, 811 F.2d 991, 1005 (7th Cir. 1987); United States v. LaRouche Campaign, 695 F. Supp. 1265. 1274 (D. Mass. 1988); United States v. Woodward, 149 F.3d 46, 70-71 (1st Cir. 1998); United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993); United States v. Thomas, 916 F.2d 647, 651 (11th Cir. 1990); United States v. Barfield, 999 F.2d 1520, 1524 (11th Cir. 1993); United States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996) | 2 |
| 1 | DEFENDANT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 1 | | 3 |
| 1 | GOVERNMENT'S RESPONSE TO DEFENDANT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 1 | | 6 |
| 2 | DISPUTED INSTRUCTION NO. 2 SUPREMACY CLAUSE | United States v. Romero, 282 F.3d 683, 689 (9th Cir. 2002); Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965); People v. Liu, 46 Cal. App. 4th 1119, 1128 (Cal. App. 1 Dist. 1996); United States v. Escobar de Bright, 742 F.2d 1196, 1198-1200 (9th Cir. 1984) | 8 |
| 2 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 2 | | 9 |

i

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                                    PAGE

| 3 | DISPUTED INSTRUCTION NO. 3 MULTIPLE CONSPIRACIES DEFENDANT'S PROPOSED INSTRUCTION | 9th Cir. Crim. Jury Instr. 8.22 | 10 |
|---|---|---|---|
| 3 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 3 | | 11 |
| 4 | DISPUTED INSTRUCTION NO. 4 OBSTRUCTION OF FBI OR U.S. ATTORNEY INVESTIGATION INSUFFICIENT DEFENDANT'S PROPOSED INSTRUCITON | United States v. Aguilar, 515 U.S. 593 (1995) | 12 |
| 4 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 4 | | 13 |
| 4 | DEFENDANT'S RESPONSE TO GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 4 | | 14 |
| 5 | DISPUTED INSTRUCTION NO. 5 DUE ADMINISTRATION OF JUSTICE DEFENDANT'S PROPOSED INSTRUCTION | United States v. Aguilar, 515 U.S. 593. 596 (1995) | 15 |
| 5 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 5 | | 16 |
| 6 | DISPUTED INSTRUCTION NO. 6 ADVICE OF COUNSEL DEFENDANT'S PROPOSED INSTRUCTION | 9th Cir. Model Instruction 5.9 | 17 |
| 6 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 6 | | 18 |

**TABLE OF CONTENTS (CONTINUED)**

| DESCRIPTION | | | PAGE |
|---|---|---|---|
| 7 | DISPUTED INSTRUCTION NO. 7 PUBLIC AUTHORITY<br><br>DEFENDANT'S PROPOSED INSTRUCTION | 9th Cir. Model Instruction 6.11 | 19 |
| 7 | GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION No. 7 | | 20 |

**INSTRUCTIONS AT END OF CASE**

**DISPUTED INSTRUCTION NO. 1 – MULTIPLE PURPOSES**

**GOVERNMENT'S PROPOSED INSTRUCTION**

The government need not prove that the defendant's sole or even primary purpose was to obstruct justice, so long as it proves beyond a reasonable doubt that one of the defendant's purposes was to obstruct justice.  The defendant's purpose of obstructing justice must be more than merely incidental.

Sources

Anderson v. United States, 417 U.S. 211, 226 (1974) (if "primary or secondary" purpose of conspiracy is a "violation of a federal law, the conspiracy is unlawful"); Ingram v. United States, 360 U.S. 672, 679-80 (1959); United States v. Giese, 597 F.2d 1170, 1179 (9th Cir. 1979); United States v. Machi, 811 F.2d 991, 1005 (7th Cir. 1987); United States v. LaRouche Campaign, 695 F. Supp. 1265, 1274 (D. Mass. 1988) ("government need not prove that a defendant's sole purpose was to obstruct justice."); United States v. Woodward, 149 F.3d 46, 70-71 (1st Cir. 1998) (rejecting argument that "conduct must have an exclusively illegal intent" because "conduct may not be subject to the criminal laws if the intent underlying it is exclusively legal.") (emphasis in original); United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (defendant could be convicted if he acted "in part" corruptly).  Other courts agree that Section 1503 is violated if defendant's conduct was "prompted, at least in part" by corrupt intent.  United States v. Thomas, 916 F.2d 647, 651 (11th Cir. 1990); United States v. Barfield, 999 F.2d 1520, 1524 (11th Cir. 1993); United States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996).

**DEFENDANT'S STATEMENT OF OBJECTIONS TO**

**DISPUTED INSTRUCTION NO. 1**

Dual purpose instructions have been upheld a defendant contends he acted for a permissible purpose that does not rule out a simultaneous prohibited purpose. See, e.g., *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (upholding charge as "entirely appropriate in light of [the defendant's] argument that he was motivated by friendship"); *United States v. Banks*, 514 F.3d 959, 969 (9th Cir. 2008) ("[p]eople often act with mixed motives"). In such circumstances, "proof of the existence of one purpose [did] not necessarily rule out the existence of another purpose." *United States v. LaRouche Campaign*, 695 F. Supp. 1265, 1275 (D. Mass. 1988); see also *United States v. Woodward*, 149 F.3d 46, 70-71 (1st Cir.1998); Coyne, 4 F.3d at 113.

In this case, the competing purposes are mutually exclusive. The defendant could not act in good faith for the purpose of carrying out what he reasonably believed were lawful orders, and simultaneously act corruptly with the unlawful intent to obstruct justice.

By explicitly allowing for dual purposes to be found in the context of the competing positions of the defense and government, the instruction validates and reinforces the view that even if the defendant was acting in good faith and for the purpose of carrying out orders he reasonably believed were lawful, he could still be guilty.

There is no basis for a mixed motive instruction unless a defendant were to contend that he is not guilty because he committed an act in part for a purpose other than obstructing justice. To give the instruction requested by the government otherwise would

3

erroneously shift and dilute the government's burden of proving that Defendants committed an act with the purpose of obstructing justice. The government's instruction is also overbroad and diminishes it burden of proof as it would allow the jury to convict without finding that a particular act was committed with the required mens rea and would also allow and encourage the jury to convict without the jurors unanimously agreeing on the act that was done with the required mens rea.

The conspiracy cases the government cites as support for the instruction (Anderson v. U.S., 417 U.S. 211 (12974) and Ingram v. U.S., 360 U.S. 672 (1959), have no application here. They hold that a defendant only needs to intend to achieve one unlawful objective of a multi-object conspiracy and not whether a mixed motive instruction is appropriate or under what circumstances.

The only Ninth Circuit case cited by the government, U.S. v. Giese, 597 F.2d 1170 (9th Cir. 1979), also involved a conspiracy and did not concern a mixed motive instruction. The out-of-circuit mixed motive cases cited by the government also have no application here. Defendants contend they did not commit the charged acts for purpose of obstructing justice, and that they instead did so as part of a legitimate law enforcement investigation. Defendants either acted with intent to obstruct justice, or they did not act with intent to obstruct justice. The government's proposed mixed motive instruction seeks to ascribe an argument to Defendants that they do not make – i.e., that they are not guilty because one of their purposes was not to obstruct justice. The instruction would make it appear that Defendants must do more than create reasonable doubt as to whether they acted with criminal intent by showing they had a legitimate

4

purpose, and that they instead must establish that it was their sole and exclusive purpose.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S STATEMENT OF OBJECTIONS TO**

**DISPUTED INSTRUCTION NO. 1**

As defendant concedes, dual-purpose instructions are permissible where a defendant claims to have acted for a permissible purpose that is not mutually exclusive of a prohibited one. See United States v. Smith, 424 F.3d 992, 1010-11 (9th Cir. 2005); United States v. Laurins, 857 F.2d 529, 537 (9th Cir. 1988) ("That part of [defendant's] motive may have been" permissible "does not negate the evidence of corrupt motive."). Indeed, in United States v. Machi, 811 F.2d 991, 996 (7th Cir. 1987), the Seventh Circuit explicitly approved of a § 1503 jury instruction stating that "[t]he United States is not required to prove that the defendant's only or even main purpose was to obstruct the due administration of justice[.]" Id. at 996; accord Coyne, 4 F.3d at 113; Thomas, 916 F.2d at 651 (under § 1503, government must establish that conduct "was prompted, at least in part, by a 'corrupt motive'").

Defendant argues an intent to obstruct justice and an intent to follow orders are mutually exclusive. But such purposes are not binary. Just as an action can be motivated by both friendship and a desire to bribe, Coyne, 4 F.3d 100, or both a desire to steal from clients and to evade taxes, Smith, 424 F.3d at 1010-11, so too may an action be motivated by both a desire to follow a lawful order and a desire to obstruct a grand jury investigation. The existence of such an order (e.g., to investigate the cell-phone found in Brown's possession or to keep Brown safe) does not extinguish criminal liability if defendant took actions both to carry out that order and also to obstruct a grand-jury investigation. See Woodward, 149 F.3d at 70 (rejecting the theory that "the formation of a friendship

between a lobbyist and a legislator somehow insulates both from prosecution for honest services fraud"); <u>Thomas</u>, 916 F.2d at 651.

## DISPUTED INSTRUCTION NO. 2

### SUPREMACY CLAUSE

A local officer has the authority to investigate potential violations of state law.  This includes the authority to investigate potential violations of state law by federal agents.  A local officer has the right to make an arrest of a federal agent for violation of the state law upon a determination that probable cause exists to believe that the federal agent has violated state law.  A federal agent who has been charged in court with a state crime, may raise the defense of immunity if 1) the act was within the scope of official authority, and 2) the agent honestly and reasonably believed that her conduct in violation of state law was necessary and proper under the circumstances.  Such a showing by a federal agent in court does not affect the validity of his or her arrest so long as there was probable cause for the arrest.  Probable cause is defined as a strong suspicion that a crime was committed and that the defendant committed it.

## GOVERNMENT'S STATEMENT OF OBJECTIONS TO

## DISPUTED INSTRUCTION NO. 2

At this point, the government does not believe this instruction to be necessary, given that the defendant was not one of the "investigating" officers.  Additionally, the parties have agreed on at least two instructions that instruct the jury regarding the government's burden of proof on intent and a good faith/reliance on orders instruction.  To the extent that an instruction on this issue is appropriate, the last several sentences are more likely to confuse the jury than provide clarity.  Instead, should the Court find that such an instruction is necessary, the government proposes the following:

> A local officer has the authority to investigate potential violations of state law.  This includes the authority to investigate potential violations of state law by federal agents.  A local officer may not use this authority to investigate for the purpose of obstructing justice.

> As a matter of law, when an undercover investigation involves the use of informants and undercover agents, neither the law enforcement officers conducting the operation nor the informants assisting in the investigation become co-conspirators with the target of the undercover activity.

United States v. Romero, 282 F.3d 683, 689 (9th Cir. 2002); Sears v. United States, 343 F.2d 139, 142 (5th Cir. 1965); People v. Liu, 46 Cal. App. 4th 1119, 1128 (Cal. App. 1 Dist. 1996) (citing United States v. Escobar de Bright, 742 F.2d 1196, 1198-1200 (9th Cir. 1984) and Sears).

**DISPUTED INSTRUCTION NO. 3 – MULTIPLE CONSPIRACIES**

**DEFENDANT'S PROPOSED INSTRUCTION**

You must decide whether the conspiracy charged in the indictment existed, and, if it did, who at least some of its members were. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you may find that some other conspiracy existed.

Similarly, if you find that any defendant was not a member of the charged conspiracy, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

Source
9th Cir. Crim. Jury Instr. 8.22

10

**GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 3**

This instruction may be appropriate, but the Court should wait to determine whether the evidence at trial "indicates two or more possible conspiracies." See 9th Circuit Model Rule 8.22 (Comment) (citing United States v. Perry, 550 F.2d 524, 533 (9th Cir. 1997)).

**DISPUTED INSTRUCTION NO. 4**

**OBSTRUCTION OF FBI OR U.S. ATTORNEY INVESTIGATION INSUFFICIENT**

**DEFENDANT'S PROPOSED INSTRUCTION**

Obstruction of an FBI investigation or an investigation by the United States Attorney's Office cannot be the basis for a conviction for obstruction of justice.  The obstruction of justice charge only applies where the elements of the charge have been proven, and defendant acted with the intent to obstruct a pending grand jury proceeding, and not just an FBI or US Attorney's Office investigation.

Source:

United States v. Aguilar, 515 U.S. 593 (1995) (Obstruction of justice requires "the intent to thwart the grand jury investigation and not just the FBI investigation.")

12

**GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 4**

The government objects to instruction, which would exclude a jury from finding obstruction even if the federal agents were acting as arms of the grand jury.  Section 1503 criminalizes obstructive conduct toward federal agents acting as arms of the grand jury.  See, e.g., United States v. Dwyer, 238 Fed. Appx. 631, 651 (1st Cir. 2007) (FBI was working as arm of the grand jury "by collecting evidence that was presented to the grand jury," "gathering information, conducting interviews, and reviewing documents.").  Indeed, United States v. Aguilar, 515 U.S. 593 (1995), distinguishes the case from instances where agents are acting as an "arm of the grand jury."  515 U.S. at 594.  An FBI investigation is a judicial proceeding under § 1503 if the FBI "was acting as an aid to and as an 'arm of the grand jury' when it conducted its investigation."  United States v. Macari, 453 F.3d 926, 936 (7th Cir. 2006).  This can be established by showing that the FBI: (1) "undertook the investigation to supply information to the grand jury . . . in direct support of a grand jury investigation;" (2) that the FBI agents were "integrally involved in the investigation;" and (3) that the FBI investigation was "undertaken with the intention of presenting evidence before [the] grand jury."  Id. at 936-37 (citations and internal quotations omitted).

To the extent that the Court is inclined to give the instruction proffered by defendant, it should include language that indicates that an FBI investigation in which agents are acting as arms of the grand jury constitute official proceedings under Section 1503.

13

**DEFENDANT'S RESPONSE TO GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 4**

The jury has already been instructed that the defendant cannot be convicted absent proof of obstruction of a judicial proceeding. A grand jury investigation is a judicial proceeding. A FBI investigation or a U.S. Attorney investigation is not a judicial proceeding. This instruction simply and concisely advises the jury that if they find that there was obstruction of an FBI investigation or US Attorney investigation, that fact alone is insufficient evidence to convict the defendant.

## DISPUTED INSTRUCTION NO. 5

## DUE ADMINISTRATION OF JUSTICE

## DEFENDANT'S PROPOSED INSTRUCTION

The term the "due administration of justice" refers and is limited to a pending grand jury proceeding. An investigation by the Federal Bureau of Investigation is not a grand jury proceeding, nor is an investigation by the United States Attorney's Office.

Thus, in order to prove the first element of the crime of obstruction of justice, the government must prove:

The existence of a pending grand jury proceeding;

That the defendant knew of the grand jury proceeding; and

That the defendant acted corruptly with respect to that grand jury proceeding.


Source

United States v. Aguilar, 515 U.S. 593, 596 (1995)(explaining that the "omnibus clause" of § 1503 has been interpreted to mean that the "action taken by the accused must be with an intent to influence judicial or grand jury proceedings . . ."); see also, Federal Jury Practice and Instructions – Criminal (West), 6th Edition, §48:03, Obstruction of Justice: The essential elements of the offense charged.

15

**GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 5**

The government incorporates its objections to this instruction for the same reasons as in Dispute Instruction No. 5, namely that it wrongly instructs a jury that it cannot finding obstruction even if the federal agents were acting as arms of the grand jury. Dwyer, 238 Fed. Appx. at 651; Aguilar, 515 U.S. at 594 (distinguishes case from instances where agents act as an "arm of the grand jury."); Macari, 453 F.3d 926 at 936.

Additionally, this remainder of this instruction is unnecessary in light of the parties' agreement to instruct the jury on the elements of the offenses of conspiracy to obstruct justice and obstruction of justice. Further, the agreed upon "nexus" instruction will provide the jury with any remaining necessary instructions.

To the extent that the Court is inclined to give the instruction proffered by defendant, it should include language that indicates that an FBI investigation in which agents are acting as arms of the grand jury constitute official proceedings under Section 1503.

16

**DISPUTED INSTRUCTION NO. 6 – ADVICE OF COUNSEL**

**DEFENDANT'S PROPOSED INSTRUCTION**

One element that the government must prove beyond a reasonable doubt with respect to the conspiracy and obstruction of justice charges is that each defendant had the unlawful intent to obstruct a grand jury proceeding. Evidence that a defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved as to a particular defendant if that defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

Source

9th Circuit Model Instruction 5.9

17

**GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 6**

The government may agree that this instruction is appropriate if evidence is introduced at trial concerning the advice of counsel.  To assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith.  See 9th Circuit Model Rule 5.9 (comment) (citing United States v. Munoz, 233 F.3d 1117, 1132 (9th Cir. 2000)).

18

## DISPUTED INSTRUCTION NO. 7 – PUBLIC AUTHORITY

### DEFENDANT'S PROPOSED INSTRUCTION

The defendant contends that if he committed the acts charged in the indictment, he did so at the request of a government agent. If this is true, the defendant may not be convicted of any of the charges in the indictment because he did not act with the required criminal intent.

The government must prove beyond a reasonable doubt that the defendant did not have a reasonable belief that he was acting as an authorized government agent to assist in law enforcement activity at the time of the offense charged in the indictment.

Source
9th Circuit Model Instruction 6.11.

19

**GOVERNMENT'S STATEMENT OF OBJECTIONS TO DISPUTED INSTRUCTION NO. 7**

This is an incorrect statement of the law for several reasons. First, it does not state that the "government agent" must be a federal agent.  With the facts in this case and the defendant's proposed instruction, the jury would be confused about whether the "government agent" could be a local officer.  United States v. Mack, 164 F.3d 467, 474 (9th Cir. 1999) (public authority and entrapment by estoppel defenses based on conversation with local law enforcement officers were "without merit because Mack did not rely on the advice or authority of federal officials or agents"); United States v. Collins, 61 F.3d 1379, 1385 (9th Cir. 1995).  Second, although the defendant's proposed instruction cites to Model Jury Instruction 6.11, it alters the instruction in a material way.  That Model Jury Instruction correctly state that it is the defendant bears the burden of proving "by a preponderance of the evidence that [he] [she] had a reasonable belief that [he] [she] was acting as an authorized government agent to assist in law enforcement activity at the time of the offense charged in the indictment."  9th Circuit Model Jury Instruction 6.11 (citing United States v. Doe, 705 F.3d 1134 (9th Cir. 2013)).

Additionally, the defendant's proposed instruction also misstates the law because it precludes a conviction if defendant acted for dual purposes.  As discussed in Disputed Instruction No. 1, if a defendant's purpose was in part corrupt, he had the requisite intent. Anderson, 417 U.S. at 226; United States v. Giese, 597 F.2d 1170 (9th Cir. 1979); United States v. Machi, 811 F.2d 991 (7th Cir. 1987); United States v. LaRouche Campaign, 695 F. Supp. 1265, 1274 (D. Mass. 1988); United States v. Thomas, 916 F.2d 647, 651 (11th

20

Cir. 1990); United States v. Barfield, 999 F.2d 1520, 1524 (11th Cir. 1993); United States v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996) (citing Thomas for this proposition).