**To:**       Yoshinaga, Paul I.[PIYoshin@lasd.org]
**Cc:**       Leavins, Stephen E.[SELeavin@lasd.org]
**From:**     Davis, Andrea P.
**Sent:**     Wed 8/31/2011 8:02:31 PM
**Subject:**  Confidential Investigation
DOC006.PDF

Hi Paul:


This message is being sent to you on behalf of Lt. Stephen Leavins of Internal Criminal Investigations Bureau.


Thanks!


Andrea Davis

ICIB

(323) 890-5437

**CONFIDENTIAL**                                                                            **LASD_347669**

761551N25A - SH - AD - 32A (2/72)

COUNTY OF LOS ANGELES
# SHERIFF'S DEPARTMENT
"A Tradition of Service"

OFFICE CORRESPONDENCE

DATE:  August 29, 2011

FILE NO.

FROM:   WILLIAM T. CAREY, CAPTAIN          TO:   LEROY D. BACA
INTERNAL CRIMINAL                             SHERIFF
INVESTIGATIONS BUREAU

SUBJECT:   **CONFIDENTIAL INVESTIGATION**

On August 8, 2011, inmate Anthony Brown BK# 2009547, was found to be in possession of a cellular telephone while incarcerated at Mens Central Jail. A subsequent investigation revealed the cellular telephone belonged to the Federal Bureau of Investigation, and that for several months Anthony Brown had been in contact with several agents from the Civil Right's Division of the F.B.I.

Anthony Brown stated he was working with agents from the F.B.I to investigate inappropriate uses of force on inmates, and that these agents provided the cellular telephone that was recovered. Brown said he used the phone to communicate with F.B.I agents regarding these uses of force, without these calls being monitored. Brown also said on several occasions agents from the F.B.I facilitated the smuggling of methamphetamine and cocaine to him, and that he, Brown, then sold these drugs to other inmates. In addition, it appears agents from the F.B.I deposited money into Browns inmate account, in excess of fifty dollars.

Since Brown was in fact found to be in possession of a cellular telephone belonging to the F.B.I, there is some validity to his statements. We are currently investigating if in fact F.B.I agents either directly or indirectly conspired to provide Brown with illegal drugs and cellular telephones. If it occurred, it would be a violation of a felony, 4573 of the California State Penal Code, as well as conspiracy, a violation of 182 P.C, a felony, and 4575 (a), a misdemeanor. Also, if deposits were made into Browns account by agents of the F.B.I in excess of fifty dollars, this could be a violation of 4001.1(a) of the California State Penal Code, a misdemeanor.

In addition, the introduction of contraband into a custody facility is a violation of our department's policy, section 5-07/010.00. This applies to the cellular telephone as well as the illegal drugs. If in fact Brown sold the illegal drugs provided to him by the F.B.I, he would be in violation of our department's directive disallowing informants to engage in criminal activity while cooperating with law enforcement with a criminal investigation, section 3-01/110.60.

**CONFIDENTIAL**

**LASD_347670**

Brown has been sentenced to life in prison for several bank robberies. A cellular telephone in his possession poses a threat to personnel at the jail, as well as the public, in that he could engage in a myriad of illegal activity without this activity being monitored. In addition, if cocaine and methamphetamine were disseminated through the jail, these stimulants would only serve to exacerbate an already tense and dangerous atmosphere, prompting violent acts often associated with the use of these drugs.

The investigation into this matter is continuing.

WTC:SL:sl

**CONFIDENTIAL**

**LASD_347671**