H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

LAW OFFICE OF JEROME J. HAIG
Jerome Haig, Attorney at Law
SBN 131903
21143 Hawthorne Bl., Ste. 454
Torrance, CA90503
(424) 488-0686
fax- (424) 271-5990
jerome@jeromehaiglaw.com

Attorneys for Defendant
Paul Tanaka

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,

   vs.

PAUL TANAKA

    Defendant.

Case No.  CR-15-255-PA

NOTICE OF MOTION; MOTION FOR RE-CONSIDERATION OF MOTION FOR ORDER GRANTING IMMUNITY TO LEROY BACA AND MOTION IN LIMINE TO ADMIT STATEMENTS OF LEROY BACA AGISNDT HIS PENAL INTEREST

Date: APRIL 4, 2016

Comes now defendant, through counsel, and moves this honorable Court to reconsider the following two motions, in light of the testimony elicited at trial:

1. Motion for order granting judicial immunity to witness Leroy Baca, filed 8-14-15 [doc #67], and

2. Motion in limine to admit statements of Leroy Baca as against the witness' penal interest, filed 3-4-16, doc. #108.

- 1 -

Said motion for reconsideration is based upon the points and authorities below, the trial testimony to date, and such other material and arguments as may be adduced at the hearing on the motion herein.

Dated: 4-3-16                    s./ H. Dean Steward

                                   H. Dean Steward

                                   Jerome Haig

                                   Counsel for Defendant

                                   Paul Tanaka

*POINTS AND AUTHORITIES*

**1. GOVERNMENT'S POSITION ON THIS MOTION**

The defense has consulted the government before filing this motion for reconsideration. Their position is that they do not believe that anything has materially changed and still object to the admission of the statements and granting of immunity to Leroy Baca.

**2. FACTS**

During trial, numerous references have come up to former Sheriff Leroy Baca. These references, together with several exhibits, paint a clear picture that Baca, not defendant Tanaka, ordered critical events to occur that are now charged against defendant Paul Tanaka. Baca:

► wanted the FBI off the investigation, and LASD should do it alone (Tanaka grand jury, read to this jury);

► ordered ICIB to investigate the Brown/cell phone incident: "Get to the bottom of it." (witness Manzo and others);

► ordered ICIB to maintain Anthony Brown in the Los Angeles County Jail system (several witnesses who attended the "Saturday meeting", August 19, 2011);

► "took Brown off the bus" to state prison (witness Manzo);

► ordered (or at least did not veto and was fully briefed ahead of time) the approach of Agent Marx, with the statement, "Just don't put cuffs on her" Baca's plea documents;

► sought information constantly from others lower in his chain of command (Ex. 360, e-mail from Tanaka to Leavins: "This case is consuming his [Baca's] entire thought process. Providing him with updated tidbits helps to ease his mind.", plus phone records of calls to and from Baca)

In addition, many facts have *not* come before the jury, due to Baca's absence. His direction of the entire Brown/cell phone investigation has remained a hint only,

from testimony, not the ringing admissions he made during his recorded statement, nor the criminal admissions he made during the plea process.

## 3. THE LAW

The defense incorporates the law previously set out in the two motions regarding Leroy Baca and his statements. In a nutshell, the immunity request for Mr. Baca was based largely on *Williams v. Woodford* 384 F.3d 567 (9th Cir. 2004), which set out the test for the granting of immunity. When the prosecution refuses to grant immunity, thereby distorting the fact finding process, immunity from the Court can be granted. The defense argued then that the other prongs of the test point to the granting of immunity, and the defense maintains that position. The government had exclusive immunity power to build its case, while denying immunity to the sole witness above the defendant in the chain of command. The government has conceded elsewhere that Baca was a co-conspirator, and his testimony remains crucial to any understanding of what occurred here.

The trial testimony has, without Baca, not presented the full facts. Baca's involvement was far more that the jury has heard, and his admissions both during his recorded statement and the plea documents on file would flesh out the true picture.

The in limine motion was based on four question and answers from Baca's recorded statement to government agents and prosecutors. The admissions sought were based largely on Rule 804(b)(3) of the Federal Rules of evidence, as statements against interest.

The trial testimony makes the four passages sought for admission glaringly relevant and necessary to a full understanding of Baca's role in the events charged in the indictment. Without them, the defense suggests that the full story is not being told.

## 4. CONCLUSION

The defense asks the Court to reconsider both rulings on immunity for Leroy Baca, and the admission of the four statements made by Baca to government agents.

- 4 -

Under *Taylor v. Illinois*, 484 U.S. 400, 408 (1988) ("Few rights are more fundamental than that of an accused to present witnesses in his own defense."), Mr. Tanaka has a right to present this favorable testimony and evidence. The right to present a defense arises under the Fifth and Fourteenth Amendment right to due process and the Sixth Amendment right to compulsory process, (see *Richmond v. Embry*, 122 F.3d 866, 871 (10th Cir.1997)), and denial of these two motions, in light of trial testimony, would be a fundamental denial of the defendant's constitutional rights.

Dated: 4-3-16          s./ H. Dean Steward

H. Dean Steward

Jerome Haig

Counsel for Defendant

Paul Tanaka

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

I am not a party to the above entitled action. I have caused, on 4-3-16, service of

the defendant's:

**MOTION FOR RECONSIDERATION**

On the following parties electronically by filing the foregoing with the Clerk of the

District Court using its ECF system, which electronically notifies counsel for that

party.

**AUSA Brandon Fox & Eddie Jauregui**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 4-3-16

s/ H. Dean Steward

H. Dean Steward

- 6 -