EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
BRANDON D. FOX (Cal. Bar No. 290409)
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section
LIZABETH A. RHODES (Cal. Bar No. 155299)
Assistant United States Attorney
Chief, General Crimes Section
EDDIE A. JAUREGUI (Cal. Bar No. 297986)
Assistant United States Attorney
General Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, CA 90012
    Telephone: (213) 894-0284/3541/4849
    E-mail:   Brandon.Fox@usdoj.gov
                Lizabeth.Rhodes@usdoj.gov
                Eddie.Jauregui@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-255-PA |
|---|---|
| Plaintiff, | [PROPOSED] ORDER RE CROSS-EXAMINATION OF DEFENDANT PAUL TANAKA AS TO HIS MEMBERSHIP IN THE VIKINGS |
| v. | |
| PAUL TANAKA, | |
| Defendant. | |

The Court has reviewed the parties' positions regarding cross-examination of defendant Paul Tanaka ("defendant") with respect to his membership in the "Lynwood Vikings" organization. Having considered the parties' positions, the Court finds that such testimony is relevant because defendant has testified to his adherence to certain core values and beliefs and attitudes about deputy misconduct. Testimony pertaining to defendant's membership in

the Vikings may serve to impeach defendant's credibility, and as the government notes, it is also probative of defendant's motive and intent.  Accordingly, the evidence is relevant under Federal Rule of Evidence 401.

The Court further finds that such evidence is not excludable under Federal Rule of Evidence 403.  Rule 403 is intended to exclude evidence of "scant or cumulative probative force" that unduly prejudices the defendant.  See United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting, approvingly, United States v. Mills, 704 F.2d 1553, 1559 (11th Cir. 1983)).  But, as the Ninth Circuit has observed, the Rule "favors admissibility" and application of the Rule to exclude evidence "must be cautious and sparing." Hankey, 203 F.3d at 1172.  Here, the evidence is highly probative of defendant's credibility.  It is also probative of defendant's intent and motive to obstruct justice, including the possible motive to protect deputy sheriffs who are alleged to be members of deputy cliques, like the Vikings.  Furthermore, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice or any of the other considerations outlined in Rule 403, particularly as the government has indicated it intends to proceed. The government will not refer to any alleged racial component of the Vikings organization (including the terms "neo-nazi" or "white supremacist"), nor will it use the term "terrorist-type tactics." Furthermore, the Court will instruct the jury that it should consider evidence pertaining to the Vikings for its bearing, if any, on the question of defendant's intent, motive, and credibility, and for no

other purpose.   The Court will take other measures to limit undue prejudice at trial, if they become necessary.

Finally, and in the alternative, the Court finds that testimony pertaining to the Vikings is admissible because the defense has opened the door to such testimony for the reasons outlined in the government's brief.

IT IS SO ORDERED.

_____          _____
DATE                                     HONORABLE PERCY ANDERSON
                                         UNITED STATES DISTRICT JUDGE

Presented by:

        /s/
_____
Brandon D. Fox
Assistant United States Attorney

3