H. Dean Steward  SBN 85317
107 Avenida Miramar, Ste. C
San Clemente, CA 92672
949-481-4900
Fax: (949) 496-6753
deansteward@fea.net

Jerome Haig  SBN 131903
21143 Hawthorne Blvd Ste 454
Torrance, CA 90503
 (424) 488-0686
Fax(424) 271-5990
jerome@jeromehaiglaw.com

Attorneys for Defendant
Paul Tanaka

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No.  CR-15-255-PA |
| Plaintiff, | MOTION FOR BAIL PENDING APPEAL |
| vs. | DATE: tba |
| PAUL TANAKA, ET. AL. | |
| Defendants. | TIME: tba |

To: United States Attorney Eileen Decker, and Asst. U.S. Attorneys Brandon Fox,
Lizabeth Rhodes and Eddie Jauregui

Please take notice that the defense brings/will bring the below motion to admit the
defendant to bail pending appeal.

Dated: 7-12-15      s./ H. Dean Steward

H. Dean Steward
Jerome Haig
Counsel for Defendant Tanaka

# TABLE OF CONTENTS

Table of Authorities                                                      3

Memorandum of Points and Authorities                                     4

    Background                                           4

    Argument                                             4

        I. The Court should grant bail pending appeal
because Mr. Tanaka is not a flight risk or danger
and he will present several substantial issues
on appeal.                                                               4

        II. Issues to be presented                6

        *1. The Court erroneously excluded critical
exculpatory evidence- Leroy Baca's testimony
& statements out of court*                                               6

        *2. Qualified immunity- motion denied by the Court*    7

        *3. Fair notice- motion denied by the Court*           8

        *4. The Court admitted two types of prejudicial
and inflammatory material- over defense objections*                      8

        *5. Jury instructions- given or rejected over
defense objection*                                                       10

        *6. Cumulative error*                                  11

        III.     The Court should stay the restitution order    12

        IV. Conclusion                                        12

        Proof of Service                                      13

TABLE OF AUTHORITIES

*Barefoot v. Estelle* 463 U.S. 880 (1983)    5

*Chambers v. Mississippi* 410 U.S. 284 (1973)    7

*Luis v. U.S.* 135 S.Ct. 2798 (2015)    11

*Alcala v. Woodford* 334 F.3d 862 (9th Cir. 2003)    7

*Chia v. Cambra* 360 F.3d 997 (9th Cir. 2004)    7

*Miller v. Stagner* 757 F.2d 988 (9th Cir. 1985)    7

*Parle v. Runnels* 505 F.3d 922 (9th Cir. 2007)    10

*U.S. v. Al-Moayad* 545 F.3d 139 (2nd Cir. 2008)    11

*U.S. v. Escobar De Bright* 742 F.2d 1196 (9th Cir. 1984)    10

*U.S. v. Fredrick* 78 F.3d 1370 (9th Cir. 1996)    10

*U.S. v. Fernandez* 388 F.3d 1199 (9th Cir. 2004)    11

*U.S. v. Garcia* 340 F.3d 1013 (9th Cir. 2003)    5

*U.S. v. Giancola* 754 F.2d 898 (11th Cir. 1985)    5

*U.S. v. Handy* 761 F.2d 1279 (9th Cir. 1985)    5

*U.S. v. Hodges* 770 F.2d 1475 (9th Cir. 1985)    9

*U.S. v. Perholz* 836 F.2d 554 (DC Cir. 1987)    5

*U.S. v. Randall* 761 F.2d 122 (2nd Cir. 1985)    5

*U.S. v. Stever* 603 F.3d 747 (9th Cir. 2010)    7

*U.S. v. Thompson* CR-13-819-PA    4,6,7,8,10,11

*U.S. v. Wallace* 848 F.2d 1464 (9th Cir. 1988)    11

*U.S. v. Waters* 627 F.3d 345 (9th Cir. 2010)    9

STATUTES

18 USC §3143(b)    4

28 USC §1442(a)    8

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Paul Tanaka respectfully submits this memorandum of points and authorities in support of his motions for bail pending appeal and to stay restitution. Prior to sentencing, the government did not oppose bail on appeal.

BACKGROUND

The Court presided over the trial in this matter and is therefore familiar with the facts. In summary, on July 1, 2014, Mr. Tanaka was indicted on May 13, 2015, made his first appearance on May 16, 2015 and was released on a $100,000 appearance bond secured by real property . A jury ultimately convicted Mr. Tanaka of two counts of conspiracy and obstruction of justice, and this Court allowed him to remain on bail pending this motion.  On June 27, 2016, the Court imposed a total sentence of 60 months in custody and a fine of $7,500, plus $200 penalty assessment, due immediately. Mr. Tanaka's self-surrender date is August 1, 2016.

Of note are the bail postures of defendants in the related case of *U.S. v. Thompson*  et. al. CR-13-819-PA. All seven defendants are on release status, pending the resolution of their case in the 9th Circuit. None of them posted real property to secure their bail, and all of them are on bond. Mr. Tanaka should receive the same treatment, particularly in light of his fully secured bond.

ARGUMENT

**I. The Court should grant bail pending appeal because Mr. Tanaka is not a flight risk or danger and he will present several substantial issues on appeal.**

A. Introduction

To obtain bail pending appeal, a defendant must show that by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Further, he must show he will present a substantial question of law on appeal that will likely result in a reversal. See 18 U.S.C. § 3143(b). Mr. Tanaka has performed admirably while on pretrial release. The Court is well aware of his background, having heard character witnesses testify at the trial and having considered a detailed

Presentence Report. In short, Mr. Tanaka has strong community ties and is not a flight risk or a danger to the community.

With respect to the matter of legal issues for appeal, Mr. Tanaka does not have to establish that his potential appellate arguments are correct, he merely needs to show that he has "debatable" issues that will be raised on appeal and could result in reversal. See *U.S. v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985); *U.S. v. Garcia* 340 F.3d 1013 (9th Cir. 2003). As the Circuit set out in *Garcia* "The defendant, in other words, need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions." *Garcia* at p. 1020, n. 5

Ninth Circuit has ruled that for purposes of § 3143(b), a "substantial question" is one that is "fairly debatable.'" *Handy*, 761 F.2d at 1281; citing *Barefoot v. Estelle*, 463 U.S. 880 (1983); see *U.S. v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir 1987) ("[A] substantial question is one that is "fairly debatable," "fairly doubtful," or "one of more substance than would be necessary to a finding that it was not frivolous."),(citing cases); accord, *U.S. v. Giancola*, 754 F.2d 898 (11th Cir.1985); *U.S. v. Randall*, 761 F.2d 122, 124-125 (2d Cir. 1985).

The crux of the "substantial question" standard is a reasonable basis for appeal, rather than a likelihood of success:

> Congress did not intend to limit bail pending appeal to cases in which the defendant can demonstrate at the outset of appellate proceedings that the appeal will probably result in reversal or an order for a new trial . . . . [R]equiring the defendant to demonstrate to the District Court that its ruling is likely to result in reversal is tantamount to requiring the District Court to certify that it believes its ruling to be erroneous.  Such an interpretation of the Act would make a mockery of the requirement of Fed.R.App.P. 9(b) that the application for bail be made.

As set forth below, Mr. Tanaka will be raising a number of debatable, non-frivolous issues. Further, he will present a number of issues (where he has standing) that are now pending in the Circuit from the *Thompson* case.

## II. Issues to be presented

*1. The Court erroneously excluded critical exculpatory evidence- Leroy Baca's testimony & statements out of court*

Pre-trial, the defense made a motion in limine for judicial immunity for witness (and later defendant) Leroy Baca. As the Court is aware, Baca is the former Sheriff of the County of Los Angeles, and Mr. Tanaka's former boss.

In summary, the defense sought to illicit vital testimony from Baca that:

1. Baca admitted to "macro-managing" the cell phone investigation involving inmate Brown for LASD, and selected former co-defendant Lt. Thomas Carey to "micro-manage" the details of the investigation.

2. Mr. Baca was informed about the approach to intimidate FBI agent L.M. *before* it occurred, not after. Baca lied to federal authorities in this statement about when he knew of the plan. He claimed in this April 2013 statement that he learned of the approach after it occurred. He later pled guilty to felony charges stemming from this lie.

3. Mr. Baca told the federal officials that he sought and received counsel from "no one" in regard to "tough issues", conceding that, by strong inference, he was responsible for the cell phone/Brown activities. This is and was against his penal interest.

4. Mr. Baca claimed that he did not want to interfere with the FBI investigation into jail violence and the cell phone incident. Given his guilty plea and the factors he either admitted or did not contest in his plea agreement, this statement is not true. It is also against his penal interest.

Also later, the defense sought twice to admit, by written motion, the above statements by Baca as statements against his penal interest. Clearly they were such, and constituted an established exception to the hearsay rule.

These statements by Baca (and what his anticipated testimony would have been) wholly exculpated Mr. Tanaka in that Baca admits to being the sole architect of the Brown/cell phone episode, and says that Lt. Tom Carey was tasked with carrying out his (Baca's) orders. If not a total exoneration, this testimony would have been critical for the jury to hear to understand Mr. Tanaka's role (or lack thereof), in the charged conduct.

Admission of the statements or testimony was required pursuant to Mr. Tanaka's constitutional right to present a defense. See, e.g., *Chambers v. Mississippi*, 410 U.S. 284 (1973); *Chia v. Cambra,* 360 F.3d 997, 1003-08 (9th Cir. 2004). "In balancing the interest of a state in enforcing its evidentiary rules against the interest of defendants in presenting relevant evidence in their defense, [the Ninth Circuit] consider[s] the so-called *Miller* factors: the probative value of the evidence on the central issue; its reliability; whether it is capable of evaluation by the trier of fact; whether it is the sole evidence on the issue or merely cumulative; and whether it constitutes a major part of the attempted defense." *U.S. v. Stever*, 603 F.3d 747, 756 (9th Cir. 2010) (quoting *Alcala v. Woodford*, 334 F.3d 862, 877 (9th Cir. 2003) and *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985)). Every factor weighed in favor of admission.

This is at least a fairly debatable, non-frivolous issue for the appeal and meets the standard to gain release on appeal with bail.

*2. Qualified immunity- motion denied by the Court*

The *Thompson* defendants have presented this same issue to the 9th Circuit, and made it part of their successful motion for bail from the Circuit. The heart of the issue is that under the Tenth Amendment and the concept of qualified immunity, the deputies, (including Undersheriff Tanaka), were entitled to the same protection

- 7 -

afforded federal officers charged with a state offense. Given that the evidence before and during trial established that the orders given by Leroy Baca, their boss, were not unreasonable[1], Mr. Tanaka and the others should have been saved from a trial, just as federal agents would have been had the tables been turned.

### 3. Fair notice- motion denied by the Court

All defendants in criminal cases are entitled to fair notice that their conduct is illegal. Here, the defendant's only relevant notice was the federal removal statute, 28 USC §1442(a), that implicitly authorizes local officers to investigate federal agents for violations of state law. No other law, statute or regulation prohibits the investigations of illegal conduct within the jurisdiction. Defendants had no way of knowing that they, in fact, may not have been authorized to investigate the FBI agents in this case. Indeed, their boss, Leroy Baca, told them exactly the opposite: investigate, get to the bottom of the Brown/cell phone situation.

### 4. The Court admitted two types of prejudicial and inflammatory material- over defense objections

-- Paragraph 8 of the indictment- alleged "rampant" inmate abuse allegations, going back years; 2006 warning to Mr. Tanaka about "problem deputies"; 2007 allegation that Mr. Tanaka would "put cases" on supervisors making allegations against deputies; 2009, Mr. Tanaka allegedly told deputies to "work in the gray area"; 2009 memo from supervising deputies about jail problems; 2009 and 2011, the ACLU

---

[1] 9th Circuit Judge Clifton commented at oral argument in the *Thompson* case that he did not believe that the orders given were illegal.

published reports about "pervasive physical abuse, violence and retaliation by LASD deputies; LASD commander in 2010 supposedly warned Mr. Tanaka about increased incidents of force by deputies; and deputies in 2010 and 2011 working 3000 floor of the jail (cells with violent, troublesome inmates) exhibited gang-like and violent behavior.

Pre-trial, the defense moved this Court for an order excluding this evidence about other much earlier investigations and actions, some of which did not involve Mr. Tanaka at all.

Importantly, the evidence was admitted over objection at the very beginning of the trial, setting a dark picture for the jury. These events and opinions  were marginally relevant and hotly prejudicial. This evidence was highly prejudicial, and started Mr. Tanaka in a deep hole in the jury's eyes. It was inadmissible under *U.S. v. Waters* 627 F.3d 345 (9th Cir. 2010, and *U.S. v. Hodges* 770 F.2d 1475 (9th Cir. 1985), and other like authority as too prejudicial to outweigh any marginal probative value.  On this issue alone, the appeal in this matter presents a "fairly debatable", non-frivolous question.

-- Vikings evidence

Of no evidentiary value was the fact that 20+ years ago, Mr. Tanaka belonged to a deputies' group, the Vikings, at the LASD Lynwood station. The jury heard that Judge Hatter made comments in open court, again years ago (and unrelated to Paul Tanaka) that the group was a "neo-Nazi" gang. Further, other negative details of the Vikings group were set before the jury. Like the Paragraph 8 evidence, these facts added little to nothing to this trial other than to "dirty up" Mr. Tanaka in the eyes of the jury. Admission of this evidence was prejudicial, and it was error to admit it. *Id.*

*5. Jury instructions- given or rejected over defense objection*

The defense will present at least the following jury instruction issues to the Circuit court:

● Dual purpose instruction- the government proposed and the Court gave an instruction on state of mind. The instruction explained, erroneously in the defense view, that a defendant can have dual states of mind- one to obstruct justice and the other, some other state of mind.

The defense objected in writing and orally that the competing states of mind in this case are mutually exclusive. A defendant cannot act in good faith (a pivotal part of the defense case) for the purpose of carrying out what he reasonably believed were lawful orders, and simultaneously act corruptly with the unlawful intent to obstruct justice.

This issue is squarely before the 9th Circuit, brought by the *Thompson* defendants, and will be brought in this matter as well. During the oral argument for the Thompson defendants on July 5, 2016, this issue took the majority of time for both sides.

● Obstruction of an FBI investigation- the defense proposed an instruction telling the jury that the obstruction charged must apply only to the obstruction of a grand jury investigation, not to an investigation by the FBI and/or the U.S. Attorney. This Court declined to give the instruction, and the defense believes in error. This instruction was a vital part of the theory of defense, and if the instruction is erroneous, reversal is all but certain. *U.S. v. Escobar De Bright* 742 F.2d 1196 (9th Cir. 1984), (failure to instruct a jury on defendant's theory of the case is reversible error, per se.)

These instructional errors are fairly debatable and non-frivolous.

*6. Cumulative error*

Mr. Tanaka contends that each of the errors set forth above independently requires reversal of his conviction. At the very least, however, the defense will present a debatable claim that the cumulative effect of the errors requires reversal both under the Due Process Clause, see, e.g., *Parle v. Runnels*, 505 F.3d 922, 927-28 (9th Cir. 2007), and as a matter of federal common law and under supervisory powers. See, e.g., *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir. 1996). Furthermore, even if

- 10 -

some of his appellate claims are only reviewed for plain error, such errors are also considered in the cumulative error analysis. See, e.g., *United States v. Fernandez*, 388 F.3d 1199, 1256-57 (9th Cir. 2004); *United States v. Wallace*, 848 F.2d 1464, 1476 n.21 (9th Cir. 1988); accord *United States v. Al-Moayad,* 545 F.3d 139, 176-78 (2d Cir. 2008). In sum, Mr. tanaka has debatable, non-frivolous claims for reversal, when considered individually and cumulatively.

## III.     The Court should stay the restitution order

Under Fed. R. Crim. P. 38(e), the Court may stay restitution pending appeal. For the reasons articulated above with respect to his bail motion, Mr. Tanaka contends that he will be presenting substantial issues on appeal, and therefore a stay is appropriate. An immediate restitution order may also compromise his continued ability to maintain counsel for appellate purposes. Cf. *Luis v. U.S.*, 135 S.Ct. 2798 (2015)

## IV. Conclusion

For the foregoing reasons, Mr. Tanaka respectfully requests that the Court grant his bail pending appeal and maintain the bail currently set. It is the understanding of the defense that the government does not oppose bail on appeal[2]. He also requests that the Court stay the restitution order pending the outcome of his appeal.

Respectfully submitted,


Dated: July 8, 2016          /s/ H. Dean Steward

                                    H. Dean Steward
                                    Jerome Haig
                                    Counsel for Defendant
                                    Paul Tanaka

---

[2] If the *Thompson* defendants do not prevail in the 9th Circuit, the government has indicated that they may seek a status conference on the bail status of Paul Tanaka.

- 11 -

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED THAT:

I, H. Dean Steward, am a citizen of the United States, and am at least 18 years of age.

My business address is 107 Avenida Miramar, Ste. C, San Clemente, CA 92672.

 I am not a party to the above entitled action. I have caused, on 7-8-16, service of the defendant's:

**Motion for Bail on Appeal**

On the following parties electronically by filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies counsel for that party.

**AUSA Brandon Fox,  Lizbeth Rhodes, Eddie Jauregui**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 7-8-16

s/ H. Dean Steward

H. Dean Steward