**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

**HONORABLE PERCY ANDERSON, U.S. DISTRICT JUDGE**

UNITED STATES OF AMERICA,  )
                           )
          Plaintiff,       )
                           )
     vs.                   )    CASE NO. CR 15-255-PA
                           )
PAUL TANAKA,               )
                           )
          Defendant.       )
_____)

**REPORTER'S TRANSCRIPT OF**

**JURY TRIAL PROCEEDINGS - DAY 10**

**WEDNESDAY, APRIL 6, 2016**

**9:53 A.M.**

**LOS ANGELES, CALIFORNIA**

_____

**SHAYNA MONTGOMERY, CSR, RPR, CRR**
FORMER FEDERAL OFFICIAL COURT REPORTER
312 NORTH SPRING STREET, ROOM 410
LOS ANGELES, CALIFORNIA 90012
SHAYNAMONTGOMERY@YAHOO.COM

**UNITED STATES DISTRICT COURT**

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    EILEEN DECKER
    United States Attorney
    BY:  BRANDON D. FOX
          EDDIE A. JAUREGUI
          Assistant United States Attorneys
    United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012

**FOR THE DEFENDANT PAUL TANAKA:**

    H. DEAN STEWARD, ATTORNEY-PROFESSIONAL CORPORATION
    BY:  H. DEAN STEWARD
          Attorney at Law
    107 Avenida Miramar, Suite C
    San Clemente, California 92672
    (949) 481-4900

**FOR THE DEFENDANT PAUL TANAKA:**

    LAW OFFICE OF JEROME J. HAIG
    BY:  JEROME HAIG
          Attorney at Law
    21143 Hawthorne Boulevard, Suite 454
    Torrance, California 90503
    (424) 488-0686

**ALSO PRESENT:**

    Leah Tanner, FBI Special Agent

**UNITED STATES DISTRICT COURT**

**INDEX OF WITNESSES**

<u>**WITNESSES**</u>                                                                                          <u>**PAGE**</u>

(None.)

**INDEX OF EXHIBITS**

|                    |                    | FOR                    |              |
| ------------------ | ------------------ | ---------------------- | ------------ |
| <u>**NUMBER**</u>  | <u>**DESCRIPTION**</u> | <u>**IDENTIFICATION**</u> | <u>**RECEIVED**</u> |

(None.)

**UNITED STATES DISTRICT COURT**

**LOS ANGELES, CALIFORNIA; WEDNESDAY, APRIL 6, 2016**

**9:53 A.M.**

**--oOo--**

THE DEPUTY CLERK:  Calling item number one, CR 15-255, U.S.A. vs. Paul Tanaka.

Counsel, state your appearances, please.

MR. FOX:  Good morning, Your Honor.  Brandon Fox, Eddie Jauregui on behalf of the United States.  Also sitting at counsel table is Special Agent Leah Tanner with the FBI.

THE COURT:  Good morning.

MR. JAUREGUI:  Good morning.

MR. STEWARD:  And, Your Honor, Dean Steward and Jerome Haig for Mr. Tanaka.  He's present.

THE COURT:  Good morning.

MR. HAIG:  Good morning, Your Honor.

THE COURT:  We have a note from the jury, and the note reads that the jury has reached a unanimous verdict.

All right.  I'm going to bring the jury out.

One thing I just wanted to add, some of the jurors had remarked that some of their pictures were taken out on the courthouse steps or leaving the courthouse.  You know, I can't control what the media does out on a public sidewalk, but, you know, that's not really what they signed up for.  So I wish that you'd be a little sensitive to the jurors.  They didn't appreciate it, and again, please be a little sensitive to their

predicament and the circumstances under which they're serving here.

All right.  Let's bring the jury in.

(Pause in proceedings.)

THE COURT:  Anybody have any objections to bringing the alternates in?

MR. STEWARD:  No, Your Honor.

MR. FOX:  Not from the government.

(Pause in proceedings.)

(The jury entered the courtroom.)

THE COURT:  Good morning.  Please be seated.

I'm going to ask the clerk to have the alternates brought in.

(Pause in proceedings.)

(The alternate jurors entered the courtroom.)

THE DEPUTY CLERK:  Please be seated.

THE COURT:  Good morning.  Members of the jury, I understand you've reached a unanimous verdict.  Who is your foreperson?

Would you please hand the verdict to the court security officer.

All right.  I'm going to ask the clerk to publish the verdict.

THE DEPUTY CLERK:  "United States District Court, Central District of California, United States of America vs.

Paul Tanaka, case number CR 15-255, verdict:  Count 1, conspiracy to obstruct justice, we, the jury, unanimously find the defendant Paul Tanaka guilty of conspiracy to obstruct justice as charged in Count 1 of the indictment.

"As to Count 2, obstruction of justice, we, the jury, unanimously find the defendant Paul Tanaka guilty of obstruction of justice as charged in Count 2 of the indictment."

Signed April 6, 2016 at Los Angeles, California by the foreperson.

THE COURT:  Members of the jury, is that the verdict of each of you, so say you all?

THE JURY PANEL:  Yes.

THE COURT:  Does the defense wish to have the jury polled?

MR. STEWARD:  Yes, please, Your Honor.

THE COURT:  All right.  I'm going to ask the clerk to poll the jury.

THE DEPUTY CLERK:  Juror Number 1, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 2, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 3, is this your

**UNITED STATES DISTRICT COURT**

verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 4, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 5, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 6, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 7, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 8, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 9, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 10, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Juror Number 11, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  And, Juror Number 12, is this your verdict?

THE JUROR:  Yes.

THE DEPUTY CLERK:  Thank you.

THE COURT:  Any reason why the verdict should not now be recorded?

MR. FOX:  No, Your Honor.

MR. STEWARD:  No, Your Honor.

THE COURT:  The clerk is directed to file and record the verdict.

Any reason why the jury should not now be discharged?

MR. FOX:  No, Your Honor.

MR. STEWARD:  No, Your Honor.

THE COURT:  Ladies and gentlemen, now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Many times jurors ask if they're now at liberty to discuss the case with anyone.  Now that the case is over, you are, of course, free to discuss it with any person you choose.  By the same token, however, I would advise you that you're under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest that you treat it with the same degree of seriousness in that whatever you do decide, to be willing to say in the

presence of the other jurors or under oath here in open court in the presence of all the parties.  Also, always bear in mind that if you do decide to discuss the case, that the other jurors fully and freely stated their opinions with the understanding that they were being expressed in confidence. Please respect the privacy of the views of your other jurors or your fellow jurors.

Again, I want to thank you for your services in this case. Our Constitution's framers recognize that trial by jury is the essence of a free government.  Jury service is a right that our forefathers fought for because of its importance in the governing of a democratic society.  For the jury to perform its historic and beneficial role in our democracy, it must be constituted with people like yourselves who are willing to serve.  As a society, we've given to the people the power to make the ultimate determination of whether or not to deprive a fellow citizen of life, liberty or property in criminal cases. I'm proud of the fact that citizens like you are willing to serve on our juries.

I'm going to now excuse you.  If you could go back into the jury room, all of you, and I'm just going to come in for a couple minutes and just thank you personally for your service in this case.  You are dismissed with the thanks of the court, and if you could just return to the jury room, and it'll just be a couple minutes.

(The jury exited the courtroom.)

THE DEPUTY CLERK:  Please be seated.

THE COURT:  If the parties could wait just a few minutes, I'm just going to take a short recess, just maybe five minutes, and I'll be back, and then we'll continue with the proceedings.

(Off the record at 10:04 a.m.)

(On the record at 10:09 a.m.)

THE COURT:  All right.  I'm going to ask the clerk to give us a date for sentencing.

THE DEPUTY CLERK:  Your Honor, the Court is available June 20th, 2016 at 8:30 a.m.

THE COURT:  Is that date and time convenient to both counsel and the defendant?

MR. FOX:  It is, Your Honor.

MR. STEWARD:  Yes, Your Honor.

THE COURT:  All right.  Sir, you're ordered to appear for sentencing on June 20th, 2016 at 8:30 a.m. without further notice or order from the court.  In the interim, your case is going to be referred to the probation department for the preparation of a presentence report.  You'll be asked to give information for the report.  You'll have an opportunity to read the report and to speak at the sentencing hearing.  I'm going to urge you to consult with your counsel so that they can answer any questions you may have.

**UNITED STATES DISTRICT COURT**

All right.  Is there anything else?

MR. FOX:  No, Your Honor.

MR. STEWARD:  No, Your Honor.

THE COURT:  All right.  Thank you very much.

Let me see counsel at sidebar for just a moment.

(Discussion held at sidebar.)

THE COURT:  Just want to thank you for a well-tried case.

How's Ms. Rhodes?

MR. FOX:  She's here today.  I don't know if you want to call her up, but she's in the back row.  Do you see her?

THE COURT:  Yeah.

MR. FOX:  Liz.

When I came up from closing arguments yesterday, she was back.  So unfortunately, she just missed the key things.

THE COURT:  Hi.  We missed you.

MS. RHODES:  I know.  I had something else to do.

THE COURT:  Well, I hope everything went well.

MS. RHODES:  It did.  Thank you very much.

THE COURT:  All right.  Again, thank you all very much.

MR. FOX:  Your Honor, thank you too, and one thing I wanted to tell you is just overall, if you hadn't pushed -- we got to a point here that's imporant, I think, for justice, and

you pushed these trials from the beginning.  I think that that, in terms of justice, was the right thing to do.  Thank you very much for doing that.

There is one issue that I probably should have addressed earlier, and that's Mr. Tanaka's status now as a convicted felon.  His wife is a law enforcement officer, and I'm not sure what the status is with her guns.  We dealt with this at the bond stage, and it's just something that we probably should be informed of.

MR. HAIG:  My understanding is that the firearm that he had that he lawfully could possess as a retired law enforcement officer was taken out of the house.  So the only weapons that they had in the house were actually her weapons that she's authorized to carry as a law enforcement officer.

MR. STEWARD:  And I believe they're locked in a safe, and pretrial services has actually checked on that.

MR. FOX:  It's obviously not incredibly comforting knowing that there are guns in the house, but she is a law enforcement officer, so I don't know what we can do about that.

MR. HAIG:  And when you say guns, I believe it's -- I think there are two that are authorized for her to carry.  She's a detective in the L.A. County Sheriff's Department.  I understand what the government is saying, but I think pretrial certainly can be made aware of it again.

And I don't know what the Court's position is going to be,

UNITED STATES DISTRICT COURT

but if she's not allowed to have her firearm, then she basically has to live out of the house. And they've got a young child together. There's no indication in the time that he's been out that anything has happened at all -- I mean, as far as anything in violation of pretrial services orders.

THE COURT: When is -- I'm sorry, she's with L.A.?

MR. HAIG: She's a detective in the L.A. County Sheriff's Department, and she works out of the -- I think she works out of the Lennox Station, if I'm not mistaken.

MR. FOX: And, Your Honor, I don't know what the policies are, whether she can just store the weapons at the Lennox Station, that seems to me to be -- if they would allow for that, it seems to be the right disposition.

MR. HAIG: Again, I think this issue was taken up at the time, and I think that there's a requirement that she have her weapon available, especially since she a detective, she is on call. We've dealt with the weapon issue as far as his lack of having access to it when he was released on bond initially. I know the status is different now, and we do understand that, but I think that the procedure that was initially put in place, really, I think is -- that it is the proper procedure now.

THE COURT: And what is that procedure?

MR. HAIG: That the weapons that she had -- I'm sorry, the weapons that he had were taken out of the home, and I believe those -- and that he was not going to possess any

14

weapon even though he had a CCW permit, and that the weapons that she has in relation to her employment as a sheriff's detective were locked up and kept out of access to Mr. Tanaka.

And if the Court wants to make that order again on the record, I think that that is an appropriate order that the court could make. Or if you want me to instruct my client about that, I can do that too.

THE COURT: Why don't you instruct -- is she here today?

MR. HAIG: Yeah, she's in the front row. Do you want to have her come up?

THE COURT: No, that's okay.

Why don't you tell her that that order's still in affect; that she needs to lock those weapons up; that she should have the only key to those weapons; they're not to be shared with her husband. He should be advised that he can no longer possess a weapon -- is not to possess or have access to these weapons.

MR. HAIG: Understood. Okay.

THE COURT: Okay.

MR. FOX: Thank you, Your Honor.

THE COURT: All right.

(End of sidebar discussions.)

THE COURT: All right. Anything else?

MR. FOX: Not from the government, Your Honor.

UNITED STATES DISTRICT COURT

MR. STEWARD:  Not from the defense, Your Honor. Thank you.

THE COURT:  All right.  Thank you very much.

Ms. Rhodes, good to see you.

MS. RHODES:  Thank you, Your Honor.

(The proceedings adjourned at 10:16 a.m.)

**UNITED STATES DISTRICT COURT**

**CERTIFICATE OF OFFICIAL REPORTER**


COUNTY OF LOS ANGELES    )
                         )
STATE OF CALIFORNIA      )


            I, SHAYNA MONTGOMERY, Former Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.


Date:  *August 24, 2016*



                    /s/ SHAYNA MONTGOMERY

                    _____
                    SHAYNA MONTGOMERY, CSR, RPR, CRR
                    Former Federal Official Court Reporter


**UNITED STATES DISTRICT COURT**