**EXHIBITS WHICH CAME IN THROUGH MICKEY MANZO**

(*\* means no objection by appellant to the exhibit; otherwise, all were objected to; also, unless noted, neither Manzo or appellant are on the emails.  All dates are from 2011*)

Ex. 15: August 18th email to Carey, Gallagher, Thompson, from Nee, stating that appellant wanted a meeting in his office the next day at 1:30 pm.  4RT 17.

Ex. 16: August 18th email to Montgomery from Nee, regarding the Sheriff's meeting with Carey, Gallagher, Thompson from 2 to 2:30 pm in a reserved room. 4RT 19.

Ex. 17: August 18th email from Thompson to Nee, regarding collecting information on Anthony Brown. Asks if it is okay to bring two deputies to the meeting (i.e., Manzo and Smith of OSJ).  4RT 20.

Ex. 18: August 19th email from Nee to Thompson stating it was okay to bring the two deputies, but that he didn't know appellant would have then inside the meeting.  4RT 26.

Ex.  20: August 19th email from Nee to Leavins asking that he call Nee.  4RT 30.

Ex. 21:  August 20th email from Thompson to Crystal Miranda referring to implementing the policy about law enforcement interviews at the jail and speaking to appellant about it.  4RT 36.

Ex. 22:  August 23 email from Miranda to Thompson asking for a copy of the policy for Assistant Sheriff Rhambo. 4RT 37-38.

Ex. 23:  August 23 email from Fedele (operations lieutenant at MCJ) to Thompson saying the note was changed from "No one sees him without your, my or Lamar's approval, to "no one talks to him without your approval."  Also, states "delayed re meeting with PT."   4RT 48.

Ex. 24:  August 24th email from Thompson to Gilbert (detective in MCJ liaison) asking that he check to see OSJ is outside Brown's cell.  States he will talk to

Gilbert about why he was not notified of Brown's visit.  4RT 63-64.

Ex. 25:  August 21-24, 2011 emails between Thompson and Rhambo (Assistant Sheriff) in which Thompson states he briefed MCJ supervisors about the new FBI/law enforcement interviewing procedures and the revised policy and whether he should draft it. Rhambo replies that he is reviewing policy and they can discuss amendments first.  4RT 52-53.

*Ex. 26: August 24th email from Manzo to Thompson includes an "initial draft" of the policy re interviews.  It was based on what Lt. Thompson stated, but the latter said to Manzo this is what appellant wanted. 4RT 54.   The draft said that all requests for FBI interview will be approved by appellant or someone he designates. Id. at 55.

*Ex. 28:  August 23-24, 2011. email from Thompson to Manzo, Smith and Gerard giving the FBI phone numbers of Brown's visitors that day from their business cards.  Manzo says he ran the numbers on the jail phone system. 4RT 42-43.

Ex.  30: August 24, 2011 email from Thompson to Nee asking if references in the policy to appellant or the executive should be removed and asks for approval to send the policy out. Nee tells Thompson that appellant said that he, Thompson, was to make the changes.   4RT 55-57.

*Ex. 31: August 24th email from Smith of OSJ to Manzo and 15 others about the security and scheduling on guarding Brown - "the inmate we are tasked with protecting."  Brown not to be moved except in the presence of appellant, Carey, Leavins, Thompson, Smith or Manzo.   4RT 64, 67.

*Ex. 32: August 24th email from Smith to many others including Manzo about schedules for the Brown detail.  4RT 79.

Ex. 34: email of August 25, 2011 from Thompson to all custody captains, et al, with the policy which states that all FBI requests for inmate interview will be approval by the MCJ liaison. Once approved, the inmate will be sent to MCJ and made available.  4RT 58.

Ex. 39: August 26th emails from Bonner to Thompson stating: "Boss, you will be

getting a call re his [Brown's] meds or removing him from the computer."  4RT 80.  The subject line reads: "John Rodriguez."

Ex. 40: emails exchanges on August 26th between Pearson and Thompson pertaining to Brown's inmate jacket being delivered to Thompson.  4RT 72-73.

*Ex. 41: August 27th email from Smith re scheduling to 16 others including Manzo and stating that the operation has moved to San Dimas station.  4RT 82.

Ex. 47: Sept. 2d email from Smith to Thompson stating Brown has new name, Chris Johnson, and booking number.  4RT 82-83.

*Ex 49: email of Sept. 3, from Smith to many deputies (Manzo included) about scheduling their duty and that the operation has been moved back to MCJ.  4RT 85-86.

*Ex. 50: email of Sept. 7th, from Smith to many deputies including Manzo about scheduling their duty ("baby sitting" Brown).

*Ex. 133, a *CYA" log to contained all matters re Brown such feeding, medications, smoking.  Refers to "John Rodriguez" and "Kevin King", names from Brown.  4RT 68, 73

Ex. 135, a notebook Manzo thought might be Deputy Smith's containing many pages.  The only reference to the jury was "AUSA investigation of police brutality, use of force from 2009 to 2011.  Complaints. 69PC. 243PC. All use of force."  Manzo did not explain any of it.   4RT 83-85.

Ex. 136, another notebook Manzo thought might be Deputy Smith's with the cryptic and unexplained note: "In person/Mr. T."  4RT 50-51.  Argued to contain "Mr. T, OSJ, eight-hour shifts" which were alleged to mean the contemporaneous notes written on that day about that meeting."  9RT 69.