**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

**THE HONORABLE PERCY ANDERSON, JUDGE, PRESIDING**

**UNITED STATES OF AMERICA,**          )
                                       )
                        **Plaintiff,** )
                                       )
              **vs.**                  ) NO. CR 15-255 PA
                                       )
**PAUL TANAKA,**                       )
                                       )
                        **Defendant.** )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Wednesday, September 28, 2016, 3:09 P.M.

Motion for Bail on Appeal

PAT CUNEO CSR 1600, CRR-CM
Official Reporter
Roybal Federal Building
255 East Temple Street
Room 181-E
Los Angeles, CA  90012
213-894-1782
patcuneo1600@gmail.com
www.patcuneo.com

2

APPEARANCES:

FOR THE PLAINTIFF:    EILEEN M. DECKER
                      UNITED STATES ATTORNEY
                      BY:   BRANDON D. FOX
                      AND   EDDIE A. JAUREGUI
                      ASSISTANT UNITED STATES ATTORNEYS
                      United States Courthouse
                      312 N. Spring Street
                      Los Angeles, California 90012
                      brandon.fox@usdoj.gov
                      eddie.jauregui@usdoj.gov


FOR THE DEFENDANT:    H. DEAN STEWARD
                      ATTORNEY AT LAW
                      107 Avenida Miramar
                      Suite "C"
                      San Clemente, California   92672
                      949-481-4900
                      deansteward@fea.net
                              -and-
                      JEROME HAIG
                      ATTORNEY AT LAW
                      21143 Hawthorne Boulevard
                      Suite 454
                      Torrance, California   90503
                      424-488-0686
                      jerome@jeromehaiglaw.com

3

LOS ANGELES, CA.; WEDNESDAY, SEPTEMBER 28, 2016; 3:09 P.M.

-oOo-

THE CLERK:  Calling Item No. 2 on the calendar, CR 15-255 PA, United States of America vs. Paul Tanaka.

Counsel, state your appearance.

MR. FOX:  Good afternoon, Your Honor.  Brandon Fox and Eddie Jauregui on behalf of the United States.

THE COURT:  Good afternoon.

MR. STEWARD:  And, Your Honor, Dean Steward and Jerome Haig on behalf of Mr. Tanaka.  They should be walking in right now.

(Mr. Haig and Mr. Tanaka entered the courtroom.)

THE COURT:  Good afternoon.

The defendant has filed a motion for bond on appeal.  I have reviewed the initial motion that was filed, the government's initial opposition; and I believe in the last week or so both sides filed a supplement and the Court has reviewed that as well.

Does either side wish to be heard?

MR. STEWARD:  Yes, Your Honor, if I may be.

THE COURT:  Uh-huh.

MR. STEWARD:  And, Your Honor, I'm certainly not here to argue the actual issues but, rather, we hope that we've shown in our papers that we've got debatable issues that under the Handy standard, once raised on appeal, could

result in reversal.

If I may for a moment just talk about the standards of review of the issues we presented to the Court and that's not the final list of issues.

Appellate counsel Charles Sevilla has several others but these, we think, if you will, do the trick for debatable issues.

The Vikings material is, of course, an abuse of discretion standard which is a very high standard and we understand that.

However, because of the nature of the material, the gang inferences and the other things we put in our papers, we believe it takes it out of the mine-run, if you will, of evidentiary issues and gives it added importance.

That combined with the 404(b) material, we believe is debatable, substantial, and the sort of thing that should allow for bail on appeal.

On the jury instruction issue, we believe the standard is de novo because the question is whether or not the instruction adequately presented the theory of defense; and in the Smith decision at page 14 of the slip opinion, they talk about that issue.

We think it's a significant issue; and when you're talking about the dual intent, our case is different than the Smith case.  In Smith, they had -- the government

presented actions, activities, and, to a lesser extent, statements of the defendants.

With Mr. Tanaka's case, the government knew in advance that his intent would be a critical, critical issue which is why we believe they added the paragraph 8, 404(b) material which we suggest and will suggest to the Ninth Circuit is highly prejudicial but it went to his intent.

Also, the Viking material that came later, same thing. Went to his intent. And the reason they had to do that was because there was virtually no or very, very few instances of conduct that they could point to and certainly some statements.

But what that does is it puts us right in the wheelhouse of the Smith opinion when they're talking about -- let me see if I can pull out the exact language.

The Smith opinion at slip opinion page 24 talking about the jury was not asked to decide an issue where one alleged purpose was very strong and the other very weak.

Our position to the circuit will be that's precisely what happened in the Tanaka case; the strong purpose being to take care of and obey the orders of Leroy Baca, the lesser purpose which would have been the government's argument was the obstructive conduct and statements.

But that alone takes us out of the Smith area and

we suggest supports what will be the appellate argument as to the dual intents.

The other issue, among others that we presented in our papers here and will be presenting to the Ninth Circuit is the Baca statements.

And our position to the Ninth Circuit will be that we were not allowed to tender a significant portion of our defense; that the Baca statements would have been exculpatory and we laid those out both for this Court and then again in our papers on the bail hearing.

And of course the standard there is de novo, much like Chambers v. Mississippi that we cited.  It's not simply an evidentiary issue.  It's a critical constitutional issue being able to present an adequate defense.

So, Your Honor, those are four issues that we presented in our papers -- actually five issues.  Our suggestion is that each one of these standing alone is sufficiently debatable under the Handy definition that bail on appeal should continue.

I think, as we put in our papers, Your Honor, our brief is due in about three weeks.  We fully expect to file it on time.

The government will have their period of time to respond to it but my guess is the briefs will be submitted before Christmas so the appeal is moving along.

Mr. Tanaka has been on bail for some period of time at this point. Given the legal standard and given the practical aspect of it, we'd ask the Court to continue him on bond.

Thank you.

THE COURT: All right.

MR. FOX: Your Honor, I'll address those three issues that Mr. Steward just discussed.

The substantial question issue that he said -- he said it could result in reversal. That's actually not the standard. It's likely to result in reversal. That is the correct standard. So that is, I think, a higher standard than could result in reversal. There's nothing fairly debatable here, especially in light of the Ninth Circuit's opinion in Smith.

So let me just take on the dual purpose instruction first. The facts of course are almost identical. The factual basis in this case is almost identical and probably is identical for the purposes of this analysis as the Smith case.

And in that case, while the Ninth Circuit found that -- what I think the language Your Honor put in to be a prophylactic measure to protect the defendants, they found it to be a slight error in using the word "incidental."

They found, based on these facts, that the jury

was not asked to decide an issue where one alleged purpose was very strong and the other very weak.

My recollection, Your Honor, is that Mr. Tanaka actually denied being involved in this whatsoever.  So I don't think that this is a case where actually dual purpose was as much of an issue here as it was in the Smith case.

I have think this is certainly going to be a harmless error analysis because there was no arguments, as far as I can remember, Your Honor, in closing arguments about dual purpose whatsoever.

Mr. Tanaka just simply claimed that he didn't know anything about what was going on with the exception of the first two weeks and that he did not have a corrupt intent at that point.

And if you look at that same quote that Mr. Steward gave, that's the exact reason why there is not going to be reversal error here.  If anything, it's going to be harmless.

With the Vikings, we briefed this issue.  Your Honor again was careful about allowing it to come in.  It would be an abuse of discretion standard.

The government had a good-faith basis to ask these questions.  The defendant opened the door to it in his direct examination.

He was free to dispute whether the Vikings were a

gang.  That's one of the issues that Mr. Steward raised; and my recollection is that Mr. Tanaka actually did dispute whether they were a gang.  He said it was an emblem.  He said it was not a gang.

And you'll recall that working with the Court and with the defense attorneys, the government tailored its questions to remove much of the prejudicial language that may have been in there with Judge Hatter's findings.

So we narrowly tailored these questions to address the issue that he opened the door to and, finally, the probative value was not substantially outweighed by the prejudicial effect.

Finally, the Baca issue, whether Mr. Baca should have been immunized, Your Honor, we briefed this.  We've invited the defense many times to explain how Mr. Baca's testimony would have contradicted Mr. Manzo's testimony or any immunized witness; and they've never been able to come forward with that.

I disagree that this is going to be a de novo standard.  I believe this will be an abuse of discretion standard because the Ninth Circuit is going to have to find that I believe that you abused your discretion in finding that the government did not intentionally cause Mr. Baca to invoke his Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process or

that the government granted immunity to a witness to whom Baca would have directly contradicted.

And the final thing I'll note about Mr. Baca is we've seen in the past few months how prejudicial it would have been had the defense been able to immunize Mr. Baca. It would have altered the course of his prosecution.

So we don't believe that there is any substantial question that is likely to result in a reversal.  Nothing here is fairly debatable, Your Honor.

MR. STEWARD:  Your Honor, if I very briefly may respond.

Counsel talks about the Smith decision as mildly criticizing the language in the dual purpose instruction but that's not what they said.

They described it -- Judge Fernandez described it as infelicitous which I had to go look up which is unfortunate and inappropriate.

Further down in the same paragraph, the panel talks about, in another case, the more than merely incidental formulation may well lead to error and that makes its use rather dangerous at best thus our admonition against using it.

I suggest that they strongly criticized that particular language and it's right in the wheelhouse of the importance to the Tanaka defense, particularly when the

government is hitting so hard on intent, intent, intent, as to Mr. Tanaka as opposed to Smith where it was the factual determination.  Who is moving the inmate?  Who is threatening who?  Those sorts of things.

It sets the two cases apart and I suggest that this language in the Smith case supports our position even more strongly than before.

Thank you.

THE COURT:  All right.

Under Title 18 of the United States Code, Section 3143(b)(1) states that the defendant has the burden of proving by clear and convincing evidence that he's not likely to flee or pose a danger to the safety of the community and that his appeal raises a substantial question of law or fact likely to result in a new trial or reversal.

The only issue here, based on my review of the parties' papers, is whether or not the defendant has raised a substantial question of law or fact likely to result in reversal.

The Ninth Circuit has defined a substantial question as one that is fairly debatable or fairly doubtful. In other words, it is one of more substance that would be necessary to a finding that it was not frivolous.

In this case on April 6th the jury, after deliberating less than three hours, found the defendant

guilty of conspiracy to obstruct justice and obstruction of justice.

Following sentencing, the defendant received a self-surrender date of August 1st; and on July 8th the defendant filed a motion for bond on appeal. Thereafter, the Court continued the defendant's self-surrender date to October 3rd of 2016.

On appeal, the defendant seeks review of the Court's denial of his motion to admit the Grand Jury testimony of a defendant that was facing Indictment in another criminal case, giving of a dual purpose instruction and the admission of prejudice so evidence, namely, the government's cross-examination of the defendant's membership in a deputy clique known as the Vikings.

After reviewing the record including the exhibits, the trial transcripts and the arguments of counsel, the Court concludes that the motion fails to raise a substantial question of law or fact that would result in a reversal of the defendant's conviction.

First, the Court finds that the defendant's challenge to the Court's dual purpose jury instruction is foreclosed by the Ninth Circuit's opinion in United States v. Smith and the related appeals which, despite the defense's efforts to distinguish it, raises the same issue and, as the government has pointed out, I believe it was

probably more.  But given the facts of this case, it was probably more of an issue in the Smith case than it is in this one and, as the Ninth Circuit found, it was not reversible error.

The Court also did not abuse its discretion in refusing to admit the statements or compel the testimony of Mr. Baca inasmuch as the defendant has never made a showing that the government was obligated to immunize Mr. Baca and, moreover, Mr. Baca's statements were not admissible under any exception to the hearsay rules.

And, finally, the Court properly allowed limited impeachment of the defendant's affiliation with the Vikings and there was no cumulative error.

With respect to Mr. Baca's -- the issue involving Mr. Baca, prior to trial the defendant sought an order of immunity for Mr. Baca to testify and to have certain statements he made in April of 2013 admitted at trial.

The Court finds that it did not abuse its discretion in refusing to admit this evidence.  The defense did not make a showing that the prosecution either intentionally caused Baca to invoke his Fifth Amendment right against self-incrimination with the purpose of distorting the fact-finding process or granted immunity to a government witness whom Baca would have directly contradicted which so distorted the fact-finding process

that the defendant was denied his due process rights to a fundamentally fair trial.

The government did nothing to cause Baca to invoke his fifth amendment right against self-incrimination and, in addition, the defense has never shown how Baca's testimony would have directly contradicted a witness who was immunized by the government.

According to the Court's recollection, Mickey Manzo was the only witness who received immunity and there was no showing that any statement by Manzo would have been contradicted by Mr. Baca, let alone that failure to immunize Mr. Baca distorted the fact-finding process and denied the defendant his due process rights to a fair trial.  Moreover, none of Mr. Baca's statements were admissible under the hearsay rules.

Rule 803(b)(4) provides an exception for out-of-court statements where the declarant is unavailable and the statements tend to subject the declarant to criminal liability; that a reasonable person in the declarant's position would not have made the statements unless that person believed it to be true.

The Ninth Circuit has held that such statements must solidly inculpate the declarant, that is, they must be truly self-incriminating.

None of the statements were against Mr. Baca's

self-interest or inculpatory nor could any of those statements be deemed so trustworthy that they should have been admitted at trial.

The defendant also claims that the Court erred in allowing the government to cross-examine him about his affiliation with the deputy clique called the Vikings that was involved in deputy abuse and misconduct.

On direct examination, the defendant repeatedly portrayed himself to the jury as a supervisor with zero tolerance for misconduct or abusive deputies.

The evidence of the defendant's affiliation with the Vikings was probative of his intent and his credibility.

To establish the defendant's intent, the government bore the burden of proving his intent to obstruct justice.

The defendant claimed both on direct examination and in his opening statement that he was committed to knowing all the laws, knowing the lines of right and wrong, and doing things the right way; that he had no tolerance for the types of deputy abuse at the core of the FBI's investigation and, instead, he was committed to the Los Angeles County Sheriff's Department's core values, that is, honorably performing his duties with respect to the dignity of all people.

The defendant's affiliation with the Vikings,

however, contradicted those assertions; that the defendant was affiliated to this clique at the time he was a sergeant and through his time as the undersheriff; and while he testified was relevant both to his intent and was relevant to the likelihood that he wanted to protect problem deputies who were known to cross the line and violate the civil rights of others.

The evidence showed that other deputies who were coconspirators were also members of the Vikings which was probative of the defendant's agreement with those individuals to obstruct justice.

That testimony undermined his testimony that he agreed with and adhered to the sheriff's department's core values and that as a supervisor he had no tolerance for deputies who violated the law.

It was also relevant to impeaching him, directly calling into question his stated commitment to following the law and doing things the right way.

Moreover, the government took steps to ensure that there was no undue prejudice.  The government only elicited limited testimony regarding his membership and his knowledge of findings in general about civil rights violations and his knowledge of other members of the conspiracy who were also alleged members of the Vikings, namely, Greg Thompson and Christopher Nee.

Indeed by repeatedly testifying in the way that he did, the defendant opened the door to the evidence demonstrating his non-law-abiding character.

Moreover, the government did not refer to the organization as any type of neo-Nazi supremacist gang.  It referred generally to civil rights violations and acts of lawlessness.

The government made the point that the defendant belonged to an organization that went against the defendant's professed values but did not belabor it nor was the Viking testimony repeatedly referred to.

In fact, I don't think the Vikings was referred to at all in the government's closing argument.  There was a brief reference to a tattoo and that was only once initially.

Finally, the Court instructed the jury that it should consider the Vikings-related testimony for its bearing, if any, on the question of the defendant's intent and credibility and for no other purpose; and there was no objection raised to that limiting instruction.

This is not a fairly debatable issue that could lead to overturning the defendant's conviction.

The problem was not so much with the content of the questioning but with the defendant's evasiveness and demeanor and his open hostility and combativeness in

answering those questions.

The Court believes that there was no cumulative error and the Court finds that the defendant has not satisfied his burden of raising a substantial issue of law or fact that would result in a reversal of his conviction.

The motion for bail on appeal is denied and the self-surrender date remains in place of October 3rd.

MR. STEWARD:  Your Honor, would the Court consider extending for a short period of time the surrender date from Monday of next week to Friday so that we may broach these subjects with the Ninth Circuit?

We're going to have to have a transcript.  That will take some time.  I'd ask the Court to consider a five-day extension.

THE COURT:  Well, my understanding is that as soon as you file your motion with the circuit, that that automatically extends the defendant's self-surrender until that issue has been resolved by the circuit.

I think there was a change in the rule I believe last year or the year before.

MR. STEWARD:  It's my understanding as well, Your Honor, but that still gives us about 48 hours to prepare the motion that we would file and we're asking the Court to consider that extra five days.

THE COURT:  Okay.

Any objection by the government?

MR. FOX:  None, Your Honor.

THE COURT:  All right.  I'll extend his self-surrender date -- what did you want?

MR. STEWARD:  Friday of next week, Your Honor, which would be October 6, something like that.  I'm day challenged.

THE COURT:  Let me bring it up.

MR. FOX:  Your Honor, may I also have one moment with counsel?  I want to ask him a question.

THE COURT:  Yes.

*(Court and the clerk conferred.)*

MR. FOX:  Your Honor, there was some issues that Mr. Tanaka raised in his initial motion that he did not raise in his supplemental motion.

I just wanted to make sure, based on the Smith opinion, that they were, for these purposes, abandoning those for your consideration; and Mr. Steward has indicated that for this motion that that's the case.

MR. STEWARD:  That's true, Your Honor.  I of course don't bind appellate counsel but for the purposes today.

THE COURT:  All right.  I had assumed that based on the supplement that was filed that that was the case but that's fine.

All right.  I believe that date is October the 7th so I will continue the self-surrender date from the 3rd to the 7th.   3:00 o'clock on the 7th give you enough time?

MR. STEWARD:  Yes, Your Honor.  Thank you.

THE COURT:  Okay.  So the defendant's self-surrender date is continued to October the 7th at 3:00 p.m.

MR. FOX:  Nothing else from the government, Your Honor.

(Defense counsel conferring.)

THE COURT:  Anything else from the defense?

MR. STEWARD:  The only thing we were discussing, Your Honor, is the -- the designation place is Inglewood, Colorado.  We were trying to figure whether that's 3:00 p.m. Colorado time or 3:00 p.m. California time.  Given our discussion about the Ninth Circuit, honestly, I don't think it matters.

THE COURT:  I'm not sure it does either but he either needs to report to the institution designated by the Bureau of Prisons or to the marshals office in the Roybal Federal Building by 3:00 o'clock Pacific Time.

MR. STEWARD:  Okay.  Understood, Your Honor. Thank you.

THE COURT:  All right.  Thank you very much.

THE CLERK:   All rise.

This Honorable Court is adjourned.

(At 3:38 p.m. proceedings were concluded.)

-oOo-

CERTIFICATE

I, PAT CUNEO, CSR 1600, hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   September 28, 2016

/s/ PAT CUNEO

PAT CUNEO, OFFICIAL REPORTER
CSR NO. 1600

| | |
|---|---|
| **MR. FOX: [6]** 3/5 7/6 19/1 19/8 19/12 20/8 | |
| **MR. STEWARD: [11]** 3/8 3/19 3/21 10/9 18/7 18/20 19/4 19/19 20/4 20/12 20/22 | |
| **THE CLERK: [2]** 3/2 20/25 | |
| **THE COURT: [15]** 3/7 3/12 3/20 7/5 11/8 18/14 18/24 19/2 19/7 19/10 19/22 20/5 20/11 20/18 20/24 | |

**-**

**-and [1]** 2/11
**-oOo [2]** 3/2 21/5

**/**

**/s [1]** 21/22

**0**

**0686 [1]** 2/14

**1**

**107 [1]** 2/9
**14 [1]** 4/21
**15-255 [1]** 1/8
**1600 [3]** 1/21 21/9 21/23
**1782 [1]** 1/24
**18 [1]** 11/10
**181-E [1]** 1/23
**1st [1]** 12/4

**2**

**2013 [1]** 13/17
**2016 [4]** 1/17 3/1 12/7 21/17
**21143 [1]** 2/13
**213-894-1782 [1]** 1/24
**24 [1]** 5/16
**255 [3]** 1/8 1/22 3/4
**28 [4]** 1/17 3/1 21/10 21/17

**3**

**312 [1]** 2/5
**3143 [1]** 11/11
**3:00 [5]** 20/3 20/8 20/15 20/16 20/22
**3:09 [2]** 1/17 3/1
**3:38 [1]** 21/3
**3rd [3]** 12/7 18/7 20/3

**4**

**404 [2]** 4/15 5/5
**424-488-0686 [1]** 2/14
**454 [1]** 2/13
**48 [1]** 18/22
**4900 [1]** 2/10

**6**

**6th [1]** 11/24

**7**

**753 [1]** 21/10
**7th [4]** 20/2 20/3 20/3 20/7

**8**

**803 [1]** 14/16
**8th [1]** 12/4

**9**

**90012 [2]** 1/23 2/5

**90503 [1]** 2/14
**92672 [1]** 2/10
**949-481-4900 [1]** 2/10

**A**

**abandoning [1]** 19/17
**abiding [1]** 17/3
**able [3]** 6/14 9/17 10/5
**about [16]** 4/2 4/22 4/24 5/15 5/17 6/21 8/10 8/12 8/20 10/3 10/12 10/19 15/5 16/22 18/22 20/17
**above [1]** 21/13
**above-entitled [1]** 21/13
**abuse [7]** 4/8 8/21 9/20 13/5 13/18 15/7 15/20
**abused [1]** 9/22
**abusive [1]** 15/10
**According [1]** 14/8
**actions [1]** 5/1
**activities [1]** 5/1
**acts [1]** 17/6
**actual [1]** 3/23
**actually [5]** 6/16 7/10 8/4 8/5 9/2
**added [2]** 4/14 5/5
**addition [1]** 14/5
**address [2]** 7/7 9/9
**adequate [1]** 6/14
**adequately [1]** 4/20
**adhered [1]** 16/13
**adjourned [1]** 21/2
**admissible [2]** 13/9 14/14
**admission [1]** 12/12
**admit [3]** 12/9 13/6 13/19
**admitted [2]** 13/17 15/3
**admonition [1]** 10/21
**advance [1]** 5/4
**affiliated [1]** 16/2
**affiliation [4]** 13/12 15/6 15/11 15/25
**after [2]** 11/24 12/15
**afternoon [3]** 3/6 3/8 3/13
**again [2]** 6/10 8/20
**against [6]** 9/24 10/21 13/22 14/4 14/25 17/9
**agreed [1]** 16/13
**agreement [1]** 16/10
**all [10]** 7/6 11/9 15/18 15/24 17/13 19/3 19/23 20/1 20/25 21/1
**alleged [3]** 5/18 8/1 16/24
**allow [1]** 4/17
**allowed [2]** 6/7 13/11
**allowing [2]** 8/20 15/5
**almost [2]** 7/17 7/18
**alone [3]** 5/25 6/17 14/11
**along [1]** 6/25
**also [7]** 5/8 13/5 15/4 16/9 16/16 16/23 19/9
**altered [1]** 10/6
**amendment [3]** 9/24 13/21 14/4
**AMERICA [2]** 1/6 3/4
**among [1]** 6/3
**analysis [2]** 7/20 8/8
**ANDERSON [1]** 1/4
**Angeles [5]** 1/15 1/23 2/5 3/1 15/22
**another [2]** 10/19 12/11
**answering [1]** 18/1
**any [8]** 9/17 10/7 13/10 14/10 15/1 17/5 17/18 19/1
**anything [3]** 8/12 8/17 20/12

**apart [1]** 11/5
**appeal [10]** 1/19 3/15 3/25 4/17 6/19 6/25 11/14 12/5 12/8 18/6
**appeals [1]** 12/23
**appearance [1]** 3/5
**APPEARANCES [1]** 2/1
**appellate [3]** 4/5 6/1 19/21
**April [2]** 11/24 13/17
**April 6th [1]** 11/24
**are [2]** 6/15 7/17
**area [1]** 5/25
**argue [1]** 3/23
**argument [3]** 5/23 6/1 17/13
**arguments [3]** 8/8 8/9 12/16
**as [24]**
**ask [4]** 7/3 8/22 18/13 19/10
**asked [2]** 5/17 8/1
**asking [1]** 18/23
**aspect [1]** 7/3
**assertions [1]** 16/1
**ASSISTANT [1]** 2/4
**assumed [1]** 19/23
**at [15]** 2/8 2/12 4/21 5/16 7/2 8/13 8/15 10/21 13/17 15/3 15/20 16/2 17/13 20/7 21/3
**ATTORNEY [3]** 2/2 2/8 2/12
**attorneys [2]** 2/4 9/6
**August [1]** 12/4
**August 1st [1]** 12/4
**automatically [1]** 18/17
**Avenida [1]** 2/9

**B**

**Baca [18]** 5/22 6/5 6/8 9/13 9/13 9/23 10/2 10/3 10/5 13/7 13/8 13/15 13/16 13/21 13/24 14/3 14/11 14/12
**Baca's [6]** 9/15 13/9 13/14 14/5 14/14 14/25
**bail [6]** 1/19 4/17 6/10 6/18 7/1 18/6
**based [4]** 7/25 11/16 19/16 19/23
**basis [2]** 7/18 8/22
**be [22]**
**bearing [1]** 17/18
**because [5]** 4/11 4/19 5/10 8/8 9/21
**been [11]** 5/22 6/8 7/1 9/8 9/14 9/17 10/5 10/5 14/10 15/3 18/18
**before [3]** 6/25 11/7 18/20
**behalf [2]** 3/7 3/10
**being [3]** 5/21 6/14 8/4
**belabor [1]** 17/10
**believe [11]** 3/16 4/13 4/15 4/18 5/5 9/20 9/22 10/7 12/25 18/19 20/1
**believed [1]** 14/21
**believes [1]** 18/2
**belonged [1]** 17/9
**best [1]** 10/21
**bind [1]** 19/21
**bond [3]** 3/14 7/4 12/5
**bore [1]** 15/14
**both [4]** 3/17 6/9 15/16 16/4
**Boulevard [1]** 2/13
**BRANDON [2]** 2/3 3/6
**Brandon Fox [1]** 3/6
**brandon.fox [1]** 2/6
**brief [2]** 6/21 17/14
**briefed [2]** 8/19 9/14
**briefly [1]** 10/10
**briefs [1]** 6/24

## B

**bring [1]** 19/8
**broach [1]** 18/10
**Building [2]** 1/22 20/22
**burden [3]** 11/11 15/14 18/4
**Bureau [1]** 20/21
**but [14]** 3/23 4/6 5/7 5/13 5/25 6/24 10/13 13/1 17/10 17/24 18/22 19/21 19/24 20/19

## C

**CA [2]** 1/23 3/1
**calendar [1]** 3/3
**CALIFORNIA [6]** 1/2 1/15 2/5 2/10 2/14 20/16
**called [1]** 15/6
**calling [2]** 3/3 16/17
**came [1]** 5/8
**can [2]** 5/15 8/9
**care [1]** 5/21
**careful [1]** 8/20
**case [17]** 4/24 4/25 5/3 5/20 7/18 7/20 7/21 8/5 8/6 10/19 11/6 11/24 12/11 13/1 13/2 19/19 19/24
**cases [1]** 11/5
**cause [2]** 9/23 14/3
**caused [1]** 13/21
**CENTRAL [1]** 1/2
**certain [1]** 13/16
**certainly [3]** 3/22 5/11 8/7
**CERTIFICATE [1]** 21/7
**certify [1]** 21/9
**challenge [1]** 12/21
**challenged [1]** 19/7
**Chambers [1]** 6/12
**change [1]** 18/19
**character [1]** 17/3
**Charles [1]** 4/5
**Christmas [1]** 6/25
**Christopher [1]** 16/25
**circuit [13]** 5/7 5/19 6/4 6/6 7/21 9/21 11/20 13/3 14/22 18/11 18/16 18/18 20/17
**Circuit's [2]** 7/14 12/22
**cited [1]** 6/12
**civil [3]** 16/6 16/22 17/6
**claimed [2]** 8/11 15/16
**claims [1]** 15/4
**clear [1]** 11/12
**Clemente [1]** 2/10
**clerk [1]** 19/12
**clique [3]** 12/14 15/6 16/2
**closing [2]** 8/9 17/13
**CM [1]** 1/21
**coconspirators [1]** 16/9
**Code [2]** 11/10 21/10
**Colorado [2]** 20/15 20/16
**combativeness [1]** 17/25
**combined [1]** 4/15
**come [2]** 8/20 9/17
**commitment [1]** 16/17
**committed [2]** 15/17 15/21
**community [1]** 11/14
**compel [1]** 13/6
**concluded [1]** 21/3
**concludes [1]** 12/17
**conduct [2]** 5/11 5/23

**Conference [1]** 21/15
**conferred [1]** 19/12
**conferring [1]** 20/11
**conformance [1]** 21/14
**consider [4]** 17/17 18/8 18/13 18/24
**consideration [1]** 19/18
**conspiracy [2]** 12/1 16/23
**constitutional [1]** 6/13
**content [1]** 17/23
**continue [3]** 6/19 7/3 20/2
**continued [2]** 12/6 20/7
**contradicted [6]** 9/16 10/2 13/25 14/6 14/11 16/1
**conviction [3]** 12/19 17/22 18/5
**convincing [1]** 11/12
**core [3]** 15/20 15/22 16/13
**correct [2]** 7/12 21/11
**corrupt [1]** 8/13
**could [6]** 3/25 5/11 7/10 7/13 15/1 17/21
**counsel [7]** 3/5 4/5 10/12 12/16 19/10 19/21 20/11
**County [1]** 15/22
**course [5]** 4/8 6/11 7/17 10/6 19/21
**court [22]**
**Court's [3]** 12/9 12/21 14/8
**Courthouse [1]** 2/4
**courtroom [1]** 3/12
**CR [2]** 1/8 3/4
**CR 15-255 [1]** 3/4
**credibility [2]** 15/12 17/19
**criminal [2]** 12/11 14/18
**critical [3]** 5/4 5/4 6/13
**criticized [1]** 10/23
**criticizing [1]** 10/13
**cross [3]** 12/13 15/5 16/6
**cross-examination [1]** 12/13
**cross-examine [1]** 15/5
**CRR [1]** 1/21
**CRR-CM [1]** 1/21
**CSR [3]** 1/21 21/9 21/23
**cumulative [2]** 13/13 18/2
**CUNEO [4]** 1/21 21/9 21/22 21/23

## D

**danger [1]** 11/13
**dangerous [1]** 10/21
**date [9]** 12/4 12/6 18/7 18/9 19/4 20/1 20/2 20/7 21/17
**day [2]** 18/14 19/6
**days [1]** 18/24
**de [3]** 4/19 6/11 9/19
**DEAN [2]** 2/8 3/9
**Dean Steward [1]** 3/9
**deansteward [1]** 2/11
**debatable [8]** 3/24 4/7 4/16 6/18 7/14 10/9 11/21 17/21
**decide [2]** 5/17 8/1
**decision [2]** 4/21 10/12
**DECKER [1]** 2/2
**declarant [3]** 14/17 14/18 14/23
**declarant's [1]** 14/19
**deemed [1]** 15/2
**defendant [22]**
**defendant's [15]** 12/6 12/13 12/19 12/20 13/12 15/11 15/13 15/25 16/10 17/10 17/18 17/22 17/24 18/17 20/6
**defendants [2]** 5/2 7/23

**defense [11]** 4/20 6/8 6/14 9/6 9/15 10/8 16/25 13/19 14/5 20/11 20/12
**defense's [1]** 12/24
**defined [1]** 11/20
**definition [1]** 6/18
**deliberating [1]** 11/25
**demeanor [1]** 17/25
**demonstrating [1]** 17/3
**denial [1]** 12/9
**denied [4]** 8/4 14/1 14/12 18/6
**department's [2]** 15/22 16/13
**deputies [4]** 15/10 16/5 16/8 16/15
**deputy [4]** 12/14 15/6 15/7 15/20
**described [2]** 10/15 10/15
**designated [1]** 20/20
**designation [1]** 20/14
**despite [1]** 12/23
**determination [1]** 11/3
**did [12]** 8/13 9/2 9/23 13/5 13/18 13/20 14/3 17/2 17/4 17/10 19/4 19/14
**didn't [1]** 8/11
**different [1]** 4/24
**dignity [1]** 15/24
**direct [3]** 8/24 15/8 15/16
**directly [4]** 10/2 13/24 14/6 16/16
**disagree [1]** 9/19
**discretion [6]** 4/9 8/21 9/20 9/22 13/5 13/19
**discussed [1]** 7/8
**discussing [1]** 20/13
**discussion [1]** 20/17
**dispute [2]** 8/25 9/2
**distinguish [1]** 12/24
**distorted [2]** 13/25 14/12
**distorting [2]** 9/25 13/23
**DISTRICT [2]** 1/1 1/2
**DIVISION [1]** 1/3
**do [2]** 4/6 5/9
**does [3]** 3/19 5/13 20/19
**doing [2]** 15/19 16/18
**don't [5]** 8/5 10/7 17/12 19/21 20/17
**door [3]** 8/23 9/10 17/2
**doubtful [1]** 11/21
**down [1]** 10/18
**dual [8]** 4/24 6/2 7/16 8/5 8/10 10/13 12/11 12/21
**due [3]** 6/21 14/1 14/13
**duties [1]** 15/23

## E

**each [1]** 6/17
**East [1]** 1/22
**EDDIE [2]** 2/3 3/7
**Eddie Jauregui [1]** 3/7
**eddie.jauregui [1]** 2/6
**effect [1]** 9/12
**efforts [1]** 12/24
**EILEEN [1]** 2/2
**either [4]** 3/19 13/20 20/19 20/20
**elicited [1]** 16/20
**else [2]** 20/9 20/12
**emblem [1]** 9/3
**enough [1]** 20/4
**ensure [1]** 16/19
**entered [1]** 3/12
**entitled [1]** 21/13
**erred [1]** 15/4
**error [7]** 7/24 8/8 8/17 10/20 13/4

**E**

**error... [2]** 13/13 18/3
**especially [1]** 7/14
**establish [1]** 15/13
**evasiveness [1]** 17/24
**even [1]** 11/6
**evidence [6]** 11/12 12/12 13/19 15/11 16/8 17/2
**evidentiary [2]** 4/14 6/13
**exact [2]** 5/15 8/16
**examination [4]** 8/24 12/13 15/8 15/16
**examine [1]** 15/5
**exception [3]** 8/12 13/10 14/16
**exculpatory [1]** 6/9
**exhibits [1]** 12/15
**expect [1]** 6/21
**explain [1]** 9/15
**extend [1]** 19/3
**extending [1]** 18/9
**extends [1]** 18/17
**extension [1]** 18/14
**extent [1]** 5/1
**extra [1]** 18/24

**F**

**facing [1]** 12/10
**fact [9]** 9/25 11/15 11/18 12/18 13/23 13/25 14/12 17/12 18/5
**fact-finding [4]** 9/25 13/23 13/25 14/12
**facts [3]** 7/17 7/25 13/1
**factual [2]** 7/18 11/2
**fails [1]** 12/17
**failure [1]** 14/11
**fair [2]** 14/2 14/13
**fairly [5]** 7/13 10/9 11/21 11/21 17/21
**faith [1]** 8/22
**far [1]** 8/9
**FBI's [1]** 15/20
**fea.net [1]** 2/11
**Federal [2]** 1/22 20/22
**Fernandez [1]** 10/15
**few [2]** 5/10 10/4
**fifth [3]** 9/24 13/21 14/4
**figure [1]** 20/15
**file [3]** 6/21 18/16 18/23
**filed [5]** 3/14 3/15 3/17 12/5 19/24
**final [2]** 4/4 10/3
**finally [4]** 9/10 9/13 13/11 17/16
**find [1]** 9/21
**finding [6]** 9/22 9/25 11/23 13/23 13/25 14/12
**findings [2]** 9/8 16/22
**finds [3]** 12/20 13/18 18/3
**fine [1]** 19/25
**first [3]** 7/17 8/13 12/20
**five [3]** 6/16 18/14 18/24
**five-day [1]** 18/14
**flee [1]** 11/13
**following [2]** 12/3 16/17
**foreclosed [1]** 12/22
**foregoing [1]** 21/11
**format [1]** 21/13
**formulation [1]** 10/20
**forward [1]** 9/18
**found [5]** 7/21 7/23 7/25 11/25 13/3
**four [1]** 6/15

**FOX [2]** 2/3 3/6
**free [1]** 8/25
**Friday [2]** 18/10 19/5
**frivolous [1]** 11/23
**fully [1]** 6/21
**fundamentally [1]** 14/2
**Further [1]** 10/18

**G**

**gang [5]** 4/12 9/1 9/3 9/4 17/5
**gave [1]** 8/16
**general [1]** 16/22
**generally [1]** 17/6
**give [1]** 20/3
**given [4]** 7/2 7/2 13/1 20/16
**gives [2]** 4/14 18/22
**giving [1]** 12/11
**gmail.com [1]** 1/24
**go [1]** 10/16
**going [7]** 8/7 8/12 8/17 8/17 9/19 9/21 18/12
**good [4]** 3/6 3/8 3/13 8/22
**good-faith [1]** 8/22
**got [1]** 3/24
**government [21]** 4/25 5/3 6/23 8/22 9/6 9/23 10/1 11/1 12/25 13/8 13/24 14/3 14/7 15/5 15/14 16/19 16/20 17/4 17/8 19/1 20/9
**government's [4]** 3/16 5/23 12/13 17/13
**Grand [1]** 12/9
**granted [2]** 10/1 13/23
**Greg [1]** 16/24
**guess [1]** 6/24
**guilty [1]** 12/1

**H**

**had [8]** 4/25 5/9 8/22 10/5 10/16 15/19 16/14 19/23
**HAIG [3]** 2/12 3/10 3/12
**Handy [2]** 3/25 6/18
**happened [1]** 5/20
**hard [1]** 11/1
**harmless [2]** 8/8 8/18
**has [14]** 3/14 3/18 4/5 7/1 11/11 11/17 11/20 12/25 13/7 14/5 14/22 18/3 18/18 19/18
**Hatter's [1]** 9/8
**have [22]**
**Hawthorne [1]** 2/13
**he [20]** 7/9 7/9 8/11 8/13 8/25 9/3 9/3 9/10 13/17 15/17 15/19 15/21 16/2 16/3 16/5 16/12 16/14 17/1 19/14 20/19
**he's [1]** 11/12
**heard [1]** 3/19
**hearing [1]** 6/10
**hearsay [2]** 13/10 14/15
**held [2]** 14/22 21/12
**here [7]** 3/23 6/4 7/14 8/6 8/17 10/9 11/16
**hereby [1]** 21/9
**high [1]** 4/9
**higher [1]** 7/12
**highly [1]** 5/7
**him [4]** 7/3 15/5 16/16 19/10
**himself [1]** 15/9
**his [32]**

**hitting [1]** 11/1
**honestly [1]** 20/17
**Honor [25]**
**HONORABLE [2]** 1/4 21/2
**honorably [1]** 15/23
**hope [1]** 3/23
**hostility [1]** 17/25
**hours [2]** 11/25 18/22
**how [3]** 9/15 10/4 14/5
**however [2]** 4/11 16/1
**huh [1]** 3/21

**I**

**I'd [1]** 18/13
**I'll [3]** 7/7 10/3 19/3
**I'm [3]** 3/22 19/6 20/19
**identical [3]** 7/18 7/19 7/19
**if [9]** 3/20 4/2 4/6 4/13 5/15 8/15 8/17 10/10 17/18
**immunity [4]** 10/1 13/16 13/23 14/9
**immunize [3]** 10/5 13/8 14/11
**immunized [3]** 9/14 9/17 14/6
**impeaching [1]** 16/16
**impeachment [1]** 13/12
**importance [2]** 4/14 10/25
**inappropriate [1]** 10/17
**inasmuch [1]** 13/7
**incidental [2]** 7/24 10/20
**including [1]** 12/15
**incriminating [1]** 14/24
**incrimination [3]** 9/24 13/22 14/4
**inculpate [1]** 14/23
**inculpatory [1]** 15/1
**Indeed [1]** 17/1
**indicated [1]** 19/18
**Indictment [1]** 12/10
**individuals [1]** 16/11
**infelicitous [1]** 10/16
**inferences [1]** 4/12
**Inglewood [1]** 20/14
**initial [3]** 3/15 3/16 19/14
**initially [1]** 17/15
**inmate [1]** 11/3
**instances [1]** 5/11
**instead [1]** 15/21
**institution [1]** 20/20
**instructed [1]** 17/16
**instruction [7]** 4/18 4/20 7/17 10/13 12/11 12/21 17/20
**intent [13]** 4/24 5/4 5/7 5/9 8/13 11/1 11/1 11/1 15/12 15/13 15/14 16/4 17/18
**intentionally [2]** 9/23 13/21
**intents [1]** 6/2
**interest [1]** 15/1
**investigation [1]** 15/21
**invited [1]** 9/15
**invoke [3]** 9/24 13/21 14/3
**involved [2]** 8/4 15/7
**involving [1]** 13/14
**is [53]**
**issue [21]** 4/18 4/22 4/23 5/4 5/17 6/3 6/13 6/13 7/9 8/1 8/6 8/19 9/10 9/13 11/16 12/24 13/2 13/14 17/21 18/4 18/18
**issues [11]** 3/23 3/24 4/3 4/4 4/7 4/14 6/15 6/16 7/8 9/1 19/13
**it [39]**

**I**

it's [7]  4/23 6/12 6/13 7/11 8/17 10/24 18/21
Item [1]  3/3
Item No. 2 [1]  3/3
its [5]  9/6 10/21 13/5 13/18 17/17

**J**

JAUREGUI [2]  2/3 3/7
jerome [3]  2/12 2/15 3/10
Jerome Haig [1]  3/10
jeromehaiglaw.com [1]  2/15
JUDGE [3]  1/4 9/8 10/15
Judge Hatter's [1]  9/8
Judicial [1]  21/14
July [1]  12/4
July 8th [1]  12/4
jury [8]  4/18 5/17 7/25 11/24 12/9 12/21 15/9 17/16
just [5]  4/2 7/8 7/16 8/11 19/16
justice [4]  12/1 12/2 15/15 16/11

**K**

knew [1]  5/3
know [1]  8/11
knowing [2]  15/18 15/18
knowledge [2]  16/21 16/23
known [2]  12/14 16/6

**L**

laid [1]  6/9
language [6]  5/15 7/22 9/7 10/13 10/24 11/6
last [2]  3/17 18/20
later [1]  5/8
law [9]  2/8 2/12 11/15 11/18 12/18 16/15 16/18 17/3 18/4
lawlessness [1]  17/7
laws [1]  15/18
lead [2]  10/20 17/22
legal [1]  7/2
Leroy [1]  5/22
less [1]  11/25
lesser [2]  5/1 5/22
let [4]  5/15 7/16 14/11 19/8
liability [1]  14/19
light [1]  7/14
like [2]  6/12 19/6
likelihood [1]  16/5
likely [5]  7/11 10/8 11/13 11/15 11/18
limited [2]  13/11 16/21
limiting [1]  17/20
line [1]  16/6
lines [1]  15/18
list [1]  4/4
look [2]  8/15 10/16
Los [5]  1/15 1/23 2/5 3/1 15/22
Los Angeles [1]  15/22

**M**

made [4]  13/7 13/17 14/20 17/8
make [2]  13/20 19/16
makes [1]  10/20
many [1]  9/15
Manzo [2]  14/9 14/10
Manzo's [1]  9/16
marshals [1]  20/21
material [5]  4/8 4/11 4/15 5/6 5/8

**matter** [1]  21/13
matters [1]  20/18
may [7]  3/20 4/2 9/8 10/10 10/20 18/10 19/9
me [3]  5/15 7/16 19/8
measure [1]  7/23
members [3]  16/9 16/23 16/24
membership [2]  12/13 16/21
merely [1]  10/19
Mickey [1]  14/8
mildly [1]  10/12
mine [1]  4/13
mine-run [1]  4/13
Miramar [1]  2/9
misconduct [2]  15/7 15/10
Mississippi [1]  6/12
moment [2]  4/2 19/9
Monday [1]  18/10
months [1]  10/4
more [5]  10/19 11/7 11/22 13/1 13/2
moreover [4]  13/9 14/13 16/19 17/4
motion [12]  1/19 3/14 3/15 12/5 12/9 12/17 18/6 18/16 18/23 19/14 19/15 19/19
moving [2]  6/25 11/3
Mr [3]  3/12 3/12 10/5
Mr. [27]
Mr. Baca [9]  9/13 9/23 10/3 13/7 13/8 13/15 13/16 14/11 14/12
Mr. Baca's [5]  9/15 13/9 13/14 14/14 14/25
Mr. Manzo's [1]  9/16
Mr. Steward [4]  7/8 8/16 9/1 19/18
Mr. Tanaka [7]  3/10 7/1 8/3 8/11 9/2 11/2 19/14
Mr. Tanaka's [1]  5/3
much [5]  6/11 8/6 9/7 17/23 20/25
must [2]  14/23 14/23
my [6]  6/24 8/3 9/2 11/16 18/15 18/21

**N**

namely [2]  12/12 16/24
narrowly [1]  9/9
nature [1]  4/11
Nazi [1]  17/5
necessary [1]  11/23
Nee [1]  16/25
needs [1]  20/20
neo [1]  17/5
neo-Nazi [1]  17/5
never [3]  9/17 13/7 14/5
new [1]  11/15
next [2]  18/10 19/5
Ninth [12]  5/6 6/4 6/6 7/14 7/21 9/21 11/20 12/22 13/3 14/22 18/11 20/17
no [12]  1/8 5/10 8/8 13/13 14/10 15/19 16/14 16/20 17/19 17/19 18/2 21/23
No. [1]  3/3
non [1]  17/3
non-law-abiding [1]  17/3
none [3]  14/14 14/25 19/2
not [30]
note [1]  10/3
nothing [4]  7/13 10/8 14/3 20/9
novo [3]  4/19 6/11 9/19
now [1]  3/11

**O**

o'clock [2]  20/3 20/22
obey [1]  5/21
objection [2]  17/20 19/1
obligated [1]  13/8
obstruct [3]  12/1 15/14 16/11
obstruction [1]  12/1
obstructive [1]  5/23
October [5]  12/7 18/7 19/6 20/1 20/7
October 3rd [2]  12/7 18/7
October 6 [1]  19/6
office [1]  20/21
Official [2]  1/21 21/23
Okay [3]  18/25 20/6 20/23
on [29]
once [2]  3/25 17/14
one [8]  5/17 6/17 8/1 9/1 11/21 11/22 13/3 19/9
only [5]  11/16 14/9 16/20 17/14 20/13
oOo [2]  3/2 21/5
open [1]  17/25
opened [3]  8/23 9/10 17/2
opening [1]  15/17
opinion [7]  4/21 5/14 5/16 5/16 7/15 12/22 19/17
opposed [1]  11/2
opposition [1]  3/16
or [20]  3/17 4/19 5/10 9/16 9/25 11/13 11/15 11/15 11/17 11/18 11/21 12/18 13/6 13/23 15/1 15/10 18/5 18/20 20/16 20/21
order [1]  13/15
orders [1]  5/21
organization [2]  17/5 17/9
other [8]  4/12 5/18 6/3 8/2 11/22 16/8 16/23 17/19
others [3]  4/6 6/3 16/7
our [15]  3/24 4/12 4/24 5/19 6/4 6/6 6/7 6/10 6/16 6/16 6/20 6/20 10/21 11/6 20/16
out [6]  4/13 5/15 5/25 6/9 12/25 14/17
out-of-court [1]  14/17
outweighed [1]  9/11
overturning [1]  17/22

**P**

p.m [6]  1/17 3/1 20/8 20/15 20/16 21/3
PA [2]  1/8 3/4
Pacific [1]  20/22
page [3]  4/21 5/16 21/13
panel [1]  10/18
papers [7]  3/24 4/13 6/4 6/10 6/16 6/20 11/17
paragraph [2]  5/5 10/18
particular [1]  10/24
particularly [1]  10/25
parties' [1]  11/17
past [1]  10/4
PAT [4]  1/21 21/9 21/22 21/23
patcuneo1600 [1]  1/24
PAUL [2]  1/9 3/4
Paul Tanaka [1]  3/4
people [1]  15/24
PERCY [1]  1/4
performing [1]  15/23
period [3]  6/23 7/1 18/9
person [2]  14/19 14/21

## P

**place [2]** 18/7 20/14
**Plaintiff [2]** 1/7 2/2
**point [4]** 5/11 7/2 8/14 17/8
**pointed [1]** 12/25
**portion [1]** 6/7
**portrayed [1]** 15/9
**pose [1]** 11/13
**position [4]** 5/19 6/6 11/6 14/20
**practical [1]** 7/3
**precisely [1]** 5/20
**prejudice [2]** 12/12 16/20
**prejudicial [4]** 5/7 9/7 9/12 10/4
**prepare [1]** 18/22
**present [1]** 6/14
**presented [5]** 4/3 4/20 5/1 6/3 6/16
**presenting [1]** 6/4
**PRESIDING [1]** 1/4
**prior [1]** 13/15
**Prisons [1]** 20/21
**probably [3]** 7/19 13/1 13/2
**probative [3]** 9/11 15/12 16/10
**problem [2]** 16/5 17/23
**proceedings [3]** 1/14 21/3 21/12
**process [6]** 9/25 13/23 13/25 14/1 14/12 14/13
**professed [1]** 17/10
**properly [1]** 13/11
**prophylactic [1]** 7/23
**prosecution [2]** 10/6 13/20
**protect [2]** 7/23 16/5
**provides [1]** 14/16
**proving [2]** 11/12 15/14
**pull [1]** 5/15
**purpose [13]** 5/18 5/21 5/22 7/16 8/1 8/5 8/10 9/25 10/13 12/11 12/21 13/22 17/19
**purposes [3]** 7/19 19/17 19/21
**pursuant [1]** 21/10
**put [3]** 4/12 6/20 7/22
**puts [1]** 5/13

## Q

**question [10]** 4/19 7/9 10/8 11/14 11/18 11/21 12/18 16/17 17/18 19/10
**questioning [1]** 17/24
**questions [4]** 8/23 9/7 9/9 18/1
**quote [1]** 8/15

## R

**raise [2]** 12/17 19/15
**raised [5]** 3/25 9/1 11/17 17/20 19/14
**raises [2]** 11/14 12/24
**raising [1]** 18/4
**rather [2]** 3/23 10/21
**reason [2]** 5/9 8/16
**reasonable [1]** 14/19
**recall [1]** 9/5
**received [2]** 12/3 14/9
**recollection [3]** 8/3 9/2 14/8
**record [1]** 12/15
**refer [1]** 17/4
**reference [1]** 17/14
**referred [3]** 17/6 17/11 17/12
**refusing [2]** 13/6 13/19
**regarding [1]** 16/21
**regulations [1]** 21/14
**related [2]** 12/23 17/17

**relevant [3]** 16/4 16/4 16/16
**remains [1]** 18/7
**remember [1]** 8/9
**remove [1]** 9/7
**repeatedly [3]** 15/8 17/1 17/11
**report [1]** 20/20
**reported [1]** 21/12
**Reporter [2]** 1/21 21/23
**REPORTER'S [1]** 1/14
**resolved [1]** 18/18
**respect [2]** 13/14 15/23
**respond [2]** 6/24 10/11
**result [9]** 4/1 7/10 7/11 7/13 10/8 11/15 11/18 12/18 18/5
**reversal [10]** 4/1 7/10 7/11 7/13 8/17 10/8 11/15 11/19 12/18 18/5
**reversible [1]** 13/4
**review [3]** 4/3 11/16 12/8
**reviewed [2]** 3/15 3/18
**reviewing [1]** 12/15
**right [15]** 3/11 5/13 7/6 9/24 10/24 11/9 13/22 14/4 15/18 15/19 16/18 19/3 19/23 20/1 20/25
**rights [5]** 14/1 14/13 16/7 16/22 17/6
**rise [1]** 21/1
**Room [1]** 1/23
**Roybal [2]** 1/22 20/21
**rule [2]** 14/16 18/19
**Rule 803 [1]** 14/16
**rules [2]** 13/10 14/15
**run [1]** 4/13

## S

**safety [1]** 11/13
**said [5]** 7/9 7/10 9/3 9/4 10/14
**same [4]** 5/8 8/15 10/18 12/24
**San [1]** 2/10
**satisfied [1]** 18/4
**Section [2]** 11/11 21/10
**Section 3143 [1]** 11/11
**see [1]** 5/15
**seeks [1]** 12/8
**seen [1]** 10/4
**self [12]** 9/24 12/4 12/6 13/22 14/4 14/24 15/1 18/7 18/17 19/4 20/2 20/7
**self-incriminating [1]** 14/24
**self-incrimination [3]** 9/24 13/22 14/4
**self-interest [1]** 15/1
**self-surrender [7]** 12/4 12/6 18/7 18/17 19/4 20/2 20/7
**sentencing [1]** 12/3
**September [3]** 1/17 3/1 21/17
**sergeant [1]** 16/2
**sets [1]** 11/5
**several [1]** 4/5
**Sevilla [1]** 4/5
**sheriff's [2]** 15/22 16/13
**short [1]** 18/9
**should [6]** 3/10 4/16 6/19 9/13 15/2 17/17
**showed [1]** 16/8
**showing [3]** 13/7 13/20 14/10
**shown [2]** 3/24 14/5
**side [1]** 3/19
**sides [1]** 3/17
**significant [2]** 4/23 6/7
**simply [2]** 6/12 8/11
**slight [1]** 7/24

**slip [2]** 4/21 5/16
**Smith [15]** 4/21 4/25 4/25 5/14 5/16 5/25 7/15 7/20 8/6 10/12 11/2 11/6 12/23 13/2 19/16
**so [16]** 3/17 6/15 6/25 7/12 7/16 8/4 9/9 10/7 11/1 12/12 13/25 15/2 17/23 18/10 20/2 20/6
**solidly [1]** 14/23
**some [4]** 5/12 7/1 18/13 19/13
**something [1]** 19/6
**soon [1]** 18/15
**sort [1]** 4/16
**sorts [1]** 11/4
**sought [1]** 13/15
**Spring [1]** 2/5
**standard [12]** 3/25 4/9 4/9 4/19 6/11 7/2 7/11 7/12 7/12 8/21 9/20 9/21
**standards [1]** 4/3
**standing [1]** 6/17
**state [1]** 3/5
**stated [1]** 16/17
**statement [2]** 14/10 15/17
**statements [15]** 5/2 5/12 5/24 6/5 6/8 13/6 13/9 13/17 14/14 14/17 14/18 14/20 14/22 14/25 15/2
**states [12]** 1/1 1/6 2/2 2/4 2/4 3/4 3/7 11/10 11/11 12/22 21/10 21/15
**stenographically [1]** 21/12
**steps [1]** 16/19
**STEWARD [6]** 2/8 3/9 7/8 8/16 9/1 19/18
**still [1]** 18/22
**Street [2]** 1/22 2/5
**strong [3]** 5/18 5/20 8/2
**strongly [2]** 10/23 11/7
**subject [1]** 14/18
**subjects [1]** 18/11
**submitted [1]** 6/24
**substance [1]** 11/22
**substantial [8]** 4/16 7/9 10/7 11/14 11/18 11/20 12/17 18/4
**substantially [1]** 9/11
**such [1]** 14/22
**sufficiently [1]** 6/18
**suggest [5]** 5/6 5/6 6/1 10/23 11/5
**suggestion [1]** 6/17
**Suite [2]** 2/9 2/13
**supervisor [2]** 15/9 16/14
**supplement [2]** 3/17 19/24
**supplemental [1]** 19/15
**supports [2]** 6/1 11/6
**supremacist [1]** 17/5
**sure [2]** 19/16 20/19
**surrender [8]** 12/4 12/6 18/7 18/9 18/17 19/4 20/2 20/7

## T

**tailored [2]** 9/6 9/9
**take [3]** 5/21 7/16 18/13
**takes [2]** 4/13 5/25
**talk [2]** 4/2 4/22
**talking [3]** 4/24 5/14 5/16
**talks [2]** 10/12 10/19
**TANAKA [12]** 1/9 3/4 3/10 3/12 5/20 7/1 8/3 8/11 9/2 10/25 11/2 19/14
**Tanaka's [1]** 5/3
**tattoo [1]** 17/14
**Temple [1]** 1/22

**T**
tend [1] 14/18
tender [1] 6/7
testified [1] 16/4
testify [1] 13/16
testifying [1] 17/1
testimony [10] 9/16 9/16 12/10 13/6 14/5 16/12 16/12 16/21 17/11 17/17
than [6] 4/24 7/13 10/19 11/7 11/25 13/2
Thank [5] 7/5 11/8 20/5 20/24 20/25
that [118]
that's [10] 4/4 5/19 7/10 8/16 9/1 10/14 19/19 19/20 19/25 20/15
their [1] 6/23
then [1] 6/10
theory [1] 4/20
there [14] 5/10 6/11 8/8 8/16 9/8 10/7 13/13 14/9 16/20 17/13 17/19 18/2 18/19 19/13
There's [1] 7/13
Thereafter [1] 12/5
these [7] 4/6 6/17 7/25 8/22 9/9 18/10 19/17
they [15] 3/10 4/22 4/25 5/5 5/9 5/11 7/23 7/25 9/3 10/14 10/15 10/23 14/23 15/2 19/17
they're [1] 5/14
they've [1] 9/17
thing [4] 4/16 5/9 10/3 20/13
things [4] 4/12 11/4 15/19 16/18
think [10] 4/6 4/23 6/20 7/12 7/22 8/5 8/7 17/12 18/19 20/17
this [20] 6/9 7/2 7/18 7/19 8/4 8/5 8/7 8/19 9/14 9/19 9/20 11/6 11/24 13/1 13/3 13/19 16/2 17/21 19/19 21/2
Thompson [1] 16/24
those [9] 6/9 6/15 7/7 11/4 15/1 16/1 16/10 18/1 19/18
threatening [1] 11/4
three [3] 6/21 7/7 11/25
through [1] 16/3
thus [1] 10/21
time [11] 6/22 6/23 7/2 16/2 16/3 18/9 18/13 20/4 20/16 20/16 20/22
times [1] 9/15
Title [2] 11/10 21/10
today [1] 19/22
tolerance [3] 15/10 15/19 16/14
took [1] 16/19
Torrance [1] 2/14
transcript [4] 1/14 18/12 21/11 21/13
transcripts [1] 12/16
trial [7] 11/15 12/16 13/15 13/17 14/2 14/13 15/3
trick [1] 4/6
true [3] 14/21 19/20 21/11
truly [1] 14/24
trustworthy [1] 15/2
trying [1] 20/15
two [2] 8/13 11/5
type [1] 17/5
types [1] 15/20

**U**
Uh [1] 3/21
Uh-huh [1] 3/21
unavailable [1] 14/17
under [5] 3/25 6/18 11/10 13/9 14/14
undermined [1] 13/12
undersheriff [1] 16/3
understand [1] 4/10
understanding [2] 18/15 18/21
Understood [1] 20/23
undue [1] 16/20
unfortunate [1] 10/17
UNITED [11] 1/1 1/6 2/2 2/4 2/4 3/4 3/7 11/10 12/22 21/10 21/15
unless [1] 14/20
until [1] 18/17
up [2] 10/16 19/8
us [3] 5/13 5/25 18/22
usdoj.gov [2] 2/6 2/6
use [1] 10/21
using [2] 7/24 10/22

**V**
value [1] 9/11
values [3] 15/22 16/14 17/10
very [9] 4/9 5/10 5/10 5/18 5/18 8/2 8/2 10/10 20/25
Viking [2] 5/8 17/11
Vikings [12] 4/8 8/19 8/25 12/14 13/12 15/6 15/12 15/25 16/9 16/24 17/12 17/17
Vikings-related [1] 17/17
violate [1] 16/6
violated [1] 16/15
violations [2] 16/22 17/6
virtually [1] 5/10

**W**
walking [1] 3/10
want [2] 19/4 19/10
wanted [2] 16/5 19/16
was [51]
way [3] 15/19 16/18 17/1
we [27]
we'd [1] 7/3
we're [2] 18/12 18/23
we've [4] 3/24 3/24 9/14 10/4
weak [2] 5/18 8/2
Wednesday [2] 1/17 3/1
week [3] 3/17 18/10 19/5
weeks [2] 6/21 8/13
well [4] 3/18 10/20 18/15 18/21
went [3] 5/7 5/9 17/9
were [14] 6/7 8/25 9/3 13/9 14/14 14/25 16/6 16/8 16/9 16/23 19/17 20/13 20/15 21/3
WESTERN [1] 1/3
what [7] 5/13 5/20 6/1 7/22 8/12 10/14 19/4
whatsoever [2] 8/4 8/10
wheelhouse [2] 5/14 10/24
when [3] 4/23 5/14 10/25
where [5] 5/17 8/1 8/5 11/2 14/17
whether [6] 4/19 8/25 9/3 9/13 11/17 20/15
which [10] 4/9 5/5 5/6 5/22 10/16 10/16 12/23 13/25 16/9 19/6
while [2] 7/21 16/3
who [9] 11/3 11/3 11/4 14/6 14/9 16/6 16/8 16/15 16/23
whom [2] 10/1 13/24

**why [2]** 5/5 8/16
will [12] 4/6 4/14 5/6 5/19 6/1 6/6 6/23 6/24 9/20 18/13 20/2
wish [1] 3/19
witness [5] 9/17 10/1 13/24 14/6 14/9
word [1] 7/24
words [1] 11/22
working [1] 9/5
would [18] 5/4 5/22 6/8 8/21 9/16 10/2 10/4 10/6 11/22 12/18 13/24 14/6 14/10 14/20 18/5 18/8 18/23 19/6
wrong [1] 15/18
www.patcuneo.com [1] 1/25

**Y**
year [2] 18/20 18/20
Yes [3] 3/20 19/11 20/5
you [12] 4/6 4/13 7/5 8/15 9/22 11/8 18/16 19/4 20/3 20/5 20/24 20/25
you'll [1] 9/5
you're [1] 4/23
your [29]

**Z**
zero [1] 15/9