**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No.   16-50233 |
| **Plaintiff-Appellee,** | D.C. No. 2:15-cr-00255-PA-1 |
| **v.** | |
| **PAUL TANAKA,** | MEMORANDUM[*] |
| **Defendant-Appellant.** | |

**Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding**

**Argued and Submitted August 7, 2017
Pasadena, California**

**Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.**

Former Undersheriff Tanaka appeals his convictions for obstruction of

justice and conspiracy to obstruct justice in violation of 18 U.S.C. § 1503(a) and 18

U.S.C. § 371.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

1.      Tanaka argues that the admission of evidence that he was involved in a "deputy clique" or "deputy gang" called the Vikings denied him a fair trial. Shortly after Tanaka was cross-examined about his Vikings affiliation, and again following closing arguments, the district court admonished the jury that it could only consider "[t]he Vikings-related testimony . . . for its bearing, if any, on the question of the defendant's intent and credibility and for no other purpose."

Tanaka objected at trial and now argues on appeal that the Vikings evidence is inadmissible under Federal Rule of Evidence 403 because it is irrelevant and any probative value is substantially outweighed by the risk of unfair prejudice. We reject this argument.

Tanaka's testimony on direct examination clearly opened the door to evidence impeaching his credibility. *See Brown v. United States*, 356 U.S. 148, 154–55 (1958); *United States v. Mendoza-Prado*, 314 F.3d 1099, 1105 (9th Cir. 2002). Tanaka testified extensively about his commitment to upholding the law and the core values of the Los Angeles Sheriff's Department. He emphasized that he "had no tolerance for deputies who wore a badge and violated the law." Evidence of his involvement with the Vikings is relevant to assessing the veracity of these statements.

In his briefs on appeal, Tanaka does not specifically argue that Federal Rule of Evidence 404(b) prohibited the admission of Vikings evidence. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) ("[A]rguments not raised by a party in its opening brief are deemed waived." (citation omitted)).

Tanaka maintains that he was prejudiced by the government's questioning about the Vikings during cross-examination and by its closing argument that began with reference to Tanaka's membership in a "deputy gang." On the basis of the record in this case, the questions were clearly asked in good faith. The prosecutor's reference to the Vikings as a gang in the closing argument, however, was error, although not plain error; nor did it amount to a denial of due process.

Although we find no plain error, we disapprove of the prosecutor's use of the term "deputy gang" to introduce its closing argument, given that Tanaka did not admit that he was a member of a sheriff's gang and the prosecution did not offer admissible evidence that such a gang existed.

2.      Tanaka did not contemporaneously object to the introduction at trial of evidence of historic civil rights abuses in Los Angeles County jails. Nor does he explain how admission of this evidence "affect[ed his] substantial rights" or "seriously affect[ed] the fairness, integrity, or public reputation of judicial

proceedings." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 n.2 (9th Cir. 2010). We therefore cannot find plain error.

3.    Tanaka did not demonstrate that Sheriff Baca's testimony would have "directly contradicted" that of immunized government witness Deputy Mickey Manzo, nor that the denial of immunity would so distort the fact-finding process as to deprive Tanaka of his right to a fair trial. *United States v. Straub*, 538 F.3d 1147, 1156 (9th Cir. 2008).

4.    The dual-purpose jury instruction Tanaka objects to was upheld in *United States v. Smith*, 831 F.3d 1207 (9th Cir. 2016), the case that affirmed the convictions of Tanaka's alleged coconspirators. *Id.* at 1217-19. In *Smith,* this court also affirmed the rejection of instructions nearly identical to the public authority and obstruction instructions that Tanaka now argues he was entitled to. *Id.* at 1219-21. Tanaka cannot meaningfully distinguish his case from our precedent. We find no abuse of discretion.

**AFFIRMED.**

4